FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 18 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY ) | |
| Plaintiff, pro se ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | **1:25-CV-4688** |
| CLAIRE M. HARVEY, ANGELA Z. ) | |
| BROWN, JASON D. MARBUTT; ) | |
| JEFFREY M. GORE, BRANDY J. ) | |
| DASWANI, KIM C. OPPENHEIMER, ) | |
| KESSLER & SOLOMIANY, LLC, ) | |
| STEFANIE S. POTTER, MOLLY Y. ) | |
| TEPLITZKY, GEORGIA DEPARTMENT) | |
| OF HUMAN SERVICES, BRIAN P. ) | |
| KEMP, in his official Capacity as ) | |
| Governor of Georgia ) | |
| ) | |
| Defendants. ) | |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

COMES NOW Plaintiff Matthew Thomas Harvey, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and respectfully moves this Court for a Temporary Restraining Order (TRO) and Preliminary Injunction to:

- Enjoin the enforcement of unconstitutional and void state court orders—including, but not limited to, arrest warrants, contempt judgments, and related punitive enforcement—entered without jurisdiction, valid notice, or adversarial process;

- Prevent coordination among Defendants for retaliatory or collusive purposes during the pendency of this case;

1

- Preserve relevant evidence; and
- Allow Plaintiff to maintain contact with adverse parties where necessary for the prosecution of this action.

In support of this request, Plaintiff shows as follows:

## I. INTRODUCTION

1. Plaintiff has filed a Verified Complaint alleging systemic and ongoing violations of his rights under the U.S. Constitution (First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments), Title II of the Americans with Disabilities Act, and the Georgia Constitution.

2. The challenged state orders—including a June 2022 support order, December 2024 arrest warrant, March 2025 default contempt ruling, and May 2025 incarceration order—were issued:

   a. Without valid service or jurisdiction;

   b. Without adversarial process or factual findings; and

   c. Through retaliatory and collusive use of civil and criminal machinery.

3. Plaintiff faces imminent risk of arrest and incarceration under these void proceedings, without opportunity for meaningful defense. Immediate relief is necessary to prevent irreparable harm and protect this Court's jurisdiction over Plaintiff's federal claims. This harm is further detailed in the sworn Affidavit of Karen Harvey Austin (Exhibit 1), who has personally witnessed the damage to Plaintiff and his minor son, and confirms that

without this Court's intervention, the emotional, familial, and physical consequences will be permanent.

## II. GROUNDS FOR RELIEF

4. **Lack of Jurisdiction:** Orders issued without valid notice or service are void ab initio. See *Durfee v. Duke*, 375 U.S. 106 (1963); *Ex parte Young*, 209 U.S. 123 (1908).

5. **Denial of Due Process:** Plaintiff was denied any meaningful opportunity to contest charges in a constitutionally adequate forum. See *Turner v. Rogers*, 564 U.S. 431 (2011).

6. **Retaliatory and Collusive Conduct:** Defendants coordinated to issue punitive sanctions in response to Plaintiff's protected legal activity, violating core constitutional rights. See Complaint, Counts I, III, V, X, XIII.

7. **Imminent Irreparable Harm:** The risk of unconstitutional arrest, emotional trauma, and reputational harm cannot be undone with post hoc damages. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

8. **Preservation of Evidence:** Without court intervention, there exists a substantial risk of destruction or concealment of material evidence.

9. **Public Interest:** Ensuring the lawful exercise of state power and preventing retaliatory misuse of the judiciary is a compelling public interest. *Mitchum v. Foster*, 407 U.S. 225 (1972).

## III. LEGAL STANDARD

10. To obtain a TRO or preliminary injunction, the movant must show:

3

    a. A likelihood of success on the merits;

    b. Threat of irreparable harm;

    c. The balance of equities favors the movant; and

    d. An injunction would serve the public interest.

See *Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000); *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032 (11th Cir. 2001).

## IV. APPLICATION

11. **Success on the Merits**: Plaintiff has pled specific, credible allegations supported by constitutional law and federal precedent.

12. **Irreparable Harm**: Threats of arrest and criminal sanction are presumptively irreparable. As set forth in Exhibit 1, Dr. Austin provides first-hand, credible testimony describing the emotional deterioration of Plaintiff and his son, the loss of critical family relationships, and the danger to Plaintiff's health and safety if enforcement proceeds.

13. **Balance of Harms**: Enjoining enforcement imposes no prejudice on Defendants, while Plaintiff faces irreversible damage without relief.

14. **Public Interest**: Federal courts have a duty to safeguard constitutional rights and prevent state abuses of process.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. **Immediately issue a Temporary Restraining Order** enjoining Defendants and their agents from:

4

1. Enforcing the June 22, 2022, child support order;

2. Executing the December 30, 2024, arrest warrant for alleged child abandonment under O.C.G.A. § 19-10-1;

3. Enforcing the March 10, 2025, default contempt judgment;

4. Executing the May 7, 2025, incarceration order; and

5. Initiating or continuing any contempt or arrest actions related to the above without Plaintiff first receiving full due process (including findings of notice, jurisdiction, willfulness, and ability to comply.

B. **Order Defendants and their agents to:**

1. Preserve all potentially relevant evidence;

2. Refrain from destroying or altering documents or records relevant to this action; and

3. Cease any ex parte communications or coordinated extrajudicial action concerning Plaintiff, this suit, or pending enforcement.

C. **Permit Plaintiff to maintain** any necessary lines of communication, including electronic or written, with adverse parties strictly for purposes of prosecuting this case or clarifying enforcement terms; Nothing herein shall be construed to prevent Plaintiff's good faith effort to resolve ambiguities, coordinate scheduling, or communicate procedural matters relating to this litigation, provided such communication remains civil, limited in scope, and for legitimate litigation purposes.

D.     **Set a prompt hearing** on Plaintiff's motion for preliminary injunction and allow Plaintiff to appear remotely due to financial and disability-related limitations.

E.     **Waive any Rule 65(c) security bond** requirement in light of Plaintiff's limited financial means, pro se status, and the substantial public interest in protecting constitutionally protected rights.

F.     **Grant such further and equitable relief** deemed just, equitable, and necessary to prevent irreparable harm and preserve the integrity of these proceedings, including consideration of the sworn Affidavit of Karen Harvey Austin (Exhibit 1) as direct evidence of the ongoing harm and the urgent necessity of this Court's intervention

Respectfully submitted this 31st day of July, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se
Without Prejudice

Matthew Thomas Harvey
c/o 501 North Slappey Boulevard
#1112
Albany, Georgia [31701]
Mharvey7744@gmail.com
(912) 346-5299