

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MATTHEW THOMAS HARVEY )
)
Plaintiff, pro se )
) Civil Action No.: 1:25-CV-4688
vs. )
)
CLAIRE M. HARVEY, ANGELA Z. )
BROWN, JASON D. MARBUTT; )
JEFFREY M. GORE, BRANDY J. )
DASWANI, KIM C. OPPENHEIMER, )
KESSLER & SOLOMIANY, LLC, )
STEFANIE S. POTTER, MOLLY Y. )
TEPLITZKY, GEORGIA DEPARTMENT)
OF HUMAN SERVICES, BRIAN P. )
KEMP, in his official Capacity as )
Governor of Georgia )
)
Defendants. )

## [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Upon consideration of Plaintiff's **Emergency Motion for Temporary Restraining Order and Preliminary Injunction**, and after review of the Verified Complaint and supporting materials, the Court finds:

1. Plaintiff has demonstrated a substantial likelihood of success on the merits;

2. Plaintiff faces imminent and irreparable harm, including the threat of unconstitutional incarceration, absent immediate relief;

3. The balance of equities favors Plaintiff;

1

4. The public interest supports the protection of constitutionally protected rights and due process; and

5. Good cause exists to waive security under Rule 65(c) based on Plaintiff's pro se status, indigency, and the constitutional nature of the claims.

Accordingly, **IT IS HEREBY ORDERED** that:

**A.** **Defendants,** their agents, officers, employees, attorneys, and all persons acting in concert or participation with them are **temporarily enjoined and restrained** from enforcing, executing, or giving effect to the following state court orders:

1. The June 22, 2022, child support order;

2. The December 30, 2024, arrest warrant for child abandonment pursuant to O.C.G.A. § 19-10-1;

3. The March 10, 2025 default contempt judgment;

4. The May 7, 2025 incarceration order; and

5. Any related bench warrants, contempt citations, or enforcement mechanisms stemming from the above orders, unless and until Plaintiff is afforded due process, including findings of proper jurisdiction, valid notice, ability to comply, and willfulness.

**B.** **Defendants and their agents** are further prohibited from:

1. Destroying, modifying, or concealing any documents, files, records, communications, or data potentially relevant to this action;

2

2. Engaging in off-the-record, ex parte, or unnotified communications with judicial officers, law enforcement, or court personnel concerning Plaintiff, the challenged proceedings, or the subject matter of this litigation; and

3. Coordinating or executing retaliatory or collusive action against Plaintiff during the pendency of this matter.

C. **Plaintiff shall be permitted** to communicate with adverse parties or counsel by email or written correspondence solely for purposes of prosecuting this case, including clarification of enforcement terms, litigation logistics, or discovery obligations.

D. **A hearing** on Plaintiff's motion for a preliminary injunction shall be held at the earliest practicable time. Plaintiff shall be permitted to appear remotely due to financial hardship and documented disabilities.

E. **Defendants are hereby ORDERED TO SHOW CAUSE**, on or before _____ why a preliminary injunction should not issue continuing the relief set forth above pending final adjudication of Plaintiff's claims.

F. The Clerk is directed to immediately serve this Order on all named Defendants and to ensure notice is provided in accordance with Rule 65 of the Federal Rules of Civil Procedure.

**SO ORDERED**, this \_\_\_\_ day of _____, 2025

_____
UNITED STATES DISTRICT JUDGE