UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:25-CV-04688-JPB |
| CLAIRE M. HARVEY, et al., | |
| Defendants. | |

# **ORDER**

This matter is before the Court on Matthew Thomas Harvey's ("Plaintiff") Emergency Motion for Temporary Restraining Order and Preliminary Injunction. [Doc. 2]. Plaintiff's Complaint names his former spouse, several Cobb County and Georgia officials and various other individuals involved in child custody proceedings that took place in Cobb County Superior Court concerning Plaintiff's minor son. [Doc. 1, pp. 5–7]. In the instant Motion, Plaintiff requests a temporary restraining order and preliminary injunction prohibiting the enforcement of several state court orders, preventing Defendants from destroying, modifying or concealing documents related to the state court proceedings and prohibiting Defendants from meeting without him present to discuss the Cobb County Superior Court proceedings. [Doc. 2-1, pp. 2–3].

**LEGAL STANDARD**

In order to obtain injunctive relief, a party must demonstrate: (1) a substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant absent an injunction outweighs the damage to the opposing party if an injunction is granted; and (4) that granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). The most important of these factors is the first one; if a movant is unable to demonstrate a substantial likelihood of success on the merits, a court need not consider the remaining factors. Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011). Further, the Eleventh Circuit Court of Appeals has observed that injunctive relief is an "extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." Four Seasons, 320 F.3d at 1210 (citation modified).

**ANALYSIS**

Here, the Court finds Plaintiff has failed to show a substantial likelihood of success on the merits. Plaintiff asks this Court to prevent the enforcement of several state court orders. [Doc. 2, pp. 4–5]. However, Plaintiff asserts no basis

upon which this Court has jurisdiction to interfere with the enforcement of orders issued in Georgia state court. Indeed, Plaintiff's request appears to be barred by the Rooker-Feldman doctrine.[1] See, e.g., Liedel v. Juv. Ct. of Madison Cnty., 891 F.2d 1542, 1545–46 (11th Cir. 1990) (affirming a district court's dismissal of a complaint alleging child custody proceedings violated the appellants' constitutional rights after finding that, under the Rooker-Feldman doctrine, the district court lacked jurisdiction to disturb the state-court judgment).

Plaintiff's request also poses abstention issues, given that "[t]he federal judiciary has traditionally abstained from deciding cases concerning domestic relations." Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir. 1988); see also Arnold v. Patterson, No. 24-10188, 2024 U.S. App. LEXIS 15457, at *2 (11th Cir. June 25, 2024) (denying an appellant's request to appeal *in forma pauperis* and concluding the appeal was frivolous because the appellant asserted claims related to child custody and child-support orders, "an area from which federal courts should generally abstain").

---

[1] "The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." Lance v. Dennis, 546 U.S. 459, 460 (2006) (citation modified).

Accordingly, the Court finds that Plaintiff has failed to show a substantial likelihood of success on the merits, and his request for injunctive relief is denied.

## CONCLUSION

Based on the foregoing, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2] is **DENIED**.

**SO ORDERED** this 21st day of August, 2025.

_____
**J. P. BOULEE**
United States District Judge