Clerk of Court
U.S. District Court, Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, GA 30303


Re: Harvey v. Harvey et al., Case No. 1:25-cv-04688-JPB


Dear Clerk,

Please find enclosed my **Motion for Alternate Service** (regarding Defendants Kemp, Carr, and DHS). I am also enclosing a dated copy of my **Motion for Electronic Filing** previously mailed last week, to ensure the record reflects the correct version.

Respectfully,

Matthew Thomas Harvey
c/o 501 North Slappey Blvd. #1112
Albany, Georgia 31701
Phone: 912-346-5299

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 27 2025

KEVIN P. WEIMER, Clerk
By: Matthew

| | |
|---|---|
| MATTHEW THOMAS HARVEY )<br>)<br>Plaintiff, pro se )<br>)<br>v. )<br>)<br>CLAIRE M. HARVEY, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>1:25-CV-04688-JPB |

## MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE

Comes now, Plaintiff Matthew Thomas Harvey, respectfully moves this Court for an order authorizing alternative service of process upon Defendants Governor Brian Kemp, Attorney General Christopher Carr, and the Georgia Department of Human Services ("DHS"). This motion is made pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(j)(2), as well as O.C.G.A. § 9-11-4(f)(1)(A), which permit the Court to direct alternative methods of service when personal service is impracticable.

### I. Procedural Background and Diligence

1. Plaintiff filed this action on August 19, 2025.
2. On September 19, 2025, Plaintiff mailed Rule 4(d) waiver-of-service packets to each Defendant via U.S. Postal Service (USPS) Priority Mail with signature confirmation.
3. USPS tracking confirms delivery on or about September 23, 2025.

1

4. As of the date of this filing, more than 30 days have elapsed and no Defendant has returned an executed waiver or otherwise appeared.

5. Plaintiff has acted diligently and in good faith to accomplish service through all reasonable means available.

Because each Defendant receives mail through a central state mailroom and is protected by significant security screening, personal service through a private process server has proven impracticable and unduly burdensome, particularly given Plaintiff's limited financial resources. The Rule 4(m) deadline for service (November 17, 2025) is approaching, and good cause exists to extend the time for service if necessary.

## II. Legal Standard

Under Rule 4(e)(1) and O.C.G.A. § 9-11-4(f)(1)(A), when personal service is impracticable, "the court may direct that service be made by such manner as it deems appropriate to provide actual notice." Rule 4(j)(2) authorizes service upon a state agency by delivering the summons and complaint to its chief executive officer or by serving the State's attorney general.

## III. Proposed Alternative Methods

To ensure prompt and reliable notice, Plaintiff requests authorization to serve:

1. Governor Brian Kemp – by USPS Priority Mail with signature confirmation to his official office address at the Georgia State Capitol, and by email to his executive counsel's office;

2. Attorney General Christopher Carr – by USPS Priority Mail with signature confirmation to the Attorney General's official mailing address, and by email to the litigation@law.ga.gov address;

3. Georgia Department of Human Services – by USPS Priority Mail with signature confirmation to the Commissioner and General Counsel, and by email to the DHS Office of General Counsel.

This method has already proven reliable, as prior waiver packets mailed through Priority Mail with signature confirmation were delivered and signed for by authorized personnel at state mail facilities. As such, Plaintiff requests that service be deemed effective upon mailing or, alternatively, upon USPS confirmation of delivery.

## IV. Good Cause and Equity

Authorizing these methods will secure actual notice while minimizing expense and delay. Plaintiff has demonstrated diligence, acted before the Rule 4(m) deadline, and seeks this relief solely to move the case forward on its merits.

Plaintiff also submits that granting this motion will avoid prejudice to Defendants, who have already received actual notice of this action through prior correspondence and signature-confirmed deliveries.

Allowing alternative service will prevent unnecessary cost and delay, consistent with Rule 1 of the Federal Rules of Civil Procedure.

### V. Requested Relief

Plaintiff respectfully requests that this Court:

1. Grant this Motion and authorize service by the alternative means described above;
2. Deem such service effective upon mailing or delivery confirmation;
3. Extend the Rule 4(m) service period if necessary to permit completion of such service; and
4. Grant such further relief as the Court deems just and proper.

Respectfully submitted this 21st day of October, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se

Matthew Thomas Harvey
c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

4