UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NOV 17 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| MATTHEW THOMAS HARVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:25-cv-04688-JPB |
| CLAIRE M. HARVEY, et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO VACATE ORDER GRANTING DEFENDANT CLAIRE HARVEY'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Plaintiff Matthew Thomas Harvey, pro se, respectfully moves this Court to vacate its November 7, 2025 Order granting Defendant Claire M. Harvey's extension request [Doc. 18], and for other appropriate relief, on grounds that the order:

- Was granted the same day the motion was filed (November 7, 2025), in violation of Plaintiff's 14-day response period under Local Rule 7.1(B);

- Relied on an improper and misleading quotation from a confidential Rule 408 settlement communication;

- Included the false suggestion that Defendant lacked prior notice, despite documentary proof that she acknowledged the lawsuit months earlier (see Exhibits A & B);

- Was factually unsupported, relying solely on unsworn attorney statements that do not constitute evidence under governing law; and

1

- Was timed to align Defendant's deadline with other defendants' mid-December deadlines, indicating coordinated delay rather than diligence.

## I. Introduction

Defendant's extension motion was filed and granted on the same day, without affording Plaintiff the 14-day response period required by Local Rule 7.1(B). This premature ruling deprived Plaintiff of notice and an opportunity to be heard—basic due-process requirements. Worse, the extension request relied on a selective and misleading quotation from Plaintiff's confidential Rule 408 settlement communication.

Defendant's professed lack of notice was demonstrably false, and the extension request appears timed to coordinate with the delayed waivers of service from other defendants, whose own responses were not due until mid-December, 2025.

In short, the Order should be vacated because it was (1) procedurally irregular, (2) factually unsound, and (3) granted on an incomplete and misleading record, all to Plaintiff's prejudice.

## II. Factual Background

This action was filed August 19, 2025. On August 21, the Court denied Plaintiff's request for temporary injunctive relief [Doc. 5], invoking abstention under Rooker-Feldman and the domestic-relations exception. Plaintiff notes this Court's jurisdictional concerns appear misplaced under

the exceptions recognized in Mitchum v. Foster, 407 U.S. 225 (1972), and Gibson v. Berryhill, 411 U.S. 564 (1973), which remain applicable to Plaintiff's Section 1983 claims. However, Plaintiff does not seek appellate review of that denial. Plaintiff's present motion and Complaint [Doc. 1] therefore do not constitute an appeal, but a collateral challenge to unconstitutional conduct under federal law.

On November 1, 2025, attorney Noah Green of Henefeld & Green P.C. entered an appearance for Claire M. Harvey [Doc. 14]. Defendant Harvey's extension request appears calculated to align with other Defendants whose response deadlines were also set for mid-December. Defendants Kessler & Solomiany, Potter, and Teplitzky entered appearances and returned waivers on October 30, 2025 [Docs. 9–12], and Defendants Brown, Marbutt, and Kemp filed their waivers on November 4, 2025 [Docs. 15–17]. It is notable that each of these filings resulted in a response deadline of December 12 or 15, 2025—suggesting deliberate synchronization.

Exhibit B is the sworn Declaration of Karen Harvey Austin, submitted under 28 U.S.C. § 1746, which authenticates the September 6, 2025 text exchange (Exhibit A) and confirms that Defendant Claire M. Harvey had actual notice of this federal lawsuit as of that date.

On November 4, 2025, Plaintiff emailed Ms. Harvey's counsel a communication containing the following Rule 408 disclaimer:

> "This communication is made pursuant to Federal Rule of Evidence 408 and is intended solely for settlement purposes. It is strictly confidential and may not be used in litigation or disclosed outside of these discussions. Given the overlapping parties in this case, I am proceeding in good faith with the understanding that you will maintain your professional independence and avoid any coordination or information-sharing with other defendants or their counsel that could compromise Ms. Harvey's individual interests or the integrity of this process."

On November 5, Plaintiff responded to defense counsel's request for consent to an extension and expressly objected, stating: "The time for avoidance and delay has passed."

Despite that explicit objection, on November 7 — Mr. Green filed Defendant's Motion for Extension of Time [Doc. 18], directly quoting a portion of the confidential Rule 408 correspondence to suggest that a potential future amendment of the Complaint warranted delay. The motion omitted the limiting language and mischaracterized the communication's purpose.

### III. Argument

A. The Order Violated Local Rule 7.1(B) and Due Process:

Local Rule 7.1(B) provides that opposing parties shall have 14 days to respond to a motion, and that failure to respond will be construed as indicating no opposition. The Court granted Defendant's motion the very

4

same day it was filed—before Plaintiff's guaranteed fourteen-day response period had elapsed. Ruling before the response window closes violates the basic due-process requirement that litigants receive notice and a meaningful opportunity to be heard. Zheng v. DeCarlo, 576 F. App'x 963, 965–66 (11th Cir. 2014); Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).

B. The Order Relied on Inadmissible Rule 408 Material:

Federal Rule of Evidence 408 prohibits using statements from settlement discussions to prove liability, undermine a claim or defense, or influence judicial decisions. See Fed. R. Evid. 408(a); Blu-J, Inc. v. Kemper CPA Group, 916 F.2d 637, 641 (11th Cir. 1990).

Defendant's motion quoted a protected communication from Plaintiff's Rule 408 email—without disclosing its confidential nature or purpose—and used that communication to suggest Plaintiff would not be prejudiced by delay. That is precisely the use Rule 408 forbids.

Worse, the motion selectively quoted from Plaintiff's email and omitted the full context, including Plaintiff's express rejection of an extension. Such conduct not only violates evidentiary rules but also undermines the duty of candor to the tribunal. See LR 83.1(C); Georgia Rule of Prof'l Conduct 3.3.

C. Defendant Failed to Show Good Cause Under Rule 6(b):

Federal Rule of Civil Procedure 6(b) allows extensions of time only for "good cause." That standard requires diligence, not mere convenience. See

Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998); Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008).

Here, Defendant failed to offer any affidavit, declaration, or evidence of diligence. The extension motion consisted solely of unsworn statements from counsel, which do not constitute evidence. See United States v. Lovasco, 431 U.S. 783, 790 (1977) ("Statements of counsel are not evidence."); see also LR 7.1(A)(1), NDGa (requiring supporting affidavits when factual assertions are made).

Moreover, Defendant had actual notice of the lawsuit by September 6, 2025 (see Exhibit B). Waiting two months to appear and then requesting a five-week extension does not reflect diligence. Rather, it suggests tactical delay and coordination with other Defendants.

D. The Extension Was Strategically Timed:

This conduct vindicates Plaintiff's Emergency Motion for TRO and Preliminary Injunction [Doc. 2], denied August 21, 2025 [Doc. 5], which warned of coordinated delay, retaliation, and extrajudicial collusion. The November 7 Order proves those warnings were justified. The result is continued harm and threats to Plaintiff's life, liberty, and the pursuit of happiness as he sees fit—including five years of alienation and unlawful separation from his son.

The absence of delay-related prejudice underscores that any further extensions only prolong ongoing harm to the minor child, who remains

unlawfully estranged from his father and extended family. Parental alienation, particularly when used to obstruct contact with fit and loving relatives, constitutes a form of emotional abuse and irreparable harm. See Turner v. Rogers, 564 U.S. 431, 447 (2011).

Defendant's September 6, 2025 text (Exhibit A) refusing to allow Plaintiff's parents to attend their grandson's birthday is yet another example in a long line of exclusionary acts spanning several years—conduct that continues to inflict the very harm Plaintiff has consistently sought to prevent.

Moreover, as confirmed in Exhibit B, Defendant has not communicated with Plaintiff's parents—or permitted any member of Plaintiff's immediate family to have contact with Wells—since September 17, 2025. This total cutoff of familial communication and contact demonstrates that the harm is ongoing, intentional, and continuing in nature. The continuation of such alienation underscores why further delay is prejudicial: each additional week Defendant is permitted to postpone her response only entrenches the unlawful separation and deepens the irreparable harm to both Plaintiff and the minor child.

E. Equity Requires Vacatur:

Defendant may not benefit from her own wrong or from misuse of a confidential communication. *He who seeks equity must do equity*. Justice demands restoration of Plaintiff's right to respond as guaranteed by rule and due process, and the removal of tainted material from the record.

## IV. Conclusion

WHEREFORE, Plaintiff respectfully requests that this Court:

1. VACATE the November 7, 2025 Order granting Defendant's extension of time to respond [Doc. 18];

2. STRIKE or SEAL all portions of Defendant's Motion [Doc. 18] that quote Plaintiff's confidential Rule 408 communication;

3. Consider appropriate admonishment or other discipline for Defendant's counsel for violating ethical obligations under Local Rule 83.1(C); and

4. Grant such other relief as justice may require.

Respectfully submitted this 13th day of November, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Blvd. #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

## CERTIFICATE OF SERVICE

I certify that on the date below, I served the foregoing *Plaintiff's Motion to Vacate Order Granting Defendant Claire Harvey's Motion for Extension of Time to Respond to Plaintiff's Complaint* as follows:

Via Email (counsel of record):

- Noah Green, counsel for Defendant Claire M. Harvey — ngreen@henefeldgreen.com

- Christine L. Mast, counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; Molly Y. Teplitzky — cmast@hpylaw.com

This 13th day of November, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299



September 5–17, 2025 Text Message Exchange Between Karen Harvey Austin and Defendant Claire M. Harvey (Attached to the Declaration of Dr. Karen Harvey Austin, Exhibit B to Plaintiff's Motion to Vacate Order Granting Extension)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY )<br>)<br>Plaintiff, pro se, )<br>)<br>v. )<br>)<br>CLAIRE M. HARVEY, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>1:25-cv-04688-JPB |

### DECLARATION OF KAREN HARVEY AUSTIN

(Submitted pursuant to 28 U.S.C. § 1746 as Exhibit B to *Plaintiff's Motion to Vacate Order Granting Defendant Claire Harvey's Motion for Extension of Time to Respond to Plaintiff's Complaint*)

I, Karen Harvey Austin, state as follows:

1. I am the mother of Plaintiff Matthew Thomas Harvey. I have personal knowledge of the matters set forth in this declaration.

2. On September 5, 2025, at approximately 3:05 p.m., I sent a text message to Defendant Claire M. Harvey asking whether my husband and I could attend our grandson Wells' upcoming birthday party and give him his gift.

3. On September 6, 2025, at approximately 10:20 a.m., Defendant replied to my message. Her reply attached a PDF file titled "Karen Austin Affidavit Matt's filing..." and stated, *"No, you are not invited to the birthday party."*

1

4. When I opened the attachment, I saw that it was my sworn affidavit which had been filed as Exhibit 1 to Plaintiff's Emergency Motion for Temporary Restraining Order [Doc. 2] in this federal case.

5. On September 17, 2025, I sent another message to Defendant asking whether Wells' gift had arrived. The message was marked "Delivered," but Defendant did not respond. Since that time, she has not communicated with me, and neither I nor any member of our immediate family has been permitted to have any contact with Wells.

6. A true and correct copy of the September 6, 2025 text exchange described above is attached hereto as Exhibit A.

7. I provide this declaration voluntarily to authenticate the attached text message and to confirm that Defendant Claire Marsh Harvey had actual notice of this federal lawsuit as of September 6, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2025, at Franklin, North Carolina.

*Karen Harvey Austin*
Karen Harvey Austin
Declarant

230 Stonecreek Drive
Franklin, North Carolina 28734

2