UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NOV 17 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

MATTHEW THOMAS HARVEY    )
                        )
Plaintiff, pro se,      )
                        )
v.                      )    CIVIL ACTION NO.
                        )    1:25-cv-04688-JPB
CLAIRE M. HARVEY, et al., )
                        )
Defendants.             )

## PLAINTIFF'S NOTICE OF OBJECTION TO COLLECTIVE REPRESENTATION

Plaintiff Matthew Thomas Harvey hereby objects to the collective representation of Defendants Kessler & Solomiany, LLC ("K&S"), Stefanie S. Potter, and Molly Y. Teplitzky by Christine L. Mast ("Mast") or any other common counsel, and respectfully reserves all rights concerning the conflicts of interest and scope-of-employment issues set forth below.

### I. Basis of Objection

Plaintiff asserts that the representation of all three Defendants by one attorney or law firm creates a substantial risk of materially adverse limitations on counsel's ability to effectively represent each party. Counsel Christine L. Mast of Hawkins Parnell & Young, LLP has entered an appearance on behalf of all three defendants — Kessler & Solomiany, Potter, and Teplitzky — in this action [Doc. 9], creating an apparent conflict under Georgia Rule of Professional Conduct 1.7(a). The underlying Verified Complaint [Doc. 1] alleges that Potter and Teplitzky, acting as agents of

1

K&S, participated in unconstitutional and ultra vires conduct under color of state law. K&S is separately liable for ratification and under 42 U.S.C. § 1986 for failure to prevent such acts.

This means the defenses available to K&S are potentially antagonistic to those of Potter and Teplitzky. K&S may seek to argue that any misconduct by Potter or Teplitzky was outside the scope of employment, while the individual defendants may assert they were acting within their roles as agents. This creates a classic example of a conflict of interest in joint representation.

As the Eleventh Circuit has explained, courts are not bound to accept a representation of "no conflict" at face value where the facts suggest otherwise. See Wheat v. United States, 486 U.S. 153, 162–64 (1988) (holding that district courts must be allowed substantial latitude to refuse joint representation that creates a potential conflict, even if waived by the parties). In United States v. Ross, 33 F.3d 1507, 1523 (11th Cir. 1994), the court noted that "[i]f a lawyer is placed in a position of divided loyalty, there is a danger that he will sacrifice the interests of one client for those of another."

## II. Risk of Tactical Prejudice to Plaintiff

Plaintiff is entitled to develop claims under 42 U.S.C. § 1985(3) and § 1986, and must therefore be able to test whether each defendant acted independently or jointly. Joint representation could inhibit discovery, raise improper privilege shields, or encourage tactical withholding of evidence. If

Potter or Teplitzky elect to testify that they followed firm orders, K&S may dispute this to avoid respondeat superior liability. Plaintiff is entitled to explore such fault lines in discovery and trial.

Additionally, the so-called intracorporate conspiracy doctrine — if invoked by K&S — could disadvantage the individual defendants while benefiting the firm (barring conspiracy claims among employees of the same entity acting within the scope of employment). See Griffin v. Breckenridge, 403 U.S. 88, 101 (1971); Cook v. Randolph County, 573 F.3d 1143, 1157 (11th Cir. 2009). That doctrine generally bars conspiracy claims among employees of a single entity acting within the scope of employment, but whether Potter and Teplitzky were acting within or outside that scope is precisely what is in dispute. Representation by the same attorney impairs the independence needed to develop that distinction.

### III. Ethics Rules and Disqualification

Under Georgia Rule of Professional Conduct 1.7(a), an attorney shall not represent multiple clients with conflicting interests unless (1) the lawyer reasonably believes they can competently and diligently represent each affected client, and (2) each gives informed consent, confirmed in writing. To date, no such waiver or consent has been disclosed or filed. See also Hudson v. State, 250 Ga. 479 (1983) ("an attorney owes an undivided duty of loyalty to each client").

Disqualification is warranted where an actual or potential conflict could materially interfere with counsel's performance or the integrity of the proceedings. See Bernocchi v. Forcucci, 279 Ga. 460, 463–64 (2005) (disqualification appropriate where clients' interests are sufficiently adverse). See also Hennessey v. Smith, 257 Ga. App. 179, 182–83 (2002) (affirming disqualification where joint representation created conflict between client defenses).

Plaintiff is not filing a motion to disqualify at this time, but gives this Notice to preserve all rights. If discovery or motion practice reveals a further breakdown of duties, Plaintiff may file such a motion.

## IV. Conclusion

WHEREFORE, Plaintiff respectfully objects to the collective representation of Defendants Kessler & Solomiany, LLC, Stefanie S. Potter, and Molly Y. Teplitzky by a single law firm or attorney, and reserves the right to seek disqualification or other relief as appropriate

Respectfully submitted this 13th day of November, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

4

## CERTIFICATE OF SERVICE

I certify that on the date below, I served the foregoing *Plaintiff's Notice of Objection to Collective Representation* as follows:

Via Email (counsel of record):

- Noah Green, counsel for Defendant Claire M. Harvey — ngreen@henefeldgreen.com

- Christine L. Mast, counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; Molly Y. Teplitzky — cmast@hpylaw.com

This 13th day of November, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299