UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. 1:25-cv-04688 |
| ) | |
| CLAIRE M. HARVEY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS GEORGIA DEPARTMENT OF HUMAN SERVICES AND JEFFREY M. GORE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE**

Defendants Georgia Department of Human Services and Jeffrey M. Gore, through counsel, submit this Response in Opposition to Plaintiff's Amended Motion for Leave to Effect Alternative Service

### I. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff filed an amended motion for leave to affect alternative service seeking an order from the Court allowing him to serve Defendants DHS and Gore by U.S. Mail and email. Doc. 21. His motion should be denied because DHS may only be served according to the terms of the Georgia Tort Claims Act ("GTCA") and Gore has waived service of the summons and complaint.

DHS, Gore, and the other state defendants explained in their motion to dismiss, that DHS may only be served according to the terms of the GTCA. Doc.

20-1, 16-18, 21-23. The state's sovereign immunity can only be waived by an Act of the General Assembly. Ga. Const. of 1983, Art. I, § II, ¶ IX(e). The GTCA is "the exclusive remedy for any tort committed by a state officer or employee." O.C.G.A. § 50-21-25(a). Further, the state is only liable within the GTCA's limitations and "in accordance with the fair and uniform principles established in [the GTCA]." O.C.G.A. § 50-21-21(a). The GTCA must be strictly construed and cannot be abrogated by the judiciary. *Ga. Ports Auth. v. Harris*, 274 Ga. 146, 150 (2) (2001); *Dollar v. Dalton Public Schools*, 233 Ga. App. 827, 830 (1998). Compliance with the GTCA is a condition precedent to bringing a tort suit against the state, and there is nothing parties to a suit can do to waive the GTCA's requirements. *See DeFloria v. Walker*, 317 Ga. App. 578, 580-81 (2012).

The GTCA requires claimants to "cause process to be served upon the chief executive officer of the state government entity involved" and "cause process to be served upon the director of the Risk Management Division of the Department of Administrative Services." *See* O.C.G.A. § 50-21-35. Because these requirements cannot be waived by the parties or modified by the Court, Plaintiff's motion should be denied.

Additionally, Defendant Gore filed today and returned to Plaintiff a completed waiver of the service of summons. For this reason as well, Plaintiff's motion should be denied.

## II.  CONCLUSION

For the foregoing reasons, these Defendants respectfully request that this Court deny Plaintiff's amended motion for leave to affect alternative service.

Respectfully submitted,

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| LORETTA L. PINKSTON-POPE<br>Deputy Attorney General | 580385 |
| KATHLEEN S. TURNIPSEED<br>Senior Assistant Attorney General | 940900 |
| */s/ William Tomlin*<br>WILLIAM L. TOMLIN<br>Assistant Attorney General<br>*Attorneys for Defendant* | 223213 |

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

WILLIAM TOMLIN
Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3439
wtomlin@law.ga.gov

-4-

## **CERTIFICATION AS TO FONT**

Pursuant to Local Rule 7.1D, I hereby certify that this motion is submitted in Times New Roman 14-point type as required by Local Rule 5.1(C).

*/s/ William Tomlin*
William L. Tomlin
Georgia Bar No. 223213

-5-

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served the within and foregoing DEFENDANTS GEORGIA DEPARTMENT OF HUMAN SERVICES AND JEFFREY M. GORE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE, with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all counsel of record.

This 1st day of December, 2025.

*/s/ William Tomlin*
William L. Tomlin
Georgia Bar No. 223213