**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 0 1 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

MATTHEW THOMAS HARVEY, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.
) 1:25-cv-04688-JPB
CLAIRE M. HARVEY, et al., )
)
Defendants. )

## PLAINTIFF'S MOTION TO STRIKE THE STATE DEFENDANTS' MOTION TO DISMISS

Plaintiff Matthew Thomas Harvey, pro se, respectfully moves the Court to strike the Motion to Dismiss filed by Defendants Angela Z. Brown, Jason D. Marbutt, Jeffrey M. Gore, Georgia Department of Human Services, and Governor Brian P. Kemp ("State Defendants") on November 18, 2025 (Doc. 20), for the following procedural reasons:

### 1. Signing Rule 4(d) Waivers Does Not Constitute an Appearance Under Fed. R. Civ. P. 4(d)(5) or Local Rule 83.1(D)

Attorney William L. Tomlin signed certain Rule 4(d) waivers for Defendants Brown, Marbutt, and Kemp. However, the execution of a Rule 4(d) waiver of service does not:

- constitute an appearance,
- authorize counsel to represent the defendant,
- satisfy Local Rule 83.1(D)(1),
- waive defenses other than service, or

1

- permit the filing of dispositive motions.

Rule 4(d)(5) explicitly states that a waiver of service:

"does not waive any objection to personal jurisdiction or to venue."

Federal courts uniformly hold that a waiver is not an appearance and does not establish attorney-client representation:

- Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) ("A waiver of service does not constitute an appearance.");

- In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003) (appearance requires "overt acts indicating an intent to defend");

- United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 324 (6th Cir. 2010) (waiver "is not appearance or representation").

The Motion to Dismiss [Doc. 20] does not identify Tomlin as "attorney for" each State Defendant, nor does it include individual signature blocks. Thus, Tomlin has not appeared for Brown, Marbutt, or Kemp within the meaning of LR 83.1(D).

**2. Tomlin Has Not Appeared at All for DHS or Prosecutor Gore**

The docket shows:

- No waiver of service filed for Jeffrey M. Gore;
- No waiver or acknowledgment filed for DHS;
- No Notice of Appearance for either defendant;

2

- No statutory authority under O.C.G.A. § 45-15-3 authorizing the Attorney General to represent DHS in a § 1983 civil-rights action.

Therefore, Tomlin is not counsel of record for DHS or Gore in any capacity, making Doc. 20 procedurally improper as to both parties. This defect alone warrants striking Doc. 20.

### 3. The Motion to Dismiss Cannot Serve as a First Appearance Because It Violates Local Rule 83.1(D)(1)

Local Rule 83.1(D)(1) requires that:

> "Each attorney representing a party shall personally sign the first pleading or paper filed for that party."

Doc. 20 fails because:

- It does not list Tomlin as counsel for each defendant individually;
- It does not contain a signature block identifying each client;
- It groups together five defendants with different immunities, capacities, and defenses; and
- It does not comply with the "personal signature for each party" requirement.

Thus, Doc. 20 cannot function as a first appearance and is invalid under LR 83.1(D).

### 4. Doc. 20 Violates Fed. R. Civ. P. 12(g)(1) (Improper Joined Defenses)

Rule 12(g)(1) prohibits defendants from filing a single, joined Rule 12 motion unless the parties:

3

- share identical defenses,
- rely on identical immunity doctrines, and
- raise identical legal issues.

The State Defendants include:

- a state superior court judge,
- a magistrate judge,
- a state prosecutor,
- a state agency (DHS), and
- the Governor.

These defendants have materially different immunities, defenses, and factual allegations. Thus, joinder of their Rule 12 defenses in a single motion is procedurally improper under Rule 12(g)(1).

## 5. Doc. 20 Was Filed Even Though Only Some State Defendants Had Waived Service, While Others Had Not Appeared or Been Served According to the Docket

As of November 18, 2025, the docket reflected executed Rule 4(d) waivers for:

- Judge Brown [Doc. 15],
- Judge Marbutt [Doc. 16], and
- Governor Kemp [Doc. 17].

Plaintiff acknowledges that Defendants Brown, Marbutt, and Kemp returned Rule 4(d) waivers, and their Rule 12 deadlines have not yet expired.

4

This Motion challenges Doc. 20 on procedural grounds unrelated to those deadlines.

However, no waiver, proof of service, or notice of appearance had been filed for:

- Jeffrey M. Gore, or
- Georgia Department of Human Services.

Despite this inconsistent service posture and absent appearances, attorney Tomlin filed a single omnibus Motion to Dismiss [Doc. 20] on behalf of all State Defendants—including those who had not waived service, not been served according to the docket, and not appeared.

For defendants lacking waivers or appearances (DHS and Gore), the motion is premature and unauthorized.

For the remaining defendants, waivers still do not constitute appearances or authorize representation under Fed. R. Civ. P. 4(d)(5) and Local Rule 83.1(D).

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. STRIKE the State Defendants' Motion to Dismiss [Doc. 20] as procedurally improper;
2. Require each State Defendant to file a proper Notice of Appearance under LR 83.1(D);

3. Require any future Rule 12 motions to be filed individually, or jointly only where defenses and immunities are identical; and

4. Grant such other relief as the Court deems appropriate.

Respectfully submitted this 28th day of November, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Blvd. #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

## CERTIFICATE OF SERVICE

I certify that on the date below, I served the foregoing *Plaintiff's Motion to Strike State Defendant's Motion to Dismiss* as follows, as I have not been granted access to the CM/ECF electronic filing system:

Via Email:

- Noah Green, counsel for Claire M. Harvey — ngreen@henefeldgreen.com

- Christine L. Mast & Jamie McDowell, counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; Molly Y. Teplitzky — cmast@hpylaw.com; jmcdowell@hpylaw.com

- Courtney Walker, Hall Booth Smith, P.C., counsel for Kim C. Oppenheimer — cwalker@hallboothsmith.com

Via U.S. Mail (counsel of record):

- James R. Doyle, II, counsel for Brandy J. Daswani —

    Lewis, Brisbois, Bisgaard & Smith, LLP

    600 Peachtree Street, NE

    Suite 4700

    Atlanta, GA 30308

- William L. Tomlin, counsel for Angela Z. Brown; Jason D. Marbutt; Jeffrey M. Gore; Georgia Department of Human Services; Governor Brian P. Kemp —

    Georgia Department of Law

7

    40 Capitol Square SW

    Atlanta, GA 30334

This 28th day of November, 2025.

                                              /s/ Matthew Thomas Harvey
                                              **Matthew Thomas Harvey**
                                              Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299