FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 01 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:25-cv-04688-JPB |
| CLAIRE M. HARVEY, et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S OBJECTION TO DEFENDANT DASWANI'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Plaintiff Matthew Thomas Harvey, pro se, respectfully submits this Objection pursuant to the Court's November 24, 2025 Order directing Plaintiff to respond to Defendant Brandy J. Daswani's Motion for Extension of Time to Respond to the Complaint [Doc. 24]. Plaintiff responds timely and fully as instructed.

### 1. Defendant's Motion Is Improper Because Counsel Has Not Entered an Appearance

Attorney James R. Doyle filed Doc. 24 without filing a Notice of Appearance, in violation of Local Rule 83.1(A) and Fed. R. Civ. P. 11(a). A motion filed by counsel who has not appeared is not properly before the Court and should be denied or struck on this ground alone.

### 2. Defendant Had Actual Notice on or About October 8, 2025

On or about October 8, 2025, Plaintiff's process server made an initial service attempt at Defendant's office, spoke with her receptionist, and

1

verified that the location was Defendant's place of business. The receptionist confirmed Defendant's identity and that she could be reached at that office.

Accordingly, Defendant had actual or constructive notice well before the timeline implied in her extension motion.

### 3. Formal Service Was Completed on or About November 4, 2025

Defendant was formally served on or about November 4, 2025, at her residence after she failed to respond and avoided service attempts at her workplace. Defendant's motion does not acknowledge this fact and provides no justification for extending her response deadline beyond that required by Rule 12.

### 4. Defendant Has Not Shown Good Cause Under Rule 6(b)

Rule 6(b) requires good cause, which Defendant has not demonstrated. Defendant:

- had actual notice for more than 47 days before filing her motion;
- had formal service for approximately 17 days before filing;
- submitted no affidavit, declaration, or evidence; and
- bases her request solely on a desire to match co-defendants' deadlines.

Coordinating with co-defendants for strategic reasons does not constitute "good cause."

### 5. The Motion Relies on an Incomplete Docket Record

Because certain service filings mailed by Plaintiff on November 13, 2025 were not entered on the docket as of the date Defendant filed Doc. 24, the motion presents a misleading timeline regarding notice and service.

Plaintiff is contemporaneously submitting a Notice of Missing Docket Entries to correct the record.

### RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. DENY Defendant Daswani's Motion for Extension to Respond to the Complaint [Doc. 24]; or

2. STRIKE the motion due to counsel's failure to enter an appearance; and

3. Set Defendant's deadline under the standard timelines of Rule 12.

Respectfully submitted this 28th day of November, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Blvd. #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

3

## CERTIFICATE OF SERVICE

I certify that on the date below, I served the foregoing *Plaintiff's Objection to Defendant Daswani's Motion for Extension of Time to Respond to the Complaint* as follows as I have not been granted access to the CM/ECF electronic filing system:

Via Email (counsel of record):

- Noah Green, counsel for Claire M. Harvey — ngreen@henefeldgreen.com

- Christine L. Mast and Jamie McDowell, counsel for Defendants Kessler & Solomiany, LLC; Stefanie S. Potter; Molly Y. Teplitzky — cmast@hpylaw.com; jmcdowell@hpylaw.com

- Courtney Walker, Hall Booth Smith, P.C., counsel for Kim C. Oppenheimer — cwalker@hallboothsmith.com

Via U.S. Mail (counsel of record):

- James R. Doyle, II, counsel for Defendant Brandy J. Daswani —
  Lewis, Brisbois, Bisgaard & Smith, LLP
  600 Peachtree Street, NE
  Suite 4700
  Atlanta, GA 30308

- William L. Tomlin, counsel for Defendants Angela Z. Brown; Jason D. Marbutt; Jeffrey M. Gore; Georgia Department of Human Services; Governor Brian P. Kemp —

Georgia Department of Law

40 Capitol Square SW

Atlanta, GA 30334

This 28th day of November, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299