## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW THOMAS HARVEY | ) | |
| | ) | |
| Plaintiff, pro se | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO:  1:25-CV-4688-JPB |
| | ) | |
| CLAIRE M. HARVEY; ANGELA Z. | ) | |
| BROWN; JASON D. MARBUTT; | ) | |
| JEFFREY M. GORE; BRANDY J. | ) | |
| DASWANI; KIM C. OPPENHEIMER; | ) | |
| KESSLER & SOLOMIANY, LLC; | ) | |
| STEFANIE S. POTTER; MOLLY Y. | ) | |
| TEPLITZKY; GEORGIA DEPARTMENT | ) | |
| OF HUMAN SERVICES; BRIAN P. | ) | |
| KEMP, in his official Capacity as | ) | |
| Governor of Georgia, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BRANDY J. DASWANI'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT

COMES NOW, Brandy J. Daswani ("Defendant Daswani") and files her Motion to Dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and (6). As argued fully below, Defendant Daswani contends that Plaintiff's claims against her should be dismissed because this Court lacks subject matter jurisdiction over this action and, alternatively, Plaintiff fails to state a viable cause of action.

## I.    <u>FACTUAL ALLEGATIONS</u>

In his Complaint, Plaintiff generally alleges that Defendants in this action —
which include his ex-wife, multiple Georgia state court judges, a district attorney, a
guardian ad litem (Defendant Daswani), a court-appointed psychologist, a family
law firm and two lawyers from that firm, the Georgia Department of Human
Services, and Governor Brian P. Kemp — conspired against him to violate his
constitutional rights in his divorce, child custody, and other related state-court
proceedings. (Doc. 1 ("Complaint") at 4-7). To that end, Plaintiff has asserted several
claims purportedly brought under 42 U.S.C. §§ 1983, 1985, and 1986. (*Id.* at 40-50).
Plaintiff further alleges that Defendants' purported misconduct violated the
Americans with Disabilities Act, constituted intentional infliction of emotional
distress, and violated the Georgia Constitution. (*Id.* at 51-53).

For background, Plaintiff alleges that, in November 2020, his now ex-wife,
Defendant Claire Harvey ("Ms. Harvey"), filed for divorce. (*Id.* ¶ 27). Plaintiff and
Ms. Harvey shared a child, Wells Allen Harvey ("Wells"), who was born in 2018.
(*Id.* ¶ 23). Ms. Harvey obtained a temporary protective order against Plaintiff, which
caused him to be removed from his home, dispossessed of his firearms, and denied
access to his son. (*Id.* ¶ 27). Plaintiff alleges that Ms. Harvey obtained the protective
order based on fabricated claims of abuse. (*Id.*).

168060934.1

Relevant to Defendant Daswani, Plaintiff alleges that, in December 2020, his counsel in the family court proceedings pressured him into consenting to Daswani's appointment as a guardian ad litem. (*Id.* ¶ 35). Plaintiff asserts he was not allowed a meaningful opportunity to evaluate or contest Daswani's suitability. (*Id.*). Plaintiff met with Daswani in January 2021 and purportedly told her about Ms. Harvey's pattern of emotional, psychological, and physical abuse towards him and her threats of self-harm. (*Id.* ¶ 36). Plaintiff contends he supported his contentions about Ms. Harvey's behavior with physical evidence and witnesses, who Daswani spoke with, but Daswani failed to take any action or file any report. (*Id.*).

In February 2021, Ms. Harvey told Plaintiff she was incapacitated due to a spinal injury and unable to care for Wells. (*Id.* ¶ 38). He notified Daswani's office that Ms. Harvey was unable to care for Wells and that Plaintiff could assume temporary care. (*Id.*). Daswani's office purportedly dismissed the matter without explanation. (*Id.*). According to Plaintiff, Daswani failed to provide him updates and never restored any parenting time. (*Id.* ¶ 40). Plaintiff alleges that Daswani was clearly aligned with Ms. Harvey, which violated her duty to act in the best interest of Wells. (*Id.*).

Plaintiff further alleges that, in July 2021, Daswani engaged in an ex parte communication with the Court, in which she portrayed Plaintiff as mentally unstable

and dangerous and unlawfully disclosed Plaintiff's confidential therapy records. (*Id.* ¶¶ 44-46). Plaintiff asserts that Daswani's purported misconduct and bias played a role in the court holding him in contempt and ordering him to be incarcerated. (*Id.* ¶¶ 44-50). He further alleges that Daswani falsely claimed that she was afraid of him, which contributed to a court ordering him to wear a GPS monitor and tainted his divorce proceedings. (*Id.* ¶¶ 57, 65, 67).

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at 53-57). He ultimately requests that this Court find that the state court judgments entered in the underlying divorce, child custody, and related proceedings are void and unenforceable due to Defendants' purported misconduct and conspiracy against him. (*Id.* at 54-55).

Plaintiff filed his Complaint in this Court on August 19, 2025. (*Id.*). Daswani was served on November 4, 2025. (Doc. 26). On November 18, 2025, Defendants Angela Z. Brown, Jason D. Marbutt, Jeffrey M. Gore, Georgia Department of Human Services, and Governor Kemp filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a viable claim. (Doc. 20).

Defendant Daswani now files the instant motion seeking dismissal of the claims against her because this Court lacks subject matter jurisdiction over Plaintiff's action and, alternatively, Plaintiff has failed to state a viable claim against her.

## II.    <u>ARGUMENT AND CITATION OF AUTHORITY</u>

Plaintiff's claims against Daswani are due to be dismissed for lack of subject matter jurisdiction or, in the alternative, because Daswani is immune from suit in her role as a guardian ad litem. The undersigned begins with a discussion of the multiple bases supporting that this Court lacks subject matter jurisdiction over this action.

### A.    **The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims for Injunctive Relief.**

"Federal courts are courts of limited jurisdiction and are required to inquire into their [subject matter] jurisdiction at the earliest possible point in the proceeding." *Kirkland v. Midland Mortg*. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001. A plaintiff has the burden of establishing that a court has subject matter jurisdiction over his action. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction can facially or factually challenge the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*., 501 F.3d 1244, 1251 (11th Cir. 2007). When the challenge is facial, as it is here, a court assumes for the purpose of the motion that the allegations in the plaintiff's complaint are true. *Id.*

*1.    Rooker Feldman*

To the extent that Plaintiff's state-court proceedings have concluded with judgments on the merits, the *Rooker-Feldman* doctrine bars this Court from reviewing those final judgments. *See Rooker v. Fidelity Tr. Co*., 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005).

The doctrine bars a federal claim that is "inextricably intertwined with the state court's judgment," meaning it "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation marks and citation omitted). As relevant here, *Rooker-Feldman* bars a federal court from hearing a 42 U.S.C. § 1983 claim seeking to reverse a state-court judgment in child-custody proceedings. *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988); *see also Fox v. Fla. Dep't of Child. & Fams*., 828 F. App'x 639, 640 (11th Cir. 2020) (collecting cases).

"*Rooker-Feldman* [ ] does not prioritize form over substance. It bars all appeals of state court judgments—whether the plaintiff admits to filing a direct

appeal of the judgment or tries to call the appeal something else." *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021). Regardless of how Plaintiff characterizes his claims, they are "inextricably intertwined" with the final judgment in the state-court proceedings because a ruling in his favor would "effectively nullify" those judgments and his claims "succeed[ ] only to the extent that the state court wrongly decided the issues." *See Casale*, 558 F.3d at 1260 (citations and quotation marks omitted).

Plaintiff does not get a "second bite" at his state-court proceedings by bringing suit in federal court. This Court is not the proper venue for Plaintiff to seek relief from a state court judgment he finds unjust. *See Fox*, 828 F. App'x at 640. No matter how Plaintiff styles his action, he wants this Court to undo the state court's judgments in his divorce, child custody, and related proceedings. Such collateral attacks on state-court proceedings are expressly barred by the *Rooker-Feldman* doctrine to prevent federal courts from improperly interfering with a state court's final judgment.

Accordingly, to the extent the underlying state-court proceedings concluded before Plaintiff filed this action, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Plaintiff's claims against Daswani must be dismissed.

### 2. *Younger*

To the extent that Plaintiff's state court proceedings are still pending, his claims would be barred by the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* doctrine, a federal court should abstain from asserting jurisdiction over an action when: there are pending state-court proceedings; the proceedings involve vital state interests; and there is an adequate opportunity to raise a constitutional challenge in the state proceedings. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). The doctrine is meant to prevent federal courts from unduly interfering with state-court proceedings "that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (citation and quotation marks omitted). "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). The *Younger* doctrine has been used to dismiss a plaintiff's 42 U.S.C. § 1983 action challenging child custody proceedings pending in state court. *See Narciso v. Walker*, 811 F. App'x 600, 601-03 (11th Cir. 2020); *Thomas v. Disanto*, 762 F. App'x 770, 773 n.4 (11th Cir. 2019) (affirming alternative finding that, to the extent state-court child custody proceeding was ongoing, *Younger* barred the district court from exercising jurisdiction over the action).

There is no question here that, if Plaintiff were granted the relief he seeks, "the federal proceeding would interfere with the state proceeding." *See Bush*, 329 F.3d at 1276. Plaintiff's requests for this Court to find Defendants' actions in the underlying state court proceedings unconstitutional and void all orders and judgments entered in those proceedings would assuredly interfere in those state-court proceedings. This Court should allow Georgia courts to handle those proceedings as any legal issues or purported misconduct by parties are subject to review by the Georgia Court of Appeals and Supreme Court, not a federal district court. "A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* at 1279 (quotation marks and citation omitted). That Plaintiff is dissatisfied with the results of the state-court proceedings is not a proper basis for this Court to assert jurisdiction over this action.

Accordingly, Daswani contends that, to the extent any of the underlying state-court proceedings are ongoing, it would be improper under the *Younger* doctrine for this Court to exercise jurisdiction over Plaintiff's requests for relief. This Court should therefore dismiss this action.

### 3.    *Domestic Relations Exception*

The "domestic relations exception" is yet another basis for this Court to decline to exercise jurisdiction over Plaintiff's action. "As a general rule, the federal

168060934.1

courts refuse to hear suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification." *Kirby v. Mellenger*, 830 F.2d 176, 177-78 (11th Cir. 1987) (quotation marks and citation omitted). Plaintiff's requested relief would require this Court to find that the state-court judgments were wrongly decided due to several purported constitutional violations by Defendants. That would necessitate this Court to inquire "into the marital or parent-child relationship" that forms the bases of the challenged state-court proceedings. *See Ingram v. Hayes*, 866 F.2d 368, 370 (11th Cir. 1988).

While the Eleventh Circuit has not addressed whether the domestic relations exception applies to cases arising under federal question jurisdiction, district courts within this Circuit repeatedly decline to exercise jurisdiction over actions that "would deeply involve them in adjudicating domestic matters" even when federal claims were asserted. *See Murphy v. Alabama*, No. CV 2:20-00183-KD-N, 2020 WL 7395139, at *3 (S.D. Ala. Dec. 16, 2020) (citation and quotation marks omitted); *Deaton v. Stephens*, No. 2:23-CV-00713-RDP, 2023 WL 6131452, at *8-9 (N.D. Ala. Sept. 19, 2023) (finding that domestic relations exception provided another reason for the court to decline to exercise jurisdiction over an action that would involve an inquiry into ongoing custody issues); *Guevara v. Padin*, No. 16-CV-23726, 2016 WL

7188783, at *3 (S.D. Fla. Nov. 9, 2016) (applying domestic relations exception and declining to exercise jurisdiction over action brought under 42 U.S.C. § 1983 challenging child support payments).

Given that Plaintiff's requested relief necessarily requires an inquiry into his divorce and child custody proceedings, the domestic relations exception provides an independent basis for this Court to abstain from exercising jurisdiction. This Court should dismiss Plaintiff's action.

**B.    Plaintiff's Claims Against Defendant Daswani are Barred Under the Doctrine of Judicial Immunity**

Dismissal is appropriate under Rule 12(b)(6) when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"[T]he Eleventh Circuit has consistently held that judicial immunity extends not only to judges, but to other persons whose official duties have an integral relationship with the judicial process." *Harpo v. Davis*, No. 1:12-cv-865-WSD, 2012

WL 1038733, at *2 (N.D. Ga. Mar. 27, 2012) (quotation marks and citation omitted). "Nonjudicial officials have absolute immunity for their duties that are integrally related to the judicial process." *Jenkins v. Clerk of Ct., U.S. Dist. Ct., S. Dist. of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005).

"Guardians ad litem in particular are entitled to absolute immunity from suits in their individual capacities." *Hill v. Manning*, No. 1:21-CV-04549-SDG, 2022 WL 4361822, at *5 (N.D. Ga. Sept. 20, 2022); *see also Coleman v. Fla. Dep't of Child. & Fam. Servs.*, No. 14-61019-CIV, 2017 WL 11886003, at *13 (S.D. Fla. Aug. 16, 2017) ("Absolute immunity also protects witnesses, court appointed psychologists, and guardians ad litem who are sued in their individual capacities under § 1983."), *R. & R. adopted sub nom. Coleman v. Guerrero*, 2017 WL 11885998 (Sept. 28, 2017).

Plaintiff's allegations surrounding Daswani show that her role as guardian ad litem in his family court proceedings had "an integral relationship with the judicial process." *See Harpo*, 2012 WL 1038733, at *2. He alleges that Daswani interviewed him, his ex-wife, and several witnesses in her role and then reported her findings to the trial court, which purportedly influenced the results of those proceedings. Daswani is therefore entitled to immunity, and Plaintiff's claims against Daswani are due to be dismissed.

168060934.1

**C.      Plaintiff Should Not be Permitted an Opportunity to Replead Because Amendment Would be Futile.**

A *pro se* plaintiff generally must be afforded an opportunity to amend their complaint to correct deficiencies in their pleadings. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991); *Lee v. Alachua Cnty., FL*, 461 F. App'x 859, 860 (11th Cir. 2012). However, a court need not provide an opportunity to replead if amendment would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed[.]" *Id.*

Because this Court lacks subject matter jurisdiction over this action as an improper collateral attack on state-court proceedings, Plaintiff cannot amend his Complaint to address its deficiencies. Plaintiff cannot allege any set of facts to overcome the obstacles with this Court's lack of jurisdiction and Daswani's immunity. Accordingly, this Court should dismiss this action without allowing Plaintiff an opportunity to replead.

### III.    <u>CONCLUSION</u>

For the reasons stated above Defendant Daswani respectfully requests that this Court grant her motion and dismiss Plaintiff's claims against her.

168060934.1

Respectfully submitted, this 10th day of December, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant*
*Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
Email:
James.Doyle@lewisbrisbois.com

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

/s/ JAMES R. DOYLE
James R. Doyle

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed the foregoing *Defendant Brandy J. Daswani's Motion to Dismiss Plaintiff's Complaint,* using the Court's CM/ECF system, which will automatically provide notice of same to all parties of record who are registered to receive notices.  In addition, the filing will be mailed to the Plaintiff at the address of record, as follows:

Mr. Matthew Harvey
501 North Slappey Boulevard
#1112
Albany, Georgia  31701

Respectfully submitted, this 10th day of December, 2025.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant*
*Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
Email:
James.Doyle@lewisbrisbois.com

168060934.1