FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 10 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:25-cv-04688-JPB |
| CLAIRE M. HARVEY, et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION FOR RECUSAL OF DISTRICT JUDGE J.P. BOULEE UNDER 28 U.S.C. § 455(a)

### I. INTRODUCTION

Plaintiff Matthew Thomas Harvey, pro se, respectfully moves for the recusal of District Judge J.P. Boulee under 28 U.S.C. § 455(a), which requires disqualification in any proceeding in which a judge's impartiality "might reasonably be questioned." Plaintiff does not assert personal bias or wrongdoing. Rather, based on a series of procedural irregularities, prior judicial involvement with one of the defendants in a federal civil-rights case, early rulings that treated individual-capacity defendants as state actors, and institutional dynamics surrounding representation by the Georgia Attorney General's Office, a reasonable observer might question the Court's ability to adjudicate this matter with the appearance of full neutrality.

1

This motion is presented respectfully, supported by federal precedent, and grounded solely in the objective appearance standard required by § 455(a).

## II. LEGAL STANDARD UNDER 28 U.S.C. § 455(a)

Section 455(a) mandates recusal where a judge's impartiality "might reasonably be questioned." The test is objective: whether a fully informed, reasonable observer would harbor doubts about the judge's neutrality. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988). This standard requires recusal even absent actual bias, as "justice must satisfy the appearance of justice." Id. at 864. Recusal is required even where a judge believes himself to be impartial; the statue protects the appearance of neutrality rather than subjective intent.

The Eleventh Circuit has repeatedly held that recusal is required where the circumstances—when viewed collectively—create an appearance of partiality or institutional alignment that could undermine public confidence in the judiciary.

## III. PROCEDURAL BACKGROUND RELEVANT TO RECUSAL

Several procedural events in this case contribute to the appearance concerns relevant under § 455(a):

1. **The Court's Early TRO Ruling [Doc. 5].**

On August 21, 2025, the Court denied Plaintiff's Emergency Motion for Temporary Restraining Order [Doc. 2] on abstention grounds, without addressing Plaintiff's specific constitutional allegations or the immediate harms alleged—including imminent incarceration, unlawful deprivation of access to his minor child, and the ongoing enforcement of orders alleged to be void for lack of due process, fraud, etc.

a. Plaintiff's TRO [Doc. 2] and Verified Complaint [Doc. 1] alleged that several of the state-court orders being enforced against him were void ab initio because they were entered without jurisdiction, without findings of fact, and in excess of judicial authority. Federal courts have long held that such ultra vires or unconstitutional orders are not entitled to abstention-based deference. See Johnson v. Mississippi, 403 U.S. 212, 216 (1971); Ex parte Young, 209 U.S. 123, 159–60 (1908). The TRO ruling did not address these allegations or analyze whether the challenged state actions exceeded lawful authority.

b. Although Plaintiff sued Defendants Brown, Marbutt, and Gore in their individual capacity, the TRO ruling treated the action as though it were directed at state officials acting in official

roles. The Order [Doc. 5] did not apply <u>Hafer v. Melo</u> or <u>Ex parte Young</u> principles, nor did it distinguish individual-capacity claims from official-capacity claims. A reasonable observer could view the omission of these threshold issues as reflecting a predisposition toward abstention rather than an evaluation of the claims as pleaded.

2. **Missing and Later-Appearing Docket Entries.**

    Multiple proof of service and waiver filings [Docs. 25–27] appeared on the docket on November 29, 2025, but were marked as filed on November 17. Their absence at the time of Plaintiff's earlier filings created procedural confusion and directly affected Plaintiff's ability to assess jurisdiction, service status, and deadlines. Because a pro se litigant relies entirely on the public docket to calculate deadlines and rights, such irregularities can reasonably create the perception that the litigation is not unfolding on equal procedural footing.

3. **Waiver Irregularities and Representation Issues.**

    The Georgia Attorney General's Office executed Rule 4(d) waivers for individual-capacity defendants without filing capacity-specific appearances under LR 83.1 and without demonstrating authority to represent them personally. A reasonable observer could view

the Court's early acceptance of this posture as reflecting an institutional alignment inconsistent with the personal-capacity framing of Plaintiff's claims.

4. **Premature Filing of Defendants' MTD [Doc. 20].**

The Motion to Dismiss was filed before several defendants had validly waived service or been served, and before personal jurisdiction attached. Subsequent rulings referencing the motion have contributed to the appearance that the Court is inclined to proceed as though all defendants were properly before the Court, despite clear procedural defects.

Viewed together, these procedural events could reasonably be understood as favoring one side's litigation posture, thus supporting recusal under § 455(a).

## IV. APPEARANCE OF INSTITUTIONAL ALIGNMENT AND STATE-DEFENSE POSTURE

Although Plaintiff has sued all individual defendants in their personal capacities, the Court's early rulings and the posture of the litigation have treated several defendants—including Defendants Brown and Marbutt—as though they were state actors entitled to Eleventh Amendment-type protections. This is inconsistent with controlling precedent.

The Supreme Court has long held that the Eleventh Amendment provides no shield where a state official, acting under color of state law, violates the Federal Constitution. In such circumstances, the official "is stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." <u>Ex parte Young</u>, 209 U.S. 123, 159–60 (1908); See also <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 237–38 (1974) (state officials may be held personally liable under § 1983 for unconstitutional acts).

A reasonable observer could conclude that the treatment of the defendants as state officers—despite the individual-capacity framing of the complaint—creates an appearance of institutional alignment between the Court, the Attorney General's Office, and the individual defendants. This is precisely the type of appearance § 455(a) seeks to prevent.

## V. DOCKET IRREGULARITIES AND THEIR IMPACT ON PUBLIC CONFIDENCE

The unusual delay between the filing dates and docket appearance dates of multiple documents [Docs. 25–27], combined with the timing of other filings, contributes to an appearance of procedural irregularity. These irregularities affected Plaintiff's Rule 15 rights, service calculations, and the ability to respond to the Motion to

Dismiss. Under <u>Liljeberg</u>, such procedural uncertainties—especially those that could reasonably appear to favor one side—are relevant to § 455(a).

Public confidence in the fairness of federal proceedings depends on the reliability of the docket, and irregular posting of filings can exacerbate appearance-of-bias concerns.

## VI. PRIOR LITIGATION INVOLVING DEFENDANT MARBUTT

This Court previously presided over <u>Similien v. The Walk at Legacy Condominium Association, Inc.</u>, No. 1:23-cv-00273 (N.D. Ga.), a federal civil-rights action in which Defendant Jason D. Marbutt was named as a defendant. While the allegations in that case differ from those here, the fact that this Court has previously adjudicated constitutional claims involving the same defendant contributes to the appearance of institutional familiarity or alignment. Under § 455(a), even the reasonable perception that a judge may be predisposed regarding a party's conduct in repeated § 1983 matters supports recusal.

## VII. APPLICATION OF THE § 455(a) STANDARD TO THESE FACTS

A reasonable, fully informed observer could conclude that:

1. The Court's early rulings treated individual-capacity defendants as state actors;

2. The Georgia Attorney General's Office appears to be defending judges and state officials in a posture inconsistent with Ex parte Young principles;

3. Docket irregularities and waiver defects were not addressed until Plaintiff raised them;

4. The Court previously adjudicated a civil-rights case involving Defendant Marbutt; and

5. These circumstances, when viewed collectively, could reasonably call into question the Court's ability to appear fully neutral in adjudicating Plaintiff's claims.

These factors satisfy the objective standard for recusal, and the appearance-of-impartiality standard does not require proof of bias; it is enough that an objective observer might reasonably question the Court's neutrality.

## VIII. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully moves that District Judge J.P. Boulee recuse himself from further participation in this matter under 28 U.S.C. § 455(a), and that the Clerk reassign this case to a different Article III judge of this District.

Respectfully submitted this 8th day of December, 2025.

<u>/s/ Matthew Thomas Harvey</u>
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Blvd. #1112
Albany, Georgia 31701
<u>Mharvey7744@gmail.com</u>
(912) 346-5299

## **CERTIFICATE OF SERVICE**

I certify that on the date below, I served the foregoing *Plaintiff's Motion for Recusal of District Judge J.P. Boulee Under 28 U.S.C. § 455(a)* as follows:

Via Email (counsel of record):

- Noah Green, counsel for Claire M. Harvey — ngreen@henefeldgreen.com

- Christine L. Mast & Jamie McDowell, counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; Molly Y. Teplitzky — cmast@hpylaw.com; jmcdowell@hpylaw.com

- Courtney Walker, Hall Booth Smith, P.C., counsel for Kim C. Oppenheimer — cwalker@hallboothsmith.com

- William L. Tomlin, counsel for Angela Z. Brown; Jason D. Marbutt; Jeffrey M. Gore; Georgia Department of Human Services; Governor Brian P. Kemp — wtomlin@law.ga.gov

Via U.S. Mail (counsel of record):

- James R. Doyle, II, counsel for Brandy J. Daswani —

  Lewis, Brisbois, Bisgaard & Smith, LLP

  600 Peachtree Street, NE

  Suite 4700

  Atlanta, GA 30308

This 8th day of December, 2025.

                                                <u>/s/ Matthew Thomas Harvey</u>
                                                **Matthew Thomas Harvey**
                                                Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

Clerk of Court
U.S. District Court, Northern District of Georgia
Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA 30303

December 8, 2025

Re: Harvey v. Harvey, et al., Case No. 1:25-cv-04688-JPB

Dear Clerk of Court:

I respectfully submit the enclosed original filings for docketing in the above-referenced matter. I am proceeding pro se and am mailing these documents for filing pursuant to the Court's rules.

Please docket the enclosed filings with respective certificates of service in the following order:

1. Plaintiff's Amended Motion to Strike Defendants' Motion to Dismiss [Doc. 20];

2. Plaintiff's Motion for Extension of Time to File an Amended Complaint;

3. Plaintiff's Motion for Recusal of District Judge J.P. Boulee Under 28 U.S.C. § 455(a).

If the Court requires anything further or if any issue arises with the filing of these materials, please notify me at the mailing address or email listed above.

Thank you for your time and assistance.

Respectfully submitted,

/s/ Matthew Thomas Harvey
Matthew Thomas Harvey
Plaintiff, pro se

c/o 501 North Slappey Blvd. #1112
Albany, Georgia 31701
Email: Mharvey7744@gmail.com

**Extremely Urgent**

Visit **UPS.com**

Apply shipping documents on this side

**Scan QR code to schedule a pickup**

This envelope is for use with the following services: **UPS Next Day Air®**
**UPS Worldwide Express®**
**UPS 2nd Day Air®**
**UPS Worldwide Expedited®**

Do not use this envelope for: **UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**

**Domestic Shipments**
- To qualify for the letter rate, UPS Express® envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**
- The UPS Express envelope may be used only for documents of no commercial value. Certian countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.
- To qualify for the letter rate, the UPS Express envelope must weigh 8 oz. or less. UPS express envelopes weighing more than 8 oz. will be billed by weight.

**Note:** UPS Express envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.



MATTHEW HARVEY
(912) 348-5289
THE UPS STORE #1099
2021 NORTH SLAPPY BLVD
ALBANY GA 31701-1001

SHIP RICHARD B RUSSELL FEDERAL BUILDING
TO: US DISTRICT COURT
75 TED TURNER DR SW

ATLANTA GA 30303-3315

GA 303 9-02

UPS NEXT DAY AIR
TRACKING #: 1Z 015 A44 01 9014 9777

BILLING: P/P

CLEARED SECURITY
U.S. MARSHALS SERVICE
Augusta, Georgia
DEC 10 2025

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com
010195101  9/20  PAC  United Parcel Service

80% Post-Consumer Content

