FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 10 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLAIRE M. HARVEY, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 1:25-cv-04688-JPB |

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE HIS AMENDED COMPLAINT

#### I. INTRODUCTION AND REQUEST FOR RELIEF

Plaintiff Matthew Thomas Harvey, pro se, respectfully moves the Court for a short extension of time to file his Amended Complaint. Plaintiff does not make this request lightly. In fact, he has worked diligently from the outset to prosecute this case without seeking any delay. Plaintiff did not want to file this motion. However, the procedural posture created by Defendants' filings has become so unclear, and the record so unstable, that Plaintiff cannot responsibly or accurately amend his complaint until the threshold issues are clarified.

#### II. RELEVANT PROCEDURAL BACKGROUND

Under Rule 15(a)(1)(B), Plaintiff's right to amend as of course depends on the service of a valid Rule 12(b) motion. On November 18,

1

2025, Defendants filed a joint Motion to Dismiss [Doc. 20]. Plaintiff filed a timely Motion to Strike [Doc. 31] because the motion was filed on behalf of defendants who were not properly before the Court and by counsel who had not entered the required individual-capacity appearances.

As explained in Plaintiff's concurrently filed Amended Motion to Strike, several procedural irregularities remain unresolved:

- The Attorney General's Office executed Rule 4(d) waivers for individual-capacity defendants without authority to bind them;
- Defendant Gore's waiver was not filed until December 1, 2025—nearly two weeks after the Motion to Dismiss was filed;
- DHS has not yet been properly served or waived service;
- No LR 83.1 appearance has been filed for any individual-capacity defendant; and
- Multiple docket entries [Docs. 25–27] were entered on November 29 but marked as filed November 17, creating confusion about service status, response deadlines, and whether the Rule 12(b) motion was properly triggered.

### III. GOOD CAUSE EXISTS UNDER RULE 6(b)

Plaintiff has acted in good faith and has not sought delay. Instead, Plaintiff immediately filed a Motion to Strike the improper

Rule 12(b) motion and now submits this request in order to allow the Court to address the defects. Plaintiff has made every effort to keep this case moving, but the ongoing discrepancies and unpredictable procedural developments have left Plaintiff unable to determine: (a) which defendants are properly before the Court; (b) which defenses or immunities are ripe for amendment; and (c) whether any Rule 15(a)(1)(B) deadline has been validly triggered.

Because an early Rule 12(b) motion triggers Rule 15(a)(1)(B)'s amendment window only when it is legally valid and filed by defendants properly before the Court, the defects in Doc. 20 make it impossible to determine whether that window has opened at all.

## IV. AN EXTENSION PROMOTES JUDICIAL ECONOMY AND ACCURACY

In its current procedural condition, filing an amended complaint now would risk being incomplete, inaccurate, or inconsistent with the Court's eventual rulings on service, appearance, and proper party alignment. Granting this modest extension will streamline proceedings and avoid duplicative amendments, thereby conserving judicial resources. Plaintiff is seeking only enough time to file one unified, accurate, procedurally proper amended complaint—not to delay proceedings.

## V. NO DEFENDANT WILL SUFFER PREJUDICE

Moreover, because Doc. 20 may ultimately be stricken in whole or part, Plaintiff cannot reliably determine which defenses, immunities, or jurisdictional issues must be addressed in the amended complaint unless and until the Court resolves the pending threshold motions. This extension also protects Defendants by ensuring that any amended complaint fully and accurately reflects the aligned parties and proper procedural posture, avoiding unnecessary confusion or supplemental amendments later.

Courts in this Circuit routinely grant extensions under Rule 6(b) when early procedural confusion, defective appearances, or docket irregularities would otherwise prejudice a pro se litigant's ability to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962) ("leave shall be freely given when justice so requires"); Bryant v. Dupree, 252 F.3d 1161, 1163–64 (11th Cir. 2001) (liberal amendment policy).

No defendant will be prejudiced by the requested extension. Several defendants themselves have sought additional time or have not yet properly appeared, and the case is still in its earliest posture.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests:

1. That the Court extend Plaintiff's deadline to file his Amended Complaint through December 30, 2025; or

2. In the alternative, that the Court order Plaintiff's amended-complaint deadline to run 14 days after the Court resolves: (i) Plaintiff's Amended Motion to Strike the Motion to Dismiss; and (ii) all related service and appearance issues identified in Plaintiff's filings.

Plaintiff reiterates that he does not seek this extension to delay this case, but simply because, in its current procedural condition, he cannot submit a complete and accurate amended complaint without risking prejudice or inconsistency.

Respectfully submitted this 8th day of December, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Blvd. #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

## CERTIFICATE OF SERVICE

I certify that on the date below, I served the foregoing *Plaintiff's Motion for Extension of Time to File His Amended Complaint* as follows:

Via Email (counsel of record):

- Noah Green, counsel for Claire M. Harvey — ngreen@henefeldgreen.com

- Christine L. Mast & Jamie McDowell, counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; Molly Y. Teplitzky — cmast@hpylaw.com; jmcdowell@hpylaw.com

- Courtney Walker, Hall Booth Smith, P.C., counsel for Kim C. Oppenheimer — cwalker@hallboothsmith.com

- William L. Tomlin, counsel for Angela Z. Brown; Jason D. Marbutt; Jeffrey M. Gore; Georgia Department of Human Services; Governor Brian P. Kemp — wtomlin@law.ga.gov

Via U.S. Mail (counsel of record):

- James R. Doyle, II, counsel for Brandy J. Daswani —

    Lewis, Brisbois, Bisgaard & Smith, LLP

    600 Peachtree Street, NE

    Suite 4700

    Atlanta, GA 30308

This 8th day of December, 2025.

/s/ Matthew Thomas Harvey
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299