## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY, | |
| Plaintiff, | |
| v. | |
| CLAIRE M. HARVEY; ANGELA Z. BROWN; JASON D. MARBUTT; JEFFREY M. GORE; BRANDY J. DASWANI; KIM C. OPPENHEIMER; KESSLER & SOLOMIANY, LLC; STEFANIE S. POTTER, MOLLY Y. TEPLITZKY; GEORGIA DEPARTMENT OF HUMAN SERVICES; BRIAN P. KEMP, in his official Capacity as Governor of Georgia, | CIVIL ACTION FILE NO. 1:25-CV-04688-JPB |
| Defendants. | |

### BRIEF IN SUPPORT OF DEFENDANTS KESSLER & SOLOMIANY, LLC, STEFANIE S. POTTER, AND MOLLY Y. TEPLITZKY'S MOTION TO DISMISS

Defendants Kessler & Solomiany, LLC, Stefanie S. Potter, and Molly Y. Teplitzky (collectively, the "Kessler Defendants"), through counsel, respectfully submit this brief in support of their motion to dismiss all claims asserted against them for failure to state a claim and lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and (6).

## I.  INTRODUCTION

Plaintiff's Verified Complaint (Doc. 1) asserts an array of constitutional, statutory, and common-law claims against numerous public and private defendants arising from domestic-relations litigation in Georgia state court. As to Kessler & Solomiany, LLC ("K&S") and its attorneys Stefanie S. Potter and Molly Y. Teplitzky (collectively, the "Kessler Defendants"), Plaintiff alleges that, by representing Claire Harvey in divorce, custody, fee, and contempt proceedings, they acted "under color of state law," conspired with judicial officers and a guardian ad litem, and committed torts based on litigation conduct. These allegations fail as a matter of law, and Plaintiff's Complaint must be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

At bottom, Plaintiff seeks federal review and invalidation of state domestic-relations judgments and enforcement orders. Those efforts are jurisdictionally barred by the Rooker-Feldman doctrine and domestic-relations abstention principles, and, independently, fail to state plausible claims against private attorneys who are not state actors for § 1983 purposes, and against whom the pleaded conspiracy and tort theories are conclusory and deficient under *Twombly/Iqbal*. Also, many of Plaintiff's claims are barred by the statute of limitations.

## II.    FACTUAL ALLEGATIONS

Plaintiff's Complaint is a collateral attack on state court proceedings adjudicated in the Superior Court of Cobb County, Georgia. *Id.* at ¶¶ 1-2. The allegations arise from divorce and contempt proceedings between Plaintiff and Defendant Claire M. Harvey ("Claire") in state court. Doc. 1, ¶ 2. The Kessler Defendants were Claire's attorneys in those proceedings. *Id.* at ¶¶ 18-20. The Complaint attempts to shoehorn standard litigation practices into a federal civil rights conspiracy. *Id.* at ¶¶ 1-6.

The Complaint alleges that the Kessler Defendants represented Plaintiff's former spouse in Georgia domestic proceedings beginning in 2020, used temporary protective orders and consent orders as leverage, communicated with a guardian ad litem and the court, examined Plaintiff at depositions and trial, sought attorney's fees, and pursued contempt regarding a fees judgment. *Id.* at ¶¶ 27, 31, 44, 57, 59, 67–74, 81–87, 93–96. Plaintiff asserts federal claims under 42 U.S.C. §§ 1983, 1985, 1986, the ADA (Title II), and constitutional amendments (First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, Fourteenth), plus Georgia common-law claims (e.g., intentional infliction of emotional distress), and asks this Court to declare various Georgia orders void ab initio, enjoin their enforcement, and award damages. (Doc. 1, Counts I–XVI; Prayer for Relief). *See Id.*

### III.    LEGAL STANDARDS

Under Fed. R. Civ. P. 12(b)(1), a case must be dismissed where the Court lacks subject-matter jurisdiction, including where claims invite lower federal court review of state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–284 (2005) (explaining *Rooker-Feldman's* scope).

Under Fed. R. Civ. P. 12(b)(6), a complaint must plead enough facts to state a claim to relief that is plausible on its face; labels, conclusions, and formulaic recitations do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### IV.    ARGUMENT AND CITATION OF AUTHORITY

**A.    The Court Lacks Jurisdiction Over Plaintiff's Collateral Attack on State Domestic-Relations Judgments. (All Counts)**

**1.    Rooker-Feldman Bars Relief Directed at Injury Caused by State-Court Judgments.**

Plaintiff's federal Complaint seeks declarations that Georgia state divorce, custody, contempt, and fee orders are void, expungement of related records, and injunctions against enforcement. The relief sought is a quintessential collateral attack on state judgments. *Rooker-Feldman* deprives lower federal courts of jurisdiction where the federal plaintiff complains of injury from state-court judgments and asks the court to review and reject those judgments. *Exxon Mobil*, 544 U.S. at 284 (*Rooker-Feldman* doctrine applies when a plaintiff's injury is

produced by the state judgment itself). The Complaint confirms that the alleged harms flow from entry and enforcement of state orders (e.g., custody, support, fees, contempt, protective orders) Doc. 1 ¶¶ 73–76, 79–96; Prayer ¶¶ A.3–B.1–B.5. Such claims may not be entertained in federal district court. *See Behr v. Campbell*, 8 F.4th 1206, 1212–15 (11th Cir. 2021) (explaining focus on whether injury is caused by the state judgment).

We note that *Behr* significantly limited the application of the *Rooker-Feldman* doctrine in the Eleventh Circuit. *Id.* The *Behr* court held that the *Rooker-Feldman* doctrine bars only "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 1212 (citing *Exxon*). The plaintiffs in *Behr* brought similar claims to those alleged by Plaintiff here, for declaratory and injunctive relief as well as monetary damages related to domestic state court proceedings. The Eleventh Circuit found that the district court erred in a sweeping dismissal of all claims rather than performing a claim-by-claim analysis of whether each claim required a review and rejection of a state court judgment.

> . . . they do not raise these constitutional claims to undo the state court's child custody decision; they want money damages for constitutional violations. In other words, they are not raising these due process claims so that we can 'review and reject' the state court's child custody judgment. That would be a violation of *Rooker-Feldman*.

> Instead, they are asking us to consider whether their constitutional rights were violated during the proceedings and whether they are entitled to damages for those violations. That claim falls outside *Rooker-Feldman's* boundaries.

*Id.* at 1213.

In the case at hand, the Kessler Defendants ask that the Court dismiss all of Plaintiff's claims related to declaratory relief, injunctive relief, and expungement and record clearance under the *Rooker-Feldman* doctrine. Plaintiff's Complaint contains fourteen (14) Counts against the Kessler Defendants. Each Count requests declaratory and injunctive relief related to enforcement of the state court judgments as well as monetary damages. Plaintiff's claims for declaratory and injunctive relief are barred as Plaintiff asks this Court to "review and reject" the state court's judgments. *Id.* Even if Plaintiff's claims for monetary damages are not barred by the *Rooker-Feldman* doctrine, as discussed below, the remaining claims should be dismissed on other grounds.

## 2.  Domestic-Relations Exception and Abstention Principles Independently Warrant Dismissal or Abstention.

Even where federal-question jurisdiction is alleged, federal courts appropriately abstain from interfering in divorce, custody, and child-support disputes—areas traditionally entrusted to state courts. *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992) (recognizing exception in diversity and reaffirming federal reluctance to meddle in domestic relations). The Eleventh Circuit has repeatedly

discouraged federal involvement where adjudication would require modifying or nullifying state domestic-relations orders. *See Ingram v. Hayes*, 866 F.2d 368, 389 (11th Cir. 1988) ("federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state modification"). *See also Arnold v. Patterson*, No. 24-10188, 2024 U.S. App. LEXIS 15457, at *2 (11th Cir. June 25, 2024) (complaint fell within the domestic relations exception to diversity jurisdiction, as claims stemmed from custody and child-support orders, an area from which federal courts should generally abstain). To the extent Plaintiff's claims would require this Court to revisit custody, visitation, support, contempt, or fee determinations, abstention is appropriate, and dismissal is warranted.

**B.    The § 1983 Claims Fail Because Private Attorneys Are Not State Actors, and Plaintiff's Conspiracy Allegations Are Conclusory. (Counts I-X; XIII)**

  **1.    Private Attorneys Do Not Act "Under Color of State Law" by Representing Clients.**

As private attorneys, the Kessler Defendants are not state actors for purposes of § 1983 liability. Section 1983 applies only to actions taken "under color of" state law. The Supreme Court and Eleventh Circuit have long held that lawyers, even those appointed or otherwise engaged in judicial processes, do not become state actors merely by performing traditional legal functions. *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981) ("a lawyer representing a client is not, by virtue of being

an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); *Yeh Ho v. Sabocik*, 775 F. App'x 551 (11th Cir. 2019) (holding "private attorneys who represented plaintiff's brother, in state-court proceedings concerning guardianship matters and probate matters for mother, engaged in state-court process and obtained court orders, did not make the attorneys state actors, as would be required for plaintiff's due process claims against attorneys and for attorneys' liability under § 1983"). Plaintiff's allegations that the Kessler Defendants filed motions, examined witnesses, communicated with court personnel and a GAL, and pursued fee/contempt remedies describe routine litigation activities. Such conduct does not satisfy any state-action test. *Id.* Plaintiff's § 1983 claims against the Kessler Defendants must be dismissed.

### 2. Conclusory "Joint Action" and "Conspiracy" Allegations Are Insufficient Under *Twombly/Iqbal*.

To plead joint action or conspiracy with state officials, a plaintiff must allege specific, non-conclusory facts showing an agreement to violate rights and overt acts in furtherance. Mere parallel conduct, communication in litigation, or access to the courts is not enough. *Twombly*, 550 U.S. at 556–57; *Iqbal*, 556 U.S. at 678–79; *Dennis v. Sparks*, 449 U.S. 24, 28–29 (1980) (recognizing possibility of private party liability for conspiracies with judges but requiring specific factual showing). The Complaint contains no concrete facts establishing any agreement between the Kessler Defendants and state actors to commit unlawful acts; the allegations are

speculative and conclusory. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) (conclusory conspiracy claims insufficient).

**C.    The § 1985(3) and § 1986 Claims Fail as a Matter of Law. (Counts X-XI)**

>    **1.    § 1985(3) Requires Specific Facts Showing Class-Based, Invidious Animus and an Agreement.**

A § 1985(3) conspiracy must be pleaded with particularity and requires class-based, invidious discriminatory animus (e.g., race), an agreement among defendants, and an act in furtherance causing injury. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The Eleventh Circuit construes § 1985(3) narrowly and routinely dismisses claims lacking specific facts demonstrating animus and agreement. *See Childree v. UAP/GA AG Chem., Inc.*, 92 F.3d 1140, 1145–46 (11th Cir. 1996). Plaintiff's generalized assertions of bias without plausible factual detail tying the Kessler Defendants to any conspiratorial agreement, do not suffice.

>    **2.    § 1986 Fails Derivatively.**

A § 1986 claim depends on a viable § 1985 claim; without the latter, the former must be dismissed. *Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997) (per curiam).

**D.    Plaintiff's Federal Constitutional Claims Against Private Defendants Fail. (Counts II-IX; XIII)**

Constitutional amendments constrain state action; they do not supply causes of action against private actors absent state involvement. *See Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) (private actor not subject to constitutional claims absent state action). Plaintiff's claims under the First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments therefore fail as to the Kessler Defendants, a private law firm and its attorneys. *Williams v. Brooks Trucking Co.*, 757 F. App'x 790, 794 (11th Cir. 2018) (affirming dismissal of constitutional claims against private attorneys).

**E.    Plaintiff's State Constitutional Claims Fail. (Count XVI)**

Georgia courts have long held that Georgia law contains "no equivalent to 42 USC § 1983, which gives a claim against a state officer individually for certain unconstitutional acts." *Howard v. Miller*, 222 Ga. App. 868, 871 (1996); *see also Draper v. Reynolds*, 278 Ga. App. 401, 403 (2006). Based on this authority, there is no viable private cause of action against the Kessler Defendants. *See also Collins v. Schantz*, 369 Ga. App. 282 (2023). As such, Plaintiff's claims for violations of the Georgia Constitution must fail. *Dixon v. Ga. Dep't of Pub. Safety*, 135 F. Supp. 3d 1362, 1372 (S.D. Ga. 2015) (dismissing state constitutional claims against defendant in his individual capacity).

**F.    Plaintiff's State Law Claims Fail. (Count XV)**

Plaintiff's state law claims for intentional infliction of emotional distress against the Kessler Defendants exclusively concern their representation of a client—filing motions, pursuing fees and contempt, examining witnesses, communicating with a GAL or chambers—all core litigation activities.

In Georgia, the elements supporting a cause of action for IIED are: 1) intentional or reckless conduct; 2) that is extreme and outrageous; 3) a causal connection between the wrongful conduct and the emotional distress; and 4) severe emotional distress. *Ferrell v. Mikula*, 295 Ga. App. 326 (2008) (*citing Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227 (1985)). Liability for this tort has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Id.* "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. . ." *Carruth v. Roberts*, 189 Ga. App. 247 (1988).

In the instant case, the behavior attributed to the Kessler Defendants is merely that which is often associated with the representation of a client in litigation: the filing of motions, pursuing fees and contempt, examining witnesses, communicating with a GAL or chambers. To say that an attorney acting on behalf of a party to litigation engages in the intentional infliction of emotional distress would ascribe a

right of recovery to nearly any party engaged in litigation. Plaintiff's Complaint has not sufficiently pled an IIED claim as a matter of law.

**G.    Res Judicata and Collateral Estoppel Preclude Re-litigation of Issues Decided or that Could Have Been Raised in State Court. (All Counts)**

Federal courts must give state-court judgments the same preclusive effect they would have in the courts of that state. 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 96–105 (1980). Georgia's claim and issue preclusion rules bar claims that were or could have been raised in the prior domestic proceedings, including attacks on custody, support, fees, and contempt determinations, as well as matters necessarily decided therein. *See Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 547–48 (2006) (elements of res judicata under Georgia law); *Waldroup v. Greene Cnty. Hosp. Auth.*, 265 Ga. 864, 866–67 (1995) (collateral estoppel). Plaintiff's attempt to re-package domestic litigation grievances as federal civil-rights claims cannot avoid preclusion.

**H.    Plaintiff's Claims are Barred by the Statute of Limitations. (All Counts)**

Plaintiff's claims, including his constitutional claims, are barred by the statute of limitations. Constitutional claims brought under § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of

limitations, "[f]ederal law determines when the statute of limitations begins to run." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).

Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* "The statute of limitations for claims brought under § 1983 begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant." *Johnson v. County of Paulding*, 780 F. App'x 796, 798 (11th Cir. 2019).

As to the Kessler Defendants, Plaintiff's claims concern many factual circumstances that occurred more than two years before Plaintiff filed his Complaint. The only alleged act of the Kessler Defendants that occurred within two years of Plaintiff's Complaint arises from Defendant Teplitsky's filing of a civil contempt motion on September 29, 2023. Doc. 1, ¶ 86. The last act of Defendant Potter occurred in "mid-July 2023." Doc 1., ¶ 82. Plaintiff does not allege that he was unaware of the facts supporting his claims at the time they occurred. *Johnson* at 798. Plaintiff's claims against the Kessler Defendants that arise from acts that occurred more than two years before Plaintiff filed his Complaint must be dismissed.

## V.    CONCLUSION

For the foregoing reasons, the Kessler Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's claims against them.

This 12th day of December, 2025.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree Street, Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 *(phone)*
(855) 889-4588 *(fax)*
cmast@hpylaw.com
jmcdowell@hpylaw.com

*/s/ Christine L. Mast*

Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129
*Counsel for Kessler & Solomiany, LLC;*
*Stefanie S. Potter; and Molly Y. Teplitzky*

-14-

## <u>CERTIFICATION AS TO FONT</u>

Pursuant to Local Rule 7.1(D), I hereby certify that this motion is submitted in Times New Roman 14-point type as required by Local Rule 5.1(C).

*/s/ Christine L. Mast*
Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day served the foregoing **BRIEF IN SUPPORT OF DEFENDANTS KESSLER & SOLOMIANY, LLC, STEFANIE S. POTTER, AND MOLLY Y. TEPLITZKY'S MOTION TO DISMISS**, with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all counsel of record, and served a copy of the same to Plaintiff via email and United States Mail with adequate postage attached:

Matthew Thomas Harvey
c/o 501 North Slappey Boulevard
#1112
Albany, Georgia 31701
mharvey7744@gmail.com
*Plaintiff (pro se)*

Noah Green
Henefeld & Green, P.C.
3017 Bolling Way NE
Suite 129
Atlanta, GA 30305
ngreen@henefeldgreen.com
*Counsel for Defendant Claire Harvey*

William L. Tomlin
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
wtomlin@law.ga.gov
*Counsel for the State Defendants*

James R. Doyle , II
Lewis, Brisbois, Bisgaard & Smith, LLP
600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
james.doyle@lewisbrisbois.com
*Counsel for Defendant Daswani*

Courtney B. Walker
Hall Booth Smith, P.C.
191 Peachtree St. NE, Suite 29C
Atlanta, GA 30303
cwalker@hallboothsmith.com
*Counsel for Defendant Oppenheimer*

This 12th day of December, 2025.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 *(phone)*
(855) 889-4588 *(fax)*
cmast@hpylaw.com
jmcdowell@hpylaw.com

*/s/ Christine L. Mast*
Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129
*Counsel for Kessler & Solomiany, LLC;*
*Stefanie S. Potter; and Molly Y. Teplitzky*