UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br><br>　　Plaintiff,<br>v.<br><br>CLAIRE M. HARVEY; ANGELA Z. BROWN; JASON D. MARBUTT; JEFFREY M. GORE; BRANDY J. DASWANI; KIM C. OPPENHEIMER; KESSLER & SOLOMIANY, LLC; STEFANIE S. POTTER, MOLLY Y. TEPLITZKY; GEORGIA DEPARTMENT OF HUMAN SERVICES; BRIAN P. KEMP, in his official Capacity as Governor of Georgia,<br><br>　　Defendants. | CIVIL ACTION FILE<br>NO. 1:25-CV-04688-JPB |

## DEFENDANTS KESSLER & SOLOMIANY, LLC, STEFANIE S. POTTER, AND MOLLY Y. TEPLITZKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECUSAL OF DISTRICT JUDGE J.P. BOULEE UNDER 28 U.S.C. § 455(a)

Defendants Kessler & Solomiany, LLC, Stefanie S. Potter, and Molly Y. Teplitzky (collectively, the "Kessler Defendants"), through counsel, submit this Response in Opposition to Plaintiff's Motion for Recusal of District Judge J.P. Boulee Under 28 U.S.C. § 455(a).

## I.  INTRODUCTION

Plaintiff's Motion asks the Court to recuse based on (i) disagreements with the Court's rulings, (ii) routine administrative tasks handled by the Clerk's Office, (iii) the Georgia Attorney General's ordinary appearance for certain defendants, and (iv) the Court's prior, unrelated judicial exposure to one defendant in another case. Doc. 35. These grounds, either alone or in combination, do not provide an objective basis for a reasonable, fully informed observer to question Judge Boulee's impartiality under 28 U.S.C. § 455(a). The recusal motion relies on speculation and dissatisfaction with ordinary judicial decisions, which "almost never" warrant recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). It should be denied.

## II.  LEGAL STANDARD FOR RECUSAL

> Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

*See* 28 U.S.C. § 455(a). The test under § 455 is objective and requires the court to ask whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 866 (1988); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Said "objective observer is one who is a well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *See Prosper v. Navy Fed. Credit Union*, No. 1:22-CV-01301-SCJ, 2022 U.S. Dist. LEXIS 222954, at *4-5 (N.D. Ga. Oct. 28, 2022) (quoting *Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). Judicial rulings, routine case-management actions, and in-court conduct are not a basis for recusal absent "deep-seated favoritism or antagonism." *Liteky*, 510 U.S. at 555; *Evergreen*, 570 F.3d 1257 at 1265–66.

### III. ARGUMENT AND CITATION OF AUTHORITY

**A. Plaintiff's disagreement with the Court's TRO ruling is not a ground for recusal.**

Plaintiff contends that the Court's TRO order relied on abstention and did not address all asserted constitutional theories, including his characterizations of certain state orders as void. Even if a party believes a ruling is incorrect, that is a matter for motion practice or appeal—not recusal. *Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). The Eleventh Circuit likewise rejects attempts to transform adverse rulings into a basis for recusal. *See Bolin*, 225 F.3d at 1239; *Evergreen* 570 F.3d at 1274 ("a recusal motion is an improper vehicle to dispute disagreeable adverse rulings. It is a clear abuse of such a pleading.") A judge's preliminary assessment of capacity pleadings or abstention factors does not create partiality. *Liteky*, 510 U.S. at 555–56.

**B.      Docket entries are clerical matters and do not suggest partiality.**

Plaintiff points to filings appearing on the docket several days after their file-stamp dates and asserts this "created procedural confusion." These are administrative functions performed by the Clerk's Office, not evidence of judicial partiality. *Liteky*, 510 U.S. at 555 (recusal not predicated on "ordinary efforts at courtroom administration"). Plaintiff alleges no intentional manipulation, no *ex parte* communications, and no extrajudicial facts that would cause a reasonable observer to doubt neutrality. *See Bolin*, 225 F.3d at 1239; *Evergreen* 570 F.3d at 1274.

To the extent that docket timing affects deadlines, the Federal Rules and local rules provide remedial tools (motions to extend, to correct, or to deem filings timely) without impugning the Court's impartiality. *See* Fed. R. Civ. P. 6(b); N.D. Ga. LR 7.1. Plaintiff identifies no prejudice traceable to the Court, and speculation cannot satisfy § 455(a). *See Evergreen*, 570 F.3d at 1263–66.

**C.      The Attorney General's representation does not create an appearance of bias.**

Plaintiff argues the Georgia Attorney General's Office executed Rule 4(d) waivers and appeared without "capacity-specific" filings and suggests this reflects "institutional alignment." But the decision whether and in what capacity to represent current or former state officials is a client-side authorization question governed by state law and professional-responsibility rules. It does not implicate the Court's

-4-

impartiality. Courts regularly see state attorneys defend officials sued in both individual and official capacities where the alleged conduct arose from the performance of official duties. *See Hafer v. Melo*, 502 U.S. 21, 25–27 (1991). Whether a particular defendant is properly sued in a given capacity, or enjoys immunities (e.g., judicial, quasi- judicial, qualified), is a merits question—not a § 455(a) recusal issue. *See Bolin*, 225 F.3d at 1239; *Evergreen* 570 F.3d at 1274.

**D.     Prior judicial exposure to Defendant Marbutt in an unrelated case is not a basis for recusal.**

Plaintiff asserts the Court previously presided over *Similien v. Walk at Legacy Condo Ass'n*, No. 1:23-CV-0273-JPB (N.D. Ga. 2023), in which Defendant Jason D. Marbutt was named. Prior judicial exposure to a party in unrelated litigation does not mandate recusal. *See Bolin*, 225 F.3d at 1239 (prior judicial involvement and knowledge gained in judicial proceedings are not extrajudicial and do not require disqualification); *Liteky*, 510 U.S. at 551 ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" ordinarily do not require recusal). Plaintiff alleges no personal relationship, no extrajudicial information, and no § 455(b) ground for recusal. A reasonable observer would not infer partiality from the mere fact that the Court adjudicated a different case with some overlapping names.

**E.  The collective-effects theory does not create an objective appearance of partiality.**

Plaintiff urges the Court to view his asserted grounds "collectively." Courts do consider the totality of circumstances under § 455(a), but the aggregation of non-grounds does not produce a ground. *See United States v. Alabama*, 582 F. Supp. 1197, 1204-1205 (N.D. Ala. 1984) *aff'd*, 762 F.2d 1021 (11th Cir. 1985) (holding that these various circumstances in combination require disqualification would be tantamount to holding that adding several zeros together would produce something more than zero). Here, each item is either a routine judicial ruling, a clerical matter, or a lawful representation decision by counsel, none of which involves an extrajudicial source of bias, a personal interest, or conduct evincing "deep-seated favoritism or antagonism." *Liteky*, 510 U.S. at 555.

## IV.  CONCLUSION

Because Plaintiff identifies no facts that would cause a reasonable, fully informed observer to question Judge Boulee's impartiality, the motion fails under § 455(a). The Kessler Defendants respectfully request that the Court DENY Plaintiff's Motion for Recusal.

This 12th day of December, 2025.

                                              **HAWKINS PARNELL & YOUNG, LLP**

                                              */s/ Christine L. Mast*

303 Peachtree Street, Suite 4000     Christine L. Mast
Atlanta, GA 30308-3243                 Georgia Bar No. 461349
(404) 614-7400 *(phone)*                  Jamie McDowell
(855) 889-4588 *(fax)*                     Georgia Bar No. 964129
cmast@hpylaw.com                       *Counsel for Kessler & Solomiany, LLC;*
jmcdowell@hpylaw.com                *Stefanie S. Potter; and Molly Y. Teplitzky*

## **CERTIFICATION AS TO FONT**

Pursuant to Local Rule 7.1(D), I hereby certify that this motion is submitted in Times New Roman 14-point type as required by Local Rule 5.1(C).

*/s/ Christine L. Mast*
Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129

## CERTIFICATE OF SERVICE

I certify that I have this day served the foregoing **DEFENDANTS KESSLER & SOLOMIANY, LLC, STEFANIE S. POTTER, AND MOLLY Y. TEPLITZKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECUSAL OF DISTRICT JUDGE J.P. BOULEE UNDER 28 U.S.C. § 455(a)**, with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all counsel of record, and served a copy of the same to Plaintiff via email and United States Mail with adequate postage attached:

| | |
|---|---|
| Matthew Thomas Harvey<br>c/o 501 North Slappey Boulevard<br>#1112<br>Albany, Georgia 31701<br>mharvey7744@gmail.com<br>*Plaintiff (pro se)* | Noah Green<br>Henefeld & Green, P.C.<br>3017 Bolling Way NE<br>Suite 129<br>Atlanta, GA 30305<br>ngreen@henefeldgreen.com<br>*Counsel for Defendant Claire Harvey* |
| William L. Tomlin<br>Georgia Department of Law<br>40 Capitol Square SW<br>Atlanta, GA 30334<br>wtomlin@law.ga.gov<br>*Counsel for the State Defendants* | James R. Doyle, II<br>Lewis, Brisbois, Bisgaard & Smith, LLP<br>600 Peachtree Street, NE<br>Suite 4700<br>Atlanta, GA 30308<br>Fax: (404) 467-8845<br>james.doyle@lewisbrisbois.com<br>*Counsel for Defendant Daswani* |
| Courtney B. Walker<br>Hall Booth Smith, P.C.<br>191 Peachtree St. NE, Suite 29C<br>Atlanta, GA 30303<br>cwalker@hallboothsmith.com<br>*Counsel for Defendant Oppenheimer* | |

This 12th day of December, 2025.

|  |  |
|---|---|
| | **HAWKINS PARNELL & YOUNG, LLP** |
| | */s/ Christine L. Mast* |
| 303 Peachtree Street, Suite 4000 | Christine L. Mast |
| Atlanta, GA  30308-3243 | Georgia Bar No. 461349 |
| (404) 614-7400 *(phone)* | Jamie McDowell |
| (855) 889-4588 *(fax)* | Georgia Bar No. 964129 |
| cmast@hpylaw.com | *Counsel for Kessler & Solomiany, LLC;* |
| jmcdowell@hpylaw.com | *Stefanie S. Potter; and Molly Y. Teplitzky* |