## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MATTHEW THOMAS HARVEY

      Plaintiff, pro se

v.

CLAIRE M. HARVEY, ANGELA Z.
BROWN, JASON D. MARBUT; JEFFREY
M. GORE, BRANDY J. DASWANI, KIM C.
OPPENHEIMER, KESSLER &
SOLOMIANY, STEFANIE S. POTTER,
MOLLY Y. TEPLITZKY, GEORGIA
DEPARTMENT OF HUMAN SERVICES,
BRIAN P. KEMP, in his Capacity as
Governor of Georgia

      Defendants.

CIVIL ACTION FILE NO.
1:25-cv-04688-JPB

---

## DEFENDANT KIM C. OPPENHEIMER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, DEFENDANT KIM C. OPPENHEIMER ("Defendant") and hereby file this, her Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim and Brief in support thereof, pursuant to O.C.G.A. § 9-11-12(b)(6) showing this Honorable Court as follows.

## INTRODUCTION AND BACKGROUND

On August 19, 2025, Plaintiff filed the instant action. (See Complaint). On December 18, 2025, Defendant Oppenheimer filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the statute of limitations bars

all claims included in Plaintiff's Complaint, Defendant Oppenheimer is subject to absolute civil immunity, and this Court lacks subject matter jurisdiction over claims for declaratory or injunctive relief. On December 29, 2025, Plaintiff allegedly attempted to serve Defendant Oppenheimer's counsel with his First Amended Complaint by U.S. mail. Plaintiff emailed Defendant Oppenheimer's counsel a copy of First Amended Complaint on December 30, 2025, and filed the same with this Court on January 5, 2026. On January 9, 2026, this Court entered an order making Plaintiff's First Amended Complaint the operative Complaint in this action.

In his First Amended Complaint, Plaintiff alleges that Defendant Oppenheimer was biased, acting under the color of the law, and violating his constitutional rights when serving as the court-appointed psychological evaluator in the underlying custody matter because she spoke with the court-appointed Guardian ad Litem, attended the case conference, and charged costs to compile a written evaluation. (See First Amended Complaint, ¶¶ 43–47). In what appears to be an attempt to retroactively conceal that the statute of limitations has clearly run against Defendant Oppenheimer, Plaintiff's First Amended Complaint is devoid of facts asserted in his original Complaint and cited in support of Defendant Oppenheimer's previous Motion to Dismiss. Namely, Plaintiff's First Amended Complaint removes the date Defendant Oppenheimer argued the Statute of Limitations began to run–July 19, 2022

when Plaintiff filed a *pro se* motion in the underlying divorce action for "pervasive misconduct among all appointed professionals," "procedural and substantive defects," "repeated violations of due process," and Defendant Oppenheimer's alleged bias conduct. (Complaint, ¶ 75). Moreover, without making factual allegations to support his newly asserted claims, Plaintiff's First Amended Complaint adds allegations against Defendant Oppenheimer for: Count III: First Amendment Retaliation; Count IV: Abuse of Process; and Count V: Unlawful Seizure and Unconstitutional Liberty Restraints.

Because Plaintiff's First Amended Complaint does not remedy the procedural defects raised in Defendant Oppenheimer's previous Motion to Dismiss, Plaintiff's First Amended Complaint must be dismissed *with prejudice* pursuant to Fed. R. Civ. P. 12.

## **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiffs' complaint must contain sufficient factual material, accepted as true, such that it states a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires factual allegations specific enough "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although well-pleaded factual allegations are entitled to a presumption of truth, courts must nevertheless disregard legal

3

conclusions, generic labels, and unadorned recitations of the elements of a cause of action. See Iqbal, 556 U.S. at 678-79.

## ARGUMENT

### I.    Plaintiff's First Amended Complaint did not cure legal defects identified in Defendant Oppenheimer's previous Motion to Dismiss.

As argued in Defendant Oppenheimer's previous Motion to Dismiss, Plaintiff's First Amended Complaint fails to state a claim against Defendant Oppenheimer for at least four reasons: (1) the statute of limitations bars all claims included in Plaintiff's First Amended Complaint; (2) Defendant Oppenheimer was not acting under the color of the law; (3) Defendant Oppenheimer is entitled to absolute civil immunity Federal law;  and (4) Plaintiff does not make plausible conspiracy allegations

### a. *The Statute of Limitations bars all claims included in Plaintiff's First Amended Complaint.*

Plaintiff's First Amended Complaint must be dismissed in its entirety as to Defendant Oppenheimer. It is proper for a court to grant a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) when the face of the complaint shows that the statute of limitations has run. AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury

actions in the state where the § 1983 action has been brought." <u>Crowe v. Donald</u>, 528 F.3d 1290, 1292 (11th Cir. 2008) (quoting <i>McNair v. Allen,</i> 515 F.3d 1168, 1173 (11th Cir.2008)) (internal quotation omitted). Georgia law provides "actions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. §9-3-33. <u>See also</u> <u>Lovett v. Ray</u>, 327 F.3d 1181 (11th Cir. 2003) (applying O.C.G.A. §9-3-33 to a §1983 claim brought in Georgia). When a § 1983 cause of action accrues remains a federal question, and federal law holds the action accrues when the "plaintiff knows or has reason to know that he has been injured." <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 (11th Cir. 1987). Accordingly, Plaintiff here was required to bring his § 1983 claims against Defendant Oppenheimer within two years of when he knew or should have known his rights had been violated.[1] He did not do so as shown by his complaint.

Under the facts alleged in the First Amended Complaint, Plaintiff knew of the alleged bias and extrajudicial conduct, and thus his complained of

---

[1] The statute of limitations was not tolled under the theory of continuing violation. Plaintiff has not alleged that Defendant Oppenheimer committed any act, especially one violating his rights, in the two years preceding August 19, 2025 when he filed his Complaint. <u>See</u> <u>Horne v. Harbour Portfolio VI, LP</u>, 304 F. Supp. 3d 1332, 1339 (N.D. Ga. 2018) ("The continuing violation doctrine . . . allows a plaintiff to sue on otherwise time-barred claims as long as one act of discrimination has occurred during the statutory period.").
Moreover, the statute of limitations for Plaintiff's claims are not tolled under a theory of equitable tolling because Plaintiff did not plead any <i>extraordinary</i> circumstances to toll the statute. <u>See</u> <u>Camps v. Bravo</u>, 142 F.4th 743, 750 (11th Cir. 2025) ("Equitable tolling is appropriate when a plaintiff demonstrates that his filing is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.") (internal quotations omitted).

constitutional injury, prior to December 2021 when the issues were raised in the underlying custody matter. (See First Amended Complaint, ¶ 44). Accordingly, the face of the Complaint shows the action accrued prior to December 2021. Under the applicable statute of limitations, Plaintiff was required to commence the present action at the latest in December 2023. Because filing the instant action on August 19, 2025 is well beyond the applicable statute of limitations, Plaintiff's First Amended Complaint must be dismissed in its entirety as to Defendant Oppenheimer.

### b. All claims against Defendant Oppenheimer must be dismissed because a court-appointed evaluator is not acting under the color of the law and a witness receives absolute immunity for subsequent civil actions.

A private actor is rarely considered a state actor for § 1983 purposes, and to hold a private party, like Defendant Oppenheimer, liable Plaintiff must satisfy the State compulsion, the public function, or the nexus/joint action test. Higdon v. Smith, 565 F. App'x 791, 792 (11th Cir. 2014). That is Plaintiff must show "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test")." Id.

(quoting <u>NBC, Inc. v. Communications Workers of America</u>, 860 F.2d 1022, 1026–27 (11th Cir.1988)) (internal quotations omitted). Plaintiff's allegations against Defendant Oppenheimer fail to satisfy any of the state action tests.

Plaintiff did not plead any plausible facts that a state actor forced or coerced Defendant Oppenheimer into testifying the way that she did. While there is an allegation that counsel, the court-appointed GAL, and Defendant Oppenheimer convened in mid-April 2022, there is no allegation that Judge Brown, nor any other state actor, forced, coerced, or threatened Defendant Oppenheimer into changing her opinion about Plaintiff. Moreover, Defendant Oppenheimer's alleged conduct was not state action under the public function test because many parties, including private parties and expert witnesses, often conduct evaluations, make child support recommendations, and testify in court. <u>See</u> <u>Higdon</u>, 565 F. App'x at 792–94. Finally, because an evaluator's opinion does not substitute the court's independence and discretion, Dr. Oppenheimer's role was not state action under the nexus/joint action test.

Whether or not Defendant Oppenheimer was acting under the color of the law, she is entitled to absolute immunity for her role in the underlying divorce proceedings. "Judges, *advocates,* and witnesses" are entitled to *absolute* immunity for civil claims arising from their respective function in legal proceedings. <u>Butz v. Economou</u>, 438 U.S. 478, 512 (1978). This rule was

established because "[t]he loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus" and in recognition that advocates are restrained by both professional obligations and knowing their assertions with be contested by adversaries. Id.  See also Briscoe v. LaHue, 460 U.S. 325, 335 (1983) (holding there is "absolute immunity from subsequent damages liability for all persons–governmental or otherwise–who were integral parts of the judicial process"). The instant action is the precise type of case contemplated when the Supreme Court propounded absolute immunity for witnesses and advocates, and Defendant Oppenheimer is entitled to absolute immunity for her role in the underlying custody matter.

Accordingly, because Plaintiff failed to allege any plausible facts to satisfy the State action requirement as to Defendant Oppenheimer and Defendant Oppenheimer is entitled to absolute immunity for her role in the underlying custody action, Plaintiff's Amended Complaint must be dismissed in its entirety against Defendant Oppenheimer.

### c. Plaintiff's conspiracy claim against Defendant Oppenheimer must be dismissed because Plaintiff did not plead an agreement between Defendant Oppenheimer and another individual.

Courts have long required "more than mere conclusory notice pleadings" in civil rights and conspiracy actions and held that "a complaint may justifiably be dismissed because of the conclusory, vague and general nature of the

allegations of conspiracy." <u>Fullman v. Graddick</u>, 739 F.2d 553, 556 (11th Cir. 1984). To sufficiently plead a constitutional conspiracy, Plaintiff must plausibly allege "(1) an agreement by two or more individuals to deprive a person of his constitutional rights, and (2) the commission of an overt act that results in an *actual denial* of one of his constitutional rights." <u>Santos v. Carter</u>, No. 19-12790, 2021 WL 4848135, at *1 (11th Cir. Oct. 18, 2021) (quoting *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1327 (11th Cir. 2015) (internal quotation omitted). Mere conclusions or vague assertions of a conspiracy, like those made in the instant Complaint, do not meet the applicable pleading standard and must be dismissed.

First, Plaintiff's conspiracy claims necessarily failed because Plaintiff has not plead, and cannot plead, a plausible *actual denial* of his constitutional rights. As explained in detail above, Plaintiff cannot plead a plausible underlying constitutional violation against Defendant Oppenheimer because she was not a State actor when serving as an evaluator, she is entitled to absolute immunity for her role, and any potential constitutional claims against Defendant Oppenheimer are time-barred. Accordingly, Plaintiff's conspiracy claims against Defendant Oppenheimer must be dismissed *with prejudice*.

Second, Plaintiff has failed to plead an alleged agreement between Defendant Oppenheimer and any other individual to interfere with his

constitutional rights. Plaintiff's allegations against Defendant Oppenheimer are that she cancelled a follow-up session, spoke with the appointed GAL, and charged costs to compile a written evaluation. Even under the leniency given to *pro se* briefs, none of these allegations support the inference that Defendant Oppenheimer agreed with anyone to interfere with Plaintiff's rights.[2] Importantly, there are no allegations that Defendant Oppenheimer ever changed her opinion regarding Plaintiff, that Defendant Oppenheimer's opinion regarding Plaintiff was unfounded, or that anyone else knew of the alleged inaccuracy of Defendant Oppenheimer's opinion.[3]

Failure to plead an agreement to interfere with the plaintiff's constitutional rights has consistently been viewed as a fatal flaw to constitutional conspiracy claims. See Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir. 2008) (affirming summary judgment against the plaintiff's constitutional conspiracy claims because there was no evidence of an agreement between the defendants); Santos v. Carter, No. 19-12790, 2021 WL 4848135, at * 1 (11th Cir. Oct. 18, 2021) (dismissing a constitutional conspiracy complaint because there were no allegations that the defendants agreed to violate the plaintiff's

---

[2] While *pro se* pleadings are held to less stringent standards regarding technicalities, "wildly implausible allegations in the complaint should not be taken to be true." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).
[3] See Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) ("Without the judge's knowledge, the complaint fails to properly allege conspiracy involving a state actor. At best, it presents a claim for misuse of state judicial procedures, for which there is no action under section 1983.")

rights by stopping the plaintiff's car without probable cause, even if the defendants generally agreed to stop vehicles without probable cause). Therefore, because there is no allegation that Defendant Oppenheimer agreed with any other individual to deprive Plaintiff of his civil rights, Plaintiff's conspiracy claims against Defendant Oppenheimer must be dismissed *with prejudice.*

### d. This Court lacks subject matter jurisdiction over all Plaintiff's claims for declaratory or injunctive relief.

Federal Rule of Civil Procedure 12(b)(1) provides a basis for a court to dismiss a lawsuit when the court lacks subject matter jurisdiction over the action. Fed. R. Civ. P. 12(b)(1). Because standing is a threshold jurisdictional question, a court lacks subject matter jurisdiction to hear an action if the plaintiff asserting the action lacks standing. Fla. Fam. Pol'y Council v. Freeman, 561 F.3d 1246, 1253 (11th Cir. 2009). Once a defendant challenges the plaintiff's standing, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction over the action and that the plaintiff has standing to bring the action. Etzel v. Hooters of Am., LLC, 223 F. Supp. 3d 1306, 1310 (N.D. Ga. 2016).

To establish standing to bring a claim for injunctive relief, a party must allege "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." Church v. City of Huntsville, 30 F.3d

1332, 1337 (11th Cir. 1994) (emphasis added). Past illegal exposure alone does not create a present case for injunctive relief unless a plaintiff shows continuing and present adverse effects. Id. Plaintiff's allegations against Defendant Oppenheimer here are entirely past events, and Plaintiff claims no future threat of injury or continuing action against Defendant Oppenheimer. Her involvement ended at the divorce proceeding, and any potential harm or injury to Plaintiff ended when the final divorce decree was entered. Plaintiff alleges no real or immediate set of facts which Defendant Oppenheimer's *future* actions could cause him harm. Accordingly, because Plaintiff cannot establish standing to bring claims for injunctive and declaratory relief, this Court must dismiss Plaintiff's claims to the extent they seek injunctive or declaratory relief.

## II. Emailing or mailing a copy of Plaintiff's First Amended Complaint Counsel did not perfect service upon Defendant Oppenheimer.

Plaintiff did not properly serve Defendant Oppenheimer. Fed. R. Civ. P. 5(a)(2) provides "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." While "a party is permitted to serve an amended complaint by mail. . .when the amended complaint does not assert new claims for relief," formal service in accordance with Fed. R. Civ. P. 4 is required if an amended complaint asserts new claims. Amarelis v.

<u>Notter Sch. of Culinary Arts, LLC</u>, 2014 WL 5454387, at *3 (M.D. Fla. Oct. 27, 2014). An amended complaint asserts a new claim when it materially alters the claims asserted or relief sought in the original complaint. <u>CliC Goggles, Inc. v. Morrison</u>, 2016 WL 7665442, at *2 (M.D. Fla. June 2, 2016).

While there is no binding authority on point, in <u>Morrison</u>, a Florida district court held that a complaint stated a new claim for relief and thus required service of the summons and complaint under Fed. R. Civ. P. 4, when the amended complaint added a claim for a permanent injunction. Here, Plaintiff goes further than adding a claim for a permanent injunction; Plaintiff's First Amended Complaint adds three new claims for relief against Defendant Oppenheimer and introduces claims based on the 1st and 6th Amendments. These added claims require Defendant Oppenheimer to not only adjust her defense but craft an entirely new defense considering the complexities of First and Sixth Amendment case law. Because Plaintiff asserted materially new claims against Defendant Oppenheimer, Plaintiff was required to formally serve Defendant Oppenheimer, which he failed to do.

## **CONCLUSION**

For the reasons above, the Court should GRANT Defendant Kim C. Oppenheimer's Motion to Dismiss Plaintiff's First Amended Complaint and DISMISS the Amended Complaint *with prejudice*.

Respectfully submitted, this 12th day of January 2026.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street NE
Suite 2900
Atlanta, GA. 30303
404-954-5000 /
404-954-5020 Fax
cwalker@hallboothsmith.com
abattey@hallboothsmith.com
tbrown@hallboothsmith.com

_/s/ Courtney B. Walker_
COURTNEY B. WALKER
Georgia Bar No. 907859
ALEX BATTEY
Georgia Bar No. 448723
TIA BROWN
Georgia Bar No. 102027
_ATTORNEYS FOR KIM C._
OPPENHEIMER

## <u>LOCAL RULE 7.1D CERTIFICATE</u>

I hereby certify this submission was prepared using Century Schoolbook

13-point font and exact double spacing as required by local rule 5.1C.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MATTHEW THOMAS HARVEY

      Plaintiff, pro se

v.

CLAIRE M. HARVEY, ANGELA Z.
BROWN, JASON D. MARBUT; JEFFREY
M. GORE, BRANDY J. DASWANI, KIM C.
OPPENHEIMER, KESSLER &
SOLOMIANY, STEFANIE S. POTTER,
MOLLY Y. TEPLITZKY, GEORGIA
DEPARTMENT OF HUMAN SERVICES,
BRIAN P. KEMP, in his Capacity as
Governor of Georgia


      Defendants.

CIVIL ACTION FILE NO.
1:25-cv-04688-JPB

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing **DEFENDANT KIM C. OPPENHIEMER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** upon the following through the *Pacer* e-filing system via U.S. First Class Mail and/or Statutory Electronic Service pursuant to O.C.G.A. § 9-11-5(b) to the following recipients:

Mathew Thomas Harvey
501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com

Respectfully submitted, this 12th day of January 2026.

191 Peachtree Street NE
Suite 2900
Atlanta, GA. 30303
404-954-5000 /
404-954-5020 Fax
cwalker@hallboothsmith.com
abattey@hallboothsmith.com
tbrown@hallboothsmith.com

**HALL BOOTH SMITH, P.C.**

_/s/Courtney B. Walker_
COURTNEY B. WALKER
Georgia Bar No. 907859
ALEX BATTEY
Georgia Bar No. 448723
TIA BROWN
Georgia Bar No. 102027
_ATTORNEYS FOR KIM C._
OPPENHEIMER