# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY, <br><br> Plaintiff, <br><br> v. <br><br> CLAIRE M. HARVEY; ANGELA Z. BROWN; JASON D. MARBUTT; JEFFREY M. GORE; BRANDY J. DASWANI; KIM C. OPPENHEIMER; KESSLER & SOLOMIANY, LLC; STEFANIE S. POTTER, MOLLY Y. TEPLITZKY; GEORGIA DEPARTMENT OF HUMAN SERVICES; BRIAN P. KEMP, in his official Capacity as Governor of Georgia, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:25-CV-04688-JPB |

## BRIEF IN SUPPORT OF DEFENDANTS KESSLER & SOLOMIANY, LLC, STEFANIE S. POTTER, AND MOLLY Y. TEPLITZKY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Kessler & Solomiany, LLC, Stefanie S. Potter, and Molly Y. Teplitzky, through counsel, respectfully submit this brief in support of their motion to dismiss all claims asserted against them in Plaintiff's First Amended Complaint ("FAC") (Doc. 44). Plaintiff's FAC repeats the same defects that doomed Plaintiff's original complaint. It does not cure any jurisdictional bar or state a plausible claim for relief for constitutional claims against a private law firm and its attorneys for routine litigation conduct. The allegations in the FAC fail as a matter of law and should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

I.   **FACTUAL BACKGROUND**

The allegations in Plaintiff's First Amended Complaint ("FAC") arise from Defendants' conduct in Georgia state court divorce, custody, fee, and contempt proceedings adjudicated in Cobb County Superior Court. *See* Doc. 44, generally. The FAC is a collateral attack on Georgia state court divorce, custody, fee, and contempt proceedings adjudicated in Cobb County Superior Court. *See Id*.

Defendant Kessler & Solomiany, LLC ("K&S"), a private law firm, and its attorneys Stefanie S. Potter and Molly Y. Teplitzky (collectively, the "Kessler Defendants"), represented Defendant Claire Harvey, Plaintiff's ex-wife, in the state court proceedings. *See Id.* at ¶¶ 11-13. The Kessler Defendants' supposed wrongdoing consists of ordinary advocacy: communicating with the court, opposing counsel, and court-appointed individuals; participating in hearings; seeking custody and support outcomes; requesting attorney's fees; and filing a civil-contempt motion and engaging in post-judgment enforcement related to the fees award. *See Id.* at ¶¶ 17, 26, 30-32, 36, 45-46, 55-57, 59, 61, 65, 67-68, 70, 75-76.

The FAC alleges that the Kessler Defendants acted "under color of state law" by conspiring with judicial officers, a court-appointed psychologist, and a guardian ad litem to violate Plaintiff's constitutional rights. *See Id*. To recast his disagreement with state court outcomes as a federal case, Plaintiff asserts constitutional and civil rights claims for which he seeks compensatory and punitive damages. *See Id.* at ¶¶

77-144. Further, Plaintiff seeks declaratory relief by asking this Court to issue a declaration that the enforcement of state court orders is unconstitutional. *See Id.* at ¶¶ 134-138. Plaintiff also seeks injunctive relief by asking this Court to enjoin Defendants from seeking further enforcement of state court orders. *See Id.* at ¶¶ 139-144.

Plaintiff's claims are jurisdictionally barred by the *Rooker-Feldman* doctrine and domestic-relations abstention principles, and, independently, fail to state plausible claims against private attorneys who are not state actors for § 1983 purposes, and against whom the pleaded theories are conclusory and deficient under *Twombly/Iqbal*. Also, many of Plaintiff's claims are barred by the statute of limitations. The Court should dismiss Plaintiff's FAC with prejudice.

## II. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead enough facts to state a claim to relief that is plausible on its face; labels, conclusions, and formulaic recitations do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Under Fed. R. Civ. P. 12(b)(1), a case must be dismissed where the Court lacks subject-matter jurisdiction, including where claims invite lower federal court review of state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–284 (2005) (explaining *Rooker-Feldman's* scope).

### III.  ARGUMENT AND CITATION OF AUTHORITY

**A.  The Court Lacks Jurisdiction Over Plaintiff's Collateral Attack on State Domestic Relations Judgments. (Counts VII & VIII)**

**1.  Rooker-Feldman Bars Relief Directed at Injury Caused by State Court Judgments.**

Plaintiff's FAC seeks injunctive and declaratory relief from Georgia state court orders. Plaintiff asks this Court to declare that the enforcement of state court orders is unconstitutional and seeks to restrain Defendants from enforcing the state court orders. *See* Doc. 44 at ¶¶ 134-144. The relief sought is a quintessential collateral attack on state judgments. *Rooker-Feldman* deprives lower federal courts of jurisdiction where the federal plaintiff complains of injury from state-court judgments and asks the court to review and reject those judgments. *Exxon Mobil*, 544 U.S. at 284 (*Rooker-Feldman* doctrine applies when a plaintiff's injury is produced by the state judgment itself). The FAC confirms that the alleged harms flow from enforcement of state orders (e.g., custody, support, fees, contempt, protective orders). *See* Doc. 44 at ¶¶ 134-144; Prayer for Relief. Such claims may not be entertained in federal district court. *See Behr v. Campbell*, 8 F.4th 1206, 1212–15 (11th Cir. 2021) (explaining focus on whether injury is caused by the state judgment).

We note that *Behr* significantly limited the application of the *Rooker-Feldman* doctrine in the Eleventh Circuit. *Id.* The *Behr* court held that the *Rooker-Feldman*

doctrine bars only "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 1212 (citing *Exxon*). The plaintiffs in *Behr* brought similar claims to those alleged by Plaintiff here, for declaratory and injunctive relief as well as monetary damages related to domestic state court proceedings. The Eleventh Circuit found that the district court erred in a sweeping dismissal of all claims rather than performing a claim-by-claim analysis of whether each claim required a review and rejection of a state court judgment.

> . . . they do not raise these constitutional claims to undo the state court's child custody decision; they want money damages for constitutional violations. In other words, they are not raising these due process claims so that we can 'review and reject' the state court's child custody judgment. That would be a violation of *Rooker-Feldman*. Instead, they are asking us to consider whether their constitutional rights were violated during the proceedings and whether they are entitled to damages for those violations. That claim falls outside *Rooker-Feldman's* boundaries.

*Id.* at 1213.

In the case at hand, the Kessler Defendants ask that the Court dismiss all of Plaintiff's claims related to declaratory and injunctive relief under the *Rooker-Feldman* doctrine. Plaintiff seeks declaratory relief by asking this Court to issue a declaration that the enforcement of state court orders is unconstitutional. *See* Doc.

44 at ¶¶ 134-138. Plaintiff also seeks injunctive relief by asking this Court to enjoin Defendants from seeking further enforcement of state court orders. *See Id.* at ¶¶ 139-144. Plaintiff's claims for declaratory and injunctive relief are barred as Plaintiff asks this Court to "review and reject" the state court's judgments. *Id.* As discussed below, the remaining claims in the FAC should be dismissed on other grounds.

### 2. Domestic-Relations Exception and Abstention Principles Independently Warrant Dismissal or Abstention.

Even where federal-question jurisdiction is alleged, federal courts appropriately abstain from interfering in divorce, custody, and child-support disputes—areas traditionally entrusted to state courts. *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992) (recognizing exception in diversity and reaffirming federal reluctance to meddle in domestic relations). The Eleventh Circuit has repeatedly discouraged federal involvement where adjudication would result in modifying or nullifying state domestic-relations orders. *See Ingram v. Hayes*, 866 F.2d 368, 389 (11th Cir. 1988) ("federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state modification"). *See also Arnold v. Patterson*, No. 24-10188, 2024 U.S. App. LEXIS 15457, at *2 (11th Cir. June 25, 2024) (complaint fell within the domestic relations exception to diversity jurisdiction, as claims stemmed from custody and child-support orders, an area from which federal courts should generally abstain). To the extent Plaintiff asks

this Court to declare enforcement of the state court orders unconstitutional, or restrain Defendants from enforcing the state court orders, abstention is appropriate, and dismissal is warranted.

**B.    The § 1983 and Constitutional Claims Fail Because Private Attorneys Are Not State Actors, and Plaintiff's Conspiracy Allegations Are Conclusory. (Counts I-VI)**

### 1.    Private Attorneys Do Not Act "Under Color of State Law" by Representing Clients.

As private attorneys, the Kessler Defendants are not state actors for purposes of § 1983 liability. Section 1983 applies only to actions taken "under color of" state law. The Supreme Court and Eleventh Circuit have long held that lawyers, even those appointed or otherwise engaged in judicial processes, do not become state actors merely by performing traditional legal functions. *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); *Yeh Ho v. Sabocik*, 775 F. App'x 551 (11th Cir. 2019) (holding "private attorneys who represented plaintiff's brother, in state-court proceedings concerning guardianship matters and probate matters for mother, engaged in state-court process and obtained court orders, did not make the attorneys state actors, as would be required for plaintiff's due process claims against attorneys and for attorneys' liability under § 1983"). Plaintiff's allegations that the Kessler Defendants filed motions, examined witnesses, communicated with court personnel and a GAL, and

pursued fee/contempt remedies describe routine litigation activities. Such conduct does not satisfy any state action test. *Id.* Plaintiff's § 1983 claims against the Kessler Defendants must be dismissed.

> **2. Conclusory "Joint Action" and "Conspiracy" Allegations Are Insufficient Under *Twombly/Iqbal*.**

To plead joint action or conspiracy with state officials, a plaintiff must allege specific, non-conclusory facts showing an agreement to violate rights and overt acts in furtherance. Mere parallel conduct, communication in litigation, or access to the courts is not enough. *Twombly*, 550 U.S. at 556–57; *Iqbal*, 556 U.S. at 678–79; *Dennis v. Sparks*, 449 U.S. 24, 28–29 (1980) (recognizing possibility of private party liability for conspiracies with judges but requiring specific factual showing). The FAC contains no concrete facts establishing any agreement between the Kessler Defendants and state actors to commit unlawful acts; the allegations are speculative and conclusory. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) (conclusory conspiracy claims insufficient).

> **3. Plaintiff's Constitutional Claims Against Private Defendants Fail.**

Constitutional amendments constrain state action; they do not supply causes of action against private actors absent state involvement. *See Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) (private actor not subject to constitutional claims absent state action). Plaintiff's claims under the First, Fourth, Fifth, and Fourteenth Amendments therefore fail as to the Kessler Defendants, a private law firm and its attorneys.

*Williams v. Brooks Trucking Co.*, 757 F. App'x 790, 794 (11th Cir. 2018) (affirming dismissal of constitutional claims against private attorneys).

**C.    Res Judicata and Collateral Estoppel Preclude Re-litigation of Issues Decided or that Could Have Been Raised in State Court. (All Counts)**

Federal courts must give state-court judgments the same preclusive effect they would have in the courts of that state. 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 96–105 (1980). Georgia's claim and issue preclusion rules bar claims that were or could have been raised in the prior domestic proceedings, including attacks on custody, support, fees, and contempt determinations, as well as matters necessarily decided therein. *See Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 547–48 (2006) (elements of res judicata under Georgia law); *Waldroup v. Greene Cnty. Hosp. Auth.*, 265 Ga. 864, 866–67 (1995) (collateral estoppel). Plaintiff's attempt to repackage domestic litigation grievances as constitutional claims cannot avoid preclusion.

**D.    Plaintiff's Claims are Barred by the Statute of Limitations. (All Counts)**

Plaintiff's claims are barred by the statute of limitations. Constitutional claims brought under § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when

the statute of limitations begins to run." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).

Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* "The statute of limitations for claims brought under § 1983 begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant." *Johnson v. County of Paulding*, 780 F. App'x 796, 798 (11th Cir. 2019).

As to the Kessler Defendants, Plaintiff's claims concern many factual circumstances that occurred more than two years before Plaintiff filed his Complaint. Plaintiff does not allege that he was unaware of the facts supporting his claims at the time they occurred. *Johnson* at 798. Plaintiff cannot allege that he was unaware of the facts supporting his claims at the time they occurred because Plaintiff's FAC admits that Plaintiff was contemporaneously aware of the alleged improper acts of the Kessler Defendants in the state court proceedings. Indeed, Plaintiff's FAC details the contemporaneous responsive steps that Plaintiff took in the state court proceedings to rebut these alleged improper acts. The facts supporting Plaintiff's causes of action in his FAC were reasonably apparent to Plaintiff when they occurred. *Id.* Plaintiff's claims against the Kessler Defendants that arise from acts

that occurred more than two years before Plaintiff filed his original Complaint must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Kessler Defendants respectfully request that this Court grant their Motion to Dismiss the claims against them in Plaintiff's First Amended Complaint.

This 15th day of January, 2026.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 *(phone)*
(855) 889-4588 *(fax)*
cmast@hpylaw.com
jmcdowell@hpylaw.com

*/s/ Christine L. Mast*
Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129
*Counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; and Molly Y. Teplitzky*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that this motion is submitted in Times New Roman 14-point type as required by Local Rule 5.1(C).

                                        */s/ Christine L. Mast*
                                        Christine L. Mast
                                        Georgia Bar No. 461349
                                        Jamie McDowell
                                        Georgia Bar No. 964129

## **CERTIFICATE OF SERVICE**

I certify that I have this day served the foregoing **BRIEF IN SUPPORT OF DEFENDANTS KESSLER & SOLOMIANY, LLC, STEFANIE S. POTTER, AND MOLLY Y. TEPLITZKY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**, with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all counsel of record, and served a copy of the same to Plaintiff via email and United States Mail with adequate postage attached:

Matthew Thomas Harvey
c/o 501 North Slappey Boulevard
#1112
Albany, Georgia 31701
mharvey7744@gmail.com
*Plaintiff (pro se)*

Noah Green
Henefeld & Green, P.C.
3017 Bolling Way NE
Suite 129
Atlanta, GA 30305
ngreen@henefeldgreen.com
*Counsel for Defendant Claire Harvey*

William L. Tomlin
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
wtomlin@law.ga.gov
*Counsel for the State Defendants*

James R. Doyle, II
Lewis, Brisbois, Bisgaard & Smith, LLP
600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
james.doyle@lewisbrisbois.com
*Counsel for Defendant Daswani*

Courtney B. Walker
Hall Booth Smith, P.C.
191 Peachtree St. NE, Suite 29C
Atlanta, GA 30303
cwalker@hallboothsmith.com
*Counsel for Defendant Oppenheimer*

This 15th day of January, 2026.

|  | **HAWKINS PARNELL & YOUNG, LLP** |
|---|---|
|  | */s/ Christine L. Mast* |
| 303 Peachtree Street, Suite 4000 | Christine L. Mast |
| Atlanta, GA  30308-3243 | Georgia Bar No. 461349 |
| (404) 614-7400 *(phone)* | Jamie McDowell |
| (855) 889-4588 *(fax)* | Georgia Bar No. 964129 |
| cmast@hpylaw.com | *Counsel for Kessler & Solomiany, LLC;* |
| jmcdowell@hpylaw.com | *Stefanie S. Potter; and Molly Y. Teplitzky* |