IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLAIRE M. HARVEY, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION FILE <br> NO: 1:25-CV-4688-JPB |

## DEFENDANT BRANDY J. DASWANI'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

COMES NOW, Brandy J. Daswani ("Defendant Daswani") and files her Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and (6). As argued fully below, Defendant Daswani contends that Plaintiff's claims against her should be dismissed because they fail to state a viable claim and, to the extent Plaintiff seeks modification or rejection of state court judgments, this Court lacks subject matter jurisdiction over his claims.

## I.  FACTUAL ALLEGATIONS

In his First Amended Complaint ("FAC"),[1] Plaintiff generally alleges that Defendants in this action — which include his ex-wife, a guardian ad litem (Defendant Daswani), a court-appointed psychologist, and a family law firm and two lawyers from that firm — conspired against him to violate his constitutional rights in his divorce, child custody, and other related state-court proceedings. (Doc. 44 at 4-20). To that end, Plaintiff has asserted several claims pursuant to 42 U.S.C. § 1983, including violations of his right to procedural and substantive due process, First Amendment retaliation, abuse of process, unlawful seizure, and conspiracy. (*Id.* at 20-31). Plaintiff also seeks declaratory and injunctive relief. (*Id.* at 31-33).

More specifically, Plaintiff alleges that, in October 2020, he proposed a trial separation to his now ex-wife, Defendant Claire Harvey ("Ms. Harvey"). (*Id.* ¶ 16). Plaintiff and Ms. Harvey share a child, W.H. (*Id.*). Ms. Harvey, with assistance from her attorney, allegedly obtained protective orders to remove Plaintiff from the home and separate him from W.H. prior to any actual adjudication on the merits in anticipation of divorce and child custody proceedings. (*Id.* ¶¶ 17-21). Plaintiff

---

[1] Plaintiff filed his initial complaint in this action on August 19, 2025. (*See* Doc. 1). On January 9, 2026, this Court granted Plaintiff's motion for extension of time to file an amended complaint, ordered that his already-filed FAC was now the operative complaint in this matter, and denied several pending motions related to the initial complaint as moot. (Doc. 45).

169967664.1

alleges that Ms. Harvey made false or misleading statements to obtain an ex parte temporary protective order from the Cobb County Superior Court in November 2020, and he was not given notice or hearing. (*Id.* ¶¶ 20-21). Plaintiff signed a temporary consent order under threats that he would not be provided visitation with his son and without any meaningful opportunity to challenge its basis. (*Id.* ¶ 22).

Relevant to Defendant Daswani, Plaintiff alleges that, in December 2020, Ms. Harvey and her attorney pushed for Daswani's appointment as a guardian ad litem. (*Id.* ¶ 26). Plaintiff consented with the belief that Daswani would conduct a neutral investigation in W.H.'s best interest and would lead to increased parenting time. (*Id.*).

Daswani purportedly interviewed Plaintiff in January 2021, and he disclosed Ms. Harvey's history of aggression and mental-health issues, as well as his concerns that W.H. was being harmed by the continued separation from his father. (*Id.* ¶ 27). Plaintiff also requested Daswani seek court authorization for psychological evaluations, but he claims that she delayed doing so for several months while his parenting time remained restricted. (*Id.* ¶¶ 28-29). Instead of conducting an impartial investigation, Daswani allegedly met privately with Ms. Harvey's counsel and later in chambers with the trial judge, Ms. Harvey's attorney, and his attorney. (*Id.* ¶¶ 31-32). Plaintiff claims that Daswani disclosed his confidential medical and therapy

3

records without his consent and mischaracterized or fabricated their contents to portray him as unstable and dangerous. (*Id.*). Before Ms. Harvey's psychological evaluations, Daswani purportedly met with the court-appointed psychologist to further her false narrative that Plaintiff was unstable. (*Id.* ¶¶ 45).

In April 2022, Plaintiff appeared before a magistrate judge seeking removal of an ankle monitor. (*Id.* ¶ 48). The court noted that the ankle monitor had been ordered at Daswani's insistence and would remain until after a final divorce decree was entered. (*Id.*).

Before the final hearing in the divorce proceedings, Daswani allegedly met with the trial judge ex parte and requested additional courtroom security based on her unsupported claims of fear. (*Id.* ¶ 50). This request occurred outside of Plaintiff's presence and impaired his ability to receive and fair and impartial hearing. (*Id.*). The court entered the final divorce judgment on June 22, 2022. (*Id.* ¶ 52).

Plaintiff further alleges that Defendants' combined misconduct resulted in his involuntary inpatient psychiatric treatment, his unlawful incarceration, and several orders finding him in contempt for failure to satisfy court-ordered support despite him challenging the orders and explaining his inability to pay. (*Id.* at 10-20).

Defendant Daswani files the instant motion seeking dismissal of the claims against her because they fail to state a viable claim and, alternatively, because this

Court lacks subject matter jurisdiction over Plaintiff's claims to the extent they challenge state court judgments.

## II. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's claims against Daswani are due to be dismissed because Daswani is immune from suit in her role as a guardian ad litem and any claims against her are barred by the applicable statute of limitations. Additionally, this Court lacks subject matter jurisdiction over Plaintiff's claims to the extent they seek rejection or modification of state court judgments.

### A. Plaintiff's Claims Against Defendant Daswani are Barred Under the Doctrine of Judicial Immunity.

Dismissal is appropriate under Rule 12(b)(6) when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"[T]he Eleventh Circuit has consistently held that judicial immunity extends not only to judges, but to other persons whose official duties have an integral

relationship with the judicial process." *Harpo v. Davis*, No. 1:12-cv-865-WSD, 2012 WL 1038733, at *2 (N.D. Ga. Mar. 27, 2012) (punctuation and citation omitted). "Nonjudicial officials have absolute immunity for their duties that are integrally related to the judicial process." *Jenkins v. Clerk of Ct., U.S. Dist. Ct., S. Dist. of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005).

"Guardians ad litem in particular are entitled to absolute immunity from suits in their individual capacities." *Hill v. Manning*, No. 1:21-CV-04549-SDG, 2022 WL 4361822, at *5 (N.D. Ga. Sept. 20, 2022); *see also Coleman v. Fla. Dep't of Child. & Fam. Servs.*, No. 14-61019-CIV, 2017 WL 11886003, at *13 (S.D. Fla. Aug. 16, 2017) ("Absolute immunity also protects witnesses, court appointed psychologists, and guardians ad litem who are sued in their individual capacities under § 1983."), *R. & R. adopted sub nom. Coleman v. Guerrero*, 2017 WL 11885998 (Sept. 28, 2017).

Plaintiff's allegations surrounding Daswani show that her role as guardian ad litem in his family court proceedings had "an integral relationship with the judicial process." *See Harpo*, 2012 WL 1038733, at *2. He alleges that, as a guardian ad litem, Daswani conducted interviews, recommended psychological evaluations, consulted with the court-appointed psychologist, and reported her findings to the

169967664.1

trial court. Daswani is therefore entitled to immunity, and Plaintiff's claims against Daswani are due to be dismissed.

**B.     Plaintiff's Claims Against Defendant Daswani are Barred Under the Applicable Statute of Limitations.**

The statute of limitations for a claim brought pursuant to 42 U.S.C. § 1983 is determined by the statute of limitations for a personal injury action in the state in which the action is filed. *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). The statute of limitations for a personal injury action in Georgia in two years. O.C.G.A. § 9-3-33. A statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996) (punctuation and citation omitted).

All of the alleged misconduct that Daswani was purportedly involved in occurred during Plaintiff's family court proceedings. The final judgment in those proceedings was entered on June 22, 2022. (Doc. 44 ¶ 52). Plaintiff does not allege any further involvement by Daswani following the conclusion of those proceedings. Thus, the latest date that any purported misconduct by Daswani occurred would have been the date the final judgment was entered, which was more than two years before Plaintiff filed his initial complaint in this action on August 19, 2025. (*See* Doc. 1).

169967664.1

Accordingly, even if Plaintiff's claims against Daswani are not barred by immunity, they are barred by the applicable statute of limitations, and should be dismissed.

**C.  Plaintiff Should Not be Permitted an Opportunity to Replead His Claims Against Daswani Because Amendment Would be Futile.**

A *pro se* plaintiff generally must be afforded an opportunity to amend their complaint to correct deficiencies in their pleadings. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991); *Lee v. Alachua Cnty., FL*, 461 F. App'x 859, 860 (11th Cir. 2012). However, a court need not provide an opportunity to replead if amendment would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed[.]" *Id.*

Because Daswani is clearly entitled to absolute immunity, Plaintiff cannot amend his claims to state a viable claim against her. Additionally, even if the claims against Daswani are not barred by immunity, the statute of limitations on them ran before Plaintiff filed this action. Furthermore, Plaintiff has already amended his complaint after Defendants pointed out his initial complaint's deficiencies. Accordingly, this Court should dismiss this action against Daswani without allowing Plaintiff another opportunity to replead any claims against her.

8

**D.     The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims for Injunctive Relief.**

In the event this Court finds that Daswani is not immune from suit, it lacks subject matter jurisdiction over any claim challenging a state court judgment. "Federal courts are courts of limited jurisdiction and are required to inquire into their [subject matter] jurisdiction at the earliest possible point in the proceeding." *Kirkland v. Midland Mortg*. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001. A plaintiff has the burden of establishing that a court has subject matter jurisdiction over his action. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction can facially or factually challenge the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*., 501 F.3d 1244, 1251 (11th Cir. 2007). When the challenge is facial, as it is here, a court assumes for the purpose of the motion that the allegations in the plaintiff's complaint are true. *Id.*

1.     *Rooker Feldman*

To the extent that Plaintiff's state-court proceedings have concluded with judgments on the merits, the *Rooker-Feldman* doctrine bars this Court from reviewing those final judgments. *See Rooker v. Fidelity Tr. Co*., 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman*

9

doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The doctrine bars a federal claim that is "inextricably intertwined with the state court's judgment," meaning it "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation marks and citation omitted). As relevant here, *Rooker-Feldman* bars a federal court from hearing a 42 U.S.C. § 1983 claim seeking to reverse a state-court judgment in child-custody proceedings. *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988); *see also Fox v. Fla. Dep't of Child. & Fams.*, 828 F. App'x 639, 640 (11th Cir. 2020) (collecting cases).

"*Rooker-Feldman* [ ] does not prioritize form over substance. It bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021). Regardless of how Plaintiff characterizes his action, any claim seeking to "effectively nullify" a state court judgment is not properly before this Court. *See Casale*, 558 F.3d at 1260.

Plaintiff cannot get a "second bite" at his state-court proceedings by filing a suit in federal court. This Court is not the proper venue for Plaintiff to seek relief from a state court judgment he finds unjust. *See Fox*, 828 F. App'x at 640. No matter how Plaintiff attempts to style his action, his claims for declaratory and injunctive relief request this Court to find the state court judgments in his divorce, child custody, and related proceedings to be unconstitutional and unenforceable. Such collateral attacks on state-court proceedings are expressly barred by the *Rooker-Feldman* doctrine to prevent federal courts from improperly interfering with a state court's final judgment.

Accordingly, to the extent the underlying state-court proceedings concluded before Plaintiff filed this action, Plaintiff's claims for declaratory and injunctive relief are barred by the *Rooker-Feldman* doctrine.

### 2. *Younger*

To the extent that Plaintiff's state court proceedings are still pending, his claims would be barred by the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* doctrine, a federal court should abstain from asserting jurisdiction over an action when: there are pending state-court proceedings; the proceedings involve vital state interests; and there is an adequate opportunity to raise a constitutional challenge in the state proceedings. *31 Foster Children v. Bush*,

329 F.3d 1255, 1274 (11th Cir. 2003). The doctrine is meant to prevent federal courts from unduly interfering with state-court proceedings "that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (citation and quotation marks omitted). "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). The *Younger* doctrine has been used to dismiss a plaintiff's 42 U.S.C. § 1983 action challenging child custody proceedings pending in state court. *See Narciso v. Walker*, 811 F. App'x 600, 601-03 (11th Cir. 2020); *Thomas v. Disanto*, 762 F. App'x 770, 773 n.4 (11th Cir. 2019) (affirming alternative finding that, to the extent state-court child custody proceeding was ongoing, *Younger* barred the district court from exercising jurisdiction over the action).

There is no question here that, if Plaintiff were granted the relief he seeks, "the federal proceeding would interfere with the state proceeding." *See Bush*, 329 F.3d at 1276. Plaintiff's requests for this Court to find the state court's rulings unconstitutional and unenforceable would assuredly interfere in those state-court proceedings. This Court should allow Georgia courts to handle those proceedings as any legal issues or purported misconduct by parties are subject to review by the Georgia Court of Appeals and Supreme Court, not a federal district court. "A federal court should assume that state procedures will afford an adequate remedy, in the

12

absence of unambiguous authority to the contrary." *Id.* at 1279 (quotation marks and citation omitted). That Plaintiff is dissatisfied with the results of the state-court proceedings is not a proper basis for this Court to assert jurisdiction over this action.

Accordingly, Daswani contends that, to the extent any of the underlying state-court proceedings are ongoing, it would be improper under the *Younger* doctrine for this Court to exercise jurisdiction over Plaintiff's requests for relief. This Court should therefore dismiss this action.

### 3. *Domestic Relations Exception*

The "domestic relations exception" is yet another basis for this Court to decline to exercise jurisdiction over Plaintiff's action. "As a general rule, the federal courts refuse to hear suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification." *Kirby v. Mellenger*, 830 F.2d 176, 177-78 (11th Cir. 1987) (quotation marks and citation omitted). Plaintiff's requested relief would require this Court to find that the state-court judgments were wrongly decided due to several purported constitutional violations by Defendants. That would necessitate this Court to inquire "into the marital or parent-child relationship" that forms the bases of the challenged state-court proceedings. *See Ingram v. Hayes*, 866 F.2d 368, 370 (11th Cir. 1988).

13

While the Eleventh Circuit has not addressed whether the domestic relations exception applies to cases arising under federal question jurisdiction, district courts within this Circuit repeatedly decline to exercise jurisdiction over actions that "would deeply involve them in adjudicating domestic matters" even when federal claims were asserted. *See Murphy v. Alabama*, No. CV 2:20-00183-KD-N, 2020 WL 7395139, at *3 (S.D. Ala. Dec. 16, 2020) (citation and quotation marks omitted); *Deaton v. Stephens*, No. 2:23-CV-00713-RDP, 2023 WL 6131452, at *8-9 (N.D. Ala. Sept. 19, 2023) (finding that domestic relations exception provided another reason for the court to decline to exercise jurisdiction over an action that would involve an inquiry into ongoing custody issues); *Guevara v. Padin*, No. 16-CV-23726, 2016 WL 7188783, at *3 (S.D. Fla. Nov. 9, 2016) (applying domestic relations exception and declining to exercise jurisdiction over action brought under 42 U.S.C. § 1983 challenging child support payments).

Given that Plaintiff's requested relief necessarily requires an inquiry into his divorce and child custody proceedings, the domestic relations exception provides an independent basis for this Court to abstain from exercising jurisdiction. This Court should dismiss Plaintiff's action.

## III. CONCLUSION

For the reasons stated above, Defendant Daswani respectfully requests that this Court grant her motion and dismiss Plaintiff's claims against her.

Respectfully submitted, this 20th day of January, 2026.

                                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

                                                       /s/ JAMES R. DOYLE
                                                       James R. Doyle
                                                       Georgia Bar No. 228495

                                                       *Attorney for Defendant Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
James.Doyle@lewisbrisbois.com

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

                                                       /s/ JAMES R. DOYLE
                                                       James R. Doyle

# CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing *Defendant Brandy J. Daswani's Motion to Dismiss Plaintiff's First Amended Complaint,* using the Court's CM/ECF system, which will automatically provide notice of same to all parties of record who are registered to receive notices. In addition, the filing will be mailed to the Plaintiff at the address of record, as follows:

> Mr. Matthew Harvey
> 501 North Slappey Boulevard
> #1112
> Albany, Georgia  31701

Respectfully submitted, this 20th day of January, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant*
*Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
James.Doyle@lewisbrisbois.com

169967664.1