IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY<br><br>  Plaintiff, pro se<br><br>v.<br><br>CLAIRE M. HARVEY, BRANDY J. DASWANI, KIM C. OPPENHEIMER, KESSLER & SOLOMIANY, STEFANIE S. POTTER, MOLLY Y. TEPLITZKY.<br><br>  Defendants. | CIVIL ACTION FILE NO.<br>1:25-cv-04688-JPB |

## DEFENDANT'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response;

**Defendant Oppenheimer has been correctly**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**None at this time.**

(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Defendant Oppenheimer cannot be held liable in this action as the statute of limitations for all claims has run, she is subject to absolute civil immunity, and this Court lacks subject matter jurisdiction over claims for declaratory relief. On June 12, 2021, Defendant Oppenheimer served as a court-appointed psychological evaluator in Plaintiff's underlying divorce and custody proceeding against Defendant Claire Harvey. Defendant Oppenheimer conducted a psychological evaluation and testified regarding her findings but did not make any recommendations regarding custody or parenting time. In her role Defendant Oppenheimer attended a conference call with the court-appointed Guardian ad Litem and counsel for Plaintiff and Defendant Harvey, Defendant Oppenheimer never convened with any judge regarding the proceeding. Not only has the two-year statute of limitations run on the matter, but Defendant Oppenheimer was a private actor and not liable for any alleged constitutional violations. Even if Defendant Oppenheimer is subject to liability, she did not violate nor conspire to violate any law or provision of the constitution.**

(4)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**The following list of cases is illustrative of the general legal principles and standards that govern this matter, but should not be considered exhaustive:**

<u>Constitutional Provisions:</u>

**U.S. Const., amends. I, IV, V, XIV**

<u>Statutes:</u>

**42 U.S.C § 1983; 42 U.S.C § 1985**

<u>Cases:</u>

- **<u>AVCO Corp. v. Precision Air Parts, Inc.</u>, 676 F.2d 494 (11th Cir. 1982)**
- **<u>Crowe v. Donald</u>, 528 F.3d 1290 (11th Cir. 2008)**
- **<u>Mullinax v. McElhenney</u>, 817 F.2d 711 (11th Cir. 1987)**

- **Horne v. Harbour Portfolio VI, LP**, 304 F. Supp. 3d 1332 (N.D. Ga. 2018)
- **Camps v. Bravo**, 142 F.4th 743 (11th Cir. 2025)
- **Higdon v. Smith**, 565 F. App'x 791 (11th Cir. 2014)
- **Butz v. Economou**, 438 U.S. 478 (1978)
- **Fullman v. Graddick**, 739 F.2d 553 (11th Cir. 1984)
- **Santos v. Carter**, No. 19-12790, 2021 WL 4848135 (11th Cir. Oct. 18, 2021)
- **Hadley v. Gutierrez**, 526 F.3d 1324 (11th Cir. 2008)
- **Fla. Fam. Pol'y Council v. Freeman**, 561 F.3d 1246 (11th Cir. 2009)
- **Etzel v. Hooters of Am., LLC**, 223 F. Supp. 3d 1306 (N.D. Ga. 2016)
- **Church v. City of Huntsville**, 30 F.3d 1332 (11th Cir. 1994)
- **Amarelis v. Notter Sch. of Culinary Arts, LLC**, 2014 WL 5454387 (M.D. Fla. Oct. 27, 2014)
- **CliC Goggles, Inc. v. Morrison**, No. 615CV621ORL28GJK, 2016 WL 7665442 (M.D. Fla. June 2, 2016)

(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information . (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A.**

(6)   Provide the name of any person wo may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Defendant Oppenheimer has not yet made a decision about the use of expert witnesses at trial.**

(7)   Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See Attachment C.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**None.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**None. Defendant Oppenheimer contends that there was no improper conduct in the underlying divorce actions and no person nor entity, including herself is liable to Plaintiff.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to Satisfy part or all of a judgement which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgement. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

See attached insurance policy. Coverage was denied for this action.

## Attachment A

1. **Claire M. Harvey**
   a. Knowledge of the underlying divorce proceedings and Plaintiff's conduct during the underlying proceedings.
   b. Contact: Through Defense Counsel, Noah Green, (404) 841-1275.
   c. Address: 2567 Garrison Commons SW Marietta, Ga 30064 (believed address).

2. **Brandy J. Daswani**
   a. Knowledge of what happened during case conference in the underlying divorce proceeding, and Defendant Oppenheimer's conclusions and testimony in the underlying proceeding.
   b. Contact: Through Defense Counsel, James R. Doyle, (404) 499-2156.
   c. Address: Through Defense Counsel, James R. Doyle, 600 Peachtree Street, NE, Suite 4700, Atlanta, Georgia 30308.

3. **Stefanie S. Potter**
   a. Knowledge of what happened during case conference in the underlying divorce proceeding, and Defendant Oppenheimer's conclusions and testimony in the underlying proceeding.
   b. Contact: Through Defense Counsel, Christine L. Mast and Jamie McDowell (404) 614-7400.
   c. Address: Through Defense Counsel, Christine L. Mast and Jamie McDowell, 303 Peachtree Street, Suite 4000 Atlanta, Georgia 30308-3243.

4. **Molly Y. Teplitzky**
   a. Knowledge of what happened during case conference in the underlying divorce proceeding, and Defendant Oppenheimer's conclusions and testimony in the underlying proceeding.
   b. Contact: Through Defense Counsel, Christine L. Mast and Jamie McDowell (404) 614-7400.
   c. Address: Through Defense Counsel, Christine L. Mast and Jamie McDowell, 303 Peachtree Street, Suite 4000 Atlanta, Georgia 30308-3243.

5. **Angela Z. Brown**

a. Knowledge of impartiality of underlying divorce and custody proceeding and Defendant Oppenheimer's conclusions and testimony in the underlying proceeding.
b. Contact: (770) 528 -1800 (work).
c. Address: 70 Haynes Street Marietta, Georgia 30090 (work).

## Attachment D

1. Harvey v. Harvey Case File
2. Various emails and correspondences

Each document is in the possession of Defendant Oppenheimer. Defendant Oppenheimer reserves the right to rely on documents, electronically stored information, and tangible things as those documents become known and available in this case.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY<br><br>Plaintiff, pro se<br><br>v.<br><br>CLAIRE M. HARVEY, et al.<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:25-cv-04688-JPB |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing **PRELIMINARY REPORT AND DISCOVERY PLAN** upon the following through the *Pacer* e-filing system via U.S. First Class Mail and/or Statutory Electronic Service pursuant to O.C.G.A. § 9-11-5(b) to the following recipients:

Matthew Thomas Harvey, Pro Se
c/o 501 North Slappey Boulevard
# 1112
Albany, GA 31701
mharvey7744@gmail.com
(912) 346-5299
*Plaintiff (pro se)*

Noah Green
Henefeld & Green, P.C.
3017 Bolling Way NE
Suite 129
Atlanta, GA 30305
ngreen@henefeldgreen.com
*Counsel for Defendant Claire Harvey*

William L. Tomlin
Georgia Department Of Law
40 Capitol Square SW

James R. Doyle, II
Lewis, Brisbois, Bisgaard & Smith, LLP

8

<table>
<tr><td>

Atlanta, GA. 30334
wtomlin@law.ga.gov
*Counsel for the State Defendants*

Christine L. Mast
Jamie McDowell
Hawkins Parnell & Young, LLP
303 Peachtree Street, Suite 4000
Atlanta, GA. 30308-3243
cmast@hpylaw.com
jmcdowell@hpylaw.com
*Counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; and Molly Y. Teplitzky*

</td><td>

600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
James.doyle@lewisbrisbois.com
*Counsel for Defendant Daswani*

</td></tr>
</table>

Respectfully submitted, this 11th day of February 2026.

<table>
<tr><td>

191 Peachtree Street NE
Suite 2900
Atlanta, GA. 30303
404-954-5000 /
404-954-5020 Fax
cwalker@hallboothsmith.com
abattey@hallboothsmith.com
tbrown@hallboothsmith.com

</td><td>

**HALL BOOTH SMITH, P.C.**

*/s/Courtney B. Walker*
COURTNEY B. WALKER
Georgia Bar No. 907859
ALEX BATTEY
Georgia Bar No. 448723
TIA BROWN
Georgia Bar No. 102027
*ATTORNEYS FOR KIM C. OPPENHEIMER*

</td></tr>
</table>