IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY<br><br>    Plaintiff, pro se<br><br>v.<br><br>CLAIRE M. HARVEY, BRANDY J. DASWANI, KIM C. OPPENHEIMER, KESSLER & SOLOMIANY, STEFANIE S. POTTER, MOLLY Y. TEPLITZKY.<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:25-cv-04688-JPB |

**PRELIMINARY REPORT AND DISCOVERY PLAN**

1. **Description of Case:**

    (a)    Describe briefly the nature of this action.

   *Plaintiff alleges that Defendants violated his civil rights.*

    (b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

   *Defendants' Facts*

   *On June 12, 2021, Defendant Oppenheimer was appointed to serve as psychological evaluator in a divorce and custody action between Plaintiff and*

*Defendant Oppenheimer. Defendant Oppenheimer conducted a psychological evaluation for both parties and testified regarding her findings but did not make any recommendations regarding custody or parenting time. In her role Defendant Oppenheimer attended a conference call with the court-appointed Guardian ad Litem and counsel for Plaintiff and Defendant Harvey, Defendant Oppenheimer never convened with any judge regarding the proceeding. On April 25, 2022, Defendant Oppenheimer testified regarding her findings, but made no recommendation regarding custody or parenting time.*

*Plaintiffs' Facts*

*In 2021, Defendant Oppenheimer was appointed to serve as psychological evaluator in a divorce and custody action between Plaintiff and Defendant Oppenheimer. During the course of her evaluation, Defendant Oppenheimer met with both parties, contacted the court-appointed guardian ad litem, and cancelled her final appointment with Plaintiff. In April 2022, Defendant Oppenheimer attended a conference call with counsel for Plaintiff, counsel Defendant Harvey, the court-appointed guardian ad litem, and the judge assigned to the matter. In this conference call Defendant Oppenheimer portrayed that Plaintiff was the less stable parent and Defendant Harvey posed no danger. The court ordered a written evaluation of Defendant Oppenheimer's report which she quoted plaintiff approximately $8,000 to compile.*

(c)     The legal issues to be tried are as follows:

1. *Whether Defendant Oppenheimer was a state actor and thus could be held liable for constitutional violations.*

2. *Whether Defendant Oppenheimer engaged in coordinated conduct that deprived Plaintiff of his right to due process to an impartial divorce and custody proceeding.*

3. *Whether Defendant Oppenheimer denied Plaintiff substantive due process by depriving him of his fundamental right to parent his child.*

4. *Whether Defendant Oppenheimer violated Plaintiff's right to free speech.*

5. *Whether Defendant Oppenheimer impermissibly abused civil processes to deprive Plaintiff of liberty and parental rights and cause financial, emotional, and psychological harm.*

6. *Whether Defendant Oppenheimer conspired to deprive Plaintiff of any constitutional right.*

    (d)    The cases listed below (include both style and action number) are:

        (1)    Pending Related Cases:

        *None.*

        (2)    Previously Adjudicated Related Cases:

        *None.*

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

    __X__    (1)    Unusually large number of parties
    _____    (2)    Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
_____ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored Information

**3. Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:** *pro se*

**Defendant:** *James R. Doyle, II (Defendant Brandy Daswani)*

*Courtney Walkker (Defendant Kim C. Oppenheimer)*

*Christine L. Mast (Defendants Molly Y. Teplitzky, Stefanie S. Pooter, and Kessler & Solomiany, LLC)*

*Noah Green (Defendant Claire Harvey)*

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

(X) Yes            (\_\_\_\_) No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and

4

discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

*See attachment 1.*

**5.    Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

*None at this time.*

(b)    The following persons are improperly joined as parties:

*None at this time.*

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

*None at this time.*

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

*None anticipated.*

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All Motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)    *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)    *Other limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regarding to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

*Defendant Oppenheimer will serve initial disclosures by February 11, 2026.*

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, Please state the issues which could be addressed and the position of each party.

*Yes, Defendant Oppenheimer requests a scheduling conference.*

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four month discovery period, and (c) eight months discovery period. A chart showing the assignment of the cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- *The facts and circumstances of the underlying divorce and custody matter.*

**Liability and Damages**

If the parties anticipated that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

*The parties do not anticipate that additional time will be needed and request a four-month discovery track.*

**11. Discovery Limitation and Discovery of Electronically Store Information:**

(a) What changes should be made in the limitations on discovery imposed under Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

7

*Not at this time.*

    (b)    Is any party seeking discovery of electronically stored information?

\_\_\_\_ Yes      X No

If "yes,"

    (1)    The parties have discussed the sources and scope of the production of electronically store information and have agreed to limit the scope of production (e.g., accessibility, search terms, data limitations, or key witnesses) as follows:

    (2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

In absence of agreement on issues regarding discovery of electronically store information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.  Other Orders:**

What other order do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

*None at this time.*

**13.  Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference and that they participate in settlement discussions. Other persons who participated in the settlement discussions are listed according to party:

Because Plaintiff appears in this action *pro* se, Defendant Oppenheimer submits this preliminary report separately from Plaintiff, pursuant to local rule 16, and has not attended a Rule 26(f) conference.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

_____ A possibility of settlement before discovery.
_____ A possibility of settlement after discovery.
_____ A possibility of settlement, but a conference with a Judge is needed.
__X__ No possibility of settlement.

(c) Counsel (\_\_\_\_) do or (X) do not intent to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hinderance to settlement of this case.

*Disagreements on the facts and the law.*

**14.  Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial of a party is otherwise entitled to a jury trial.

(a) The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United State Magistrate Judge form has been submitted to the clerk of this court this \_\_\_\_\_ day _____, of _____.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

This 11th day of February, 2026.

**HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 191 Peachtree Street NE | */s/ Courtney B. Walker* |
| Suite 2900 | COURTNEY B. WALKER |
| Atlanta, GA. 30303 | Georgia Bar No. 907859 |
| 404-954-5000 / | ALEX BATTEY |

| | |
|---|---|
| 404-954-5020 Fax<br>cwalker@hallboothsmith.com<br>abattey@hallboothsmith.com<br>tbrown@hallboothsmith.com | Georgia Bar No. 448723<br>TIA BROWN<br>Georgia Bar No. 102027<br>*ATTORNEYS FOR KIM C. OPPENHEIMER* |

## **LOCAL RULE 7.1D CERTIFICATE**

I hereby certify this submission was prepared using Century Schoolbook 13-point font and exact double spacing as required by local rule 5.1C.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY<br><br>Plaintiff, pro se<br><br>v.<br><br>CLAIRE M. HARVEY, et al.<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:25-cv-04688-JPB |

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the within and foregoing **PRELIMINARY REPORT AND DISCOVERY PLAN** upon the following through the *Pacer* e-filing system via U.S. First Class Mail and/or Statutory Electronic Service pursuant to O.C.G.A. § 9-11-5(b) to the following recipients:

Matthew Thomas Harvey, Pro Se
c/o 501 North Slappey Boulevard
# 1112
Albany, GA 31701
mharvey7744@gmail.com
(912) 346-5299
*Plaintiff (pro se)*

Noah Green
Henefeld & Green, P.C.
3017 Bolling Way NE
Suite 129
Atlanta, GA 30305
ngreen@henefeldgreen.com
*Counsel for Defendant Claire Harvey*

<table>
<tr><td>

William L. Tomlin
Georgia Department Of Law
40 Capitol Square SW
Atlanta, GA. 30334
wtomlin@law.ga.gov
*Counsel for the State Defendants*

</td><td>

James R. Doyle, II
Lewis, Brisbois, Bisgaard & Smith, LLP
600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
James.doyle@lewisbrisbois.com
*Counsel for Defendant Daswani*

</td></tr>
<tr><td>

Christine L. Mast
Jamie McDowell
Hawkins Parnell & Young, LLP
303 Peachtree Street, Suite 4000
Atlanta, GA. 30308-3243
cmast@hpylaw.com
jmcdowell@hpylaw.com
*Counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; and Molly Y. Teplitzky*

</td><td></td></tr>
</table>

Respectfully submitted, this 11th day of February 2026.

| | |
|---|---|
| | **HALL BOOTH SMITH, P.C.** |
| 191 Peachtree Street NE<br>Suite 2900<br>Atlanta, GA. 30303<br>404-954-5000 /<br>404-954-5020 Fax<br>cwalker@hallboothsmith.com<br>abattey@hallboothsmith.com<br>tbrown@hallboothsmith.com | */s/Courtney B. Walker*<br>COURTNEY B. WALKER<br>Georgia Bar No. 907859<br>ALEX BATTEY<br>Georgia Bar No. 448723<br>TIA BROWN<br>Georgia Bar No. 102027<br>*ATTORNEYS FOR KIM C. OPPENHEIMER* |

**Attachment 1 - Note Regarding Jurisdiction**

This Court lacks subject matter jurisdiction over counts VII and VIII of Plaintiff's First Amended Complaint. To establish standing to bring a claim for injunctive relief, a party must allege "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (emphasis added). Past illegal exposure alone does not create a present case for injunctive relief unless a plaintiff shows continuing and present adverse effects. Id. Plaintiff's allegations against Defendant Oppenheimer are entirely past events, and Plaintiff claims no future threat of injury or continuing action against Defendant Oppenheimer. Her involvement ended at the divorce proceeding, and any potential harm or injury to Plaintiff ended when the final divorce decree was entered. Plaintiff alleges no real or immediate set of facts which Defendant Oppenheimer's *future* actions could cause him harm. Accordingly, this Court lacks subject matter jurisdiction.