UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br><br>    Plaintiff,<br><br>v.<br><br>CLAIRE M. HARVEY; BRANDY J. DASWANI; KIM C. OPPENHEIMER; KESSLER & SOLOMIANY, LLC; STEFANIE S. POTTER, and MOLLY Y. TEPLITZKY.<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:25-CV-04688-JPB |

**PRELIMINARY REPORT AND DISCOVERY PLAN OF THE KESSLER DEFENDANTS**

1. **Description of Case:**

   (a)   Describe briefly the nature of this action.

   Plaintiff alleges that Defendants violated his civil rights.

   (b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

   The matter arises from child custody proceedings, enforcement actions, and associated civil and criminal processes. Plaintiff alleges that various private individuals, attorneys, and professionals violated his constitutional rights. Plaintiff seeks damages, declaratory relief, and injunctive relief for alleged violations of his First, Fourth, Fifth, and Fourteenth Amendment rights as well as claims under 42

U.S.C. § 1983. Defendants Kessler & Solomiany, LLC; Stefanie S. Potter, and Molly Y. Teplitzky (the "Kessler Defendants") represented co-defendant Claire Harvey in the underlying proceedings. The Kessler Defendants acted lawfully and in accordance with their professional duties in representing their client.

 (c) The legal issues to be tried are as follows:

1. Whether the Court has subject matter jurisdiction in light of the Rooker-Feldman doctrine and domestic relations abstention principles.

2. Whether the First Amended Complaint states a claim.

3. Whether private party defendants acted under color of state law for purposes of liability for Plaintiff's § 1983, conspiracy, and constitutional claims.

4. Whether any claims are barred by the statute of limitations.

5. Whether Plaintiff is entitled to declaratory or injunctive relief based on alleged ongoing or prospective harm.

 (d) The cases listed below (include both style and action number) are:

  (1) Pending Related Cases:

  None

  (2) Previously Adjudicated Related Cases:

  None

**2. This case is complex because it possesses one or more of the features listed below (please check):**

 <u>  x  </u>(1) Unusually large number of parties

-3-

    \_\_\_\_\_(2)   Unusually large number of claims or defenses
    \_\_\_\_\_(3)   Factual issues are exceptionally complex
    \_\_\_\_\_(4)   Greater than normal volume of evidence
    \_\_\_\_\_(5)   Extended discovery period is needed
    \_\_\_\_\_(6)   Problems locating or preserving evidence
    \_\_\_\_\_(7)   Pending parallel investigations or action by government
    \_\_\_\_\_(8)   Multiple use of experts
    \_\_\_\_\_(9)   Need for discovery outside United States boundaries
    \_\_\_\_\_(10)  Existence of highly technical issues and proof
    \_\_\_\_\_(11)  Unusually complex discovery of electronically stored information

**3.   Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:   pro se

Defendant:   Christine L. Mast (Defendants Molly Y. Teplitzky, Stefanie S. Potter, and Kessler & Solomiany, LLC)

James R. Doyle, II (Defendant Brandy Daswani)

Courtney Walker (Defendant Kim C. Oppenheimer)

Noah Green (Defendant Claire Harvey)

**4.   Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

<u>  X  </u> Yes     \_\_\_\_\_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.   Parties to This Action:**

(a)   The following persons are necessary parties who have not been joined:

None at this time.

(b) The following persons are improperly joined as parties:

None at this time.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None at this time.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.  Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.  Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Kessler Defendants will serve their initial disclosures by February 16, 2026.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Yes, the Kessler Defendants request a scheduling conference to address how the discovery track may align with the pending motions before the Court.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The facts and circumstances of the underlying divorce and custody proceedings; liability and damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties do not anticipate that additional time will be needed and request a four-month discovery track.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b)   Is any party seeking discovery of electronically stored information?

____Yes   X____ No

If "yes,"

    (1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit

-6-

the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

## 13. Privileged or Protected Material:

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

_____Yes   X_____ No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

## 14. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

Because Plaintiff appears in this action pro se, The Kessler Defendants submit this preliminary report separately from Plaintiff, pursuant to local rule 16, and have not attended a Rule 26(f) conference.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(X___) No possibility of settlement.

(c) Counsel (___) do or (X___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20__.

(d) The following specific problems have created a hindrance to settlement of this case.

Disagreements on the facts and the law.

**15. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties () do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, 20__.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

## **LOCAL RULE 7.1D CERTIFICATE**

I hereby certify this submission was prepared using Times New Roman 14-point font and exact double spacing as required by local rule 5.1C.

This 11th day of February, 2026.

                                                      **HAWKINS PARNELL & YOUNG, LLP**

                                                      */s/ Jamie McDowell*

| | |
|---|---|
| 303 Peachtree Street, Suite 4000<br>Atlanta, GA  30308-3243<br>(404) 614-7400 *(phone)*<br>(855) 889-4588 *(fax)*<br>jmcdowell@hpylaw.com<br>cmast@hpylaw.com | Jamie McDowell<br>Georgia Bar No. 964129<br>Christine L. Mast<br>Georgia Bar No. 461349<br>*Counsel for Kessler & Solomiany, LLC;*<br>*Stefanie S. Potter; and Molly Y. Teplitzky* |

## **Attachment 1 - Note Regarding Jurisdiction**

Defendants Kessler & Solomiany, LLC, Stefanie S. Potter, and Molly Y. Teplitzky respectfully object to this Court's subject matter jurisdiction over Counts VII & VIII of Plaintiff's First Amended Complaint.

To the extent Plaintiff's claims invite this Court to review, invalidate, or disturb orders entered during his state divorce, custody, contempt, support, or criminal-related proceedings, such claims are barred by the Rooker-Feldman doctrine. Federal district courts lack jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments and seeking federal review of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff's allegations concern injuries arising directly from state court orders.

Additionally, federal courts traditionally decline jurisdiction over matters involving divorce, alimony, and child custody, which are committed to state-court expertise. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Plaintiff's claims stem from protective orders, custody restrictions, visitation limitations, attorney fee awards, child support obligations, and subsequent enforcement actions. These subject areas fall squarely within domestic relations abstention principles.

# CERTIFICATE OF SERVICE

I certify that I have this day served the foregoing **PRELIMINARY REPORT AND DISCOVERY PLAN OF THE KESSLER DEFENDANTS**, with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all counsel of record, and served a copy of the same to Plaintiff via email and United States Mail with adequate postage attached:

| | |
|---|---|
| Matthew Thomas Harvey<br>c/o 501 North Slappey Boulevard<br>#1112<br>Albany, Georgia 31701<br>mharvey7744@gmail.com<br>*Plaintiff (pro se)* | Noah Green<br>Henefeld & Green, P.C.<br>3017 Bolling Way NE<br>Suite 129<br>Atlanta, GA 30305<br>ngreen@henefeldgreen.com<br>*Counsel for Defendant Claire Harvey* |
| Courtney B. Walker<br>Alex Battey<br>Tia Brown<br>Hall Booth Smith, P.C.<br>191 Peachtree St. NE, Suite 29C<br>Atlanta, GA 30303<br>cwalker@hallboothsmith.com<br>abattey@hallboothsmith.com<br>tbrown@hallboothsmith.com<br>*Counsel for Defendant Oppenheimer* | James R. Doyle, II<br>Lewis, Brisbois, Bisgaard & Smith, LLP<br>600 Peachtree Street, NE<br>Suite 4700<br>Atlanta, GA 30308<br>james.doyle@lewisbrisbois.com<br>*Counsel for Defendant Daswani* |

This 11th day of February, 2026.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Jamie McDowell*
Jamie McDowell
Georgia Bar No. 964129

303 Peachtree Street, Suite 4000
Atlanta, GA  30308-3243

(404) 614-7400 *(phone)*  
(855) 889-4588 *(fax)*  
jmcdowell@hpylaw.com  
cmast@hpylaw.com

Christine L. Mast  
Georgia Bar No. 461349  
*Counsel for Kessler & Solomiany, LLC;*  
*Stefanie S. Potter; and Molly Y. Teplitzky*