IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLAIRE M. HARVEY, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION FILE <br> NO: 1:25-CV-4688-JPB |

### DEFENDANT BRANDY J. DASWANI'S REPLY IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Brandy J. Daswani ("Defendant Daswani") and files this Reply in Support of Her Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and (6). As argued below, as well as in her opening brief, Defendant Daswani contends that Plaintiff's claims against her should be dismissed because they fail to state a viable claim because she is immune from suit and the applicable statute of limitations has run and, to the extent Plaintiff seeks modification or rejection of state court judgments, this Court lacks subject matter jurisdiction over his claims.

I.     **ARGUMENT AND CITATION OF AUTHORITY**

Plaintiff's claims against Defendant Daswani are due to be dismissed, and nothing in his response changes that result. None of the allegations against Daswani indicate that any purported misconduct by her was outside the scope of her authority as a guardian ad litem. Neither Plaintiff's allegations nor the arguments in his response support that he is entitled to equitable tolling of his claims. Finally, despite his arguments to the contrary, this Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive and declaratory relief because those claims require this Court to interfere with state-court judgments related to Plaintiff's family court proceedings. Accordingly, this Court should dismiss any claims against Daswani.

**A.     Plaintiff's Claims Against Daswani Are Barred By Absolute Quasi-Judicial Immunity.**

Plaintiff's allegations surrounding any purported misconduct by Defendant Daswani all involve her function as a guardian ad litem, and therefore, she is entitled to absolute immunity from this suit. While Plaintiff argues that "quasi-judicial immunity does not extend to conduct taken outside the scope of neutral fact-finding or undertaken as part of a retaliatory or coercive scheme," he fails to support that contention with citation to any legal authority. (Doc. 53 at 19). As explained below, quasi-judicial immunity applies when a guardian ad litem acts in relation to the

judicial process and within the scope of her authority. Daswani's alleged conduct meets that standard; thus, she is immune from Plaintiff's suit.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "This immunity applies even when the judge is accused of acting maliciously and corruptly[.]" *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'").

"Absolute quasi-judicial immunity derives from absolute judicial immunity." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). Quasi-judicial immunity extends to non-judicial officials, including guardians ad litem, when their actions "are integrally related to the judicial process." *Jenkins v. Clerk of Ct., U.S. Dist. Ct., S. Dist. of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005); *Harpo v. Davis*, No. 1:12-cv-865-WSD, 2012 WL 1038733, at *2 (N.D. Ga. Mar. 27, 2012). To determine whether absolute quasi-judicial immunity bars a suit against a guardian ad litem, a court performs "a functional analysis of [her] actions[.]" *See Jenkins*, 150 F. App'x at 990. Quasi-judicial immunity applies when a guardian ad litem's actions were

(1) "in relation to the judicial process" and (2) "within the scope of [her] authority[.]" *See Roland*, 19 F.3d at 555.

"Under [a functional approach], a guardian ad litem would be absolutely immune in exercising functions such as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court in which the guardian acts as an actual functionary or arm of the court, not only in status or denomination but in reality." *Gardner by Gardner v. Parson*, 874 F.2d 131, 146 (3d Cir. 1989). "[A]n act is not outside of a [guardian ad litem's] jurisdiction just because it is wrongful [or] even unlawful." *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Tr.*, 744 F.3d 623, 6303131 (10th Cir. 2014) (holding that a guardian ad litem was entitled to absolute immunity, even if he violated state and federal wiretapping laws when recording conversations between the plaintiff and her child, because he was acting in his report-and-recommendation function).

Plaintiff alleges that Daswani interviewed him; delayed seeking court authorization for psychological evaluation; met with opposing counsel; met with the trial court, opposing counsel, and Plaintiff's attorney; disclosed his confidential medical and therapy records and mischaracterized their contents; met with the court-appointed psychologist; and requested the trial court order ankle monitoring and obtain additional courtroom security. (Doc. 44 ¶¶ 27-29, 31-32, 45, 48, 50). All of

4

those purported actions occurred within Daswani's role as a guardian ad litem. While Plaintiff challenges "particular acts" allegedly committed by Daswani, she cannot "be deprived of immunity because the action [she] took was in error . . . or was in excess of [her] authority." *See Mireles*, 502 U.S. at 13 (citation omitted). That is because "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Id.*; *Dolin on Behalf of N.D. v. West*, 22 F. Supp. 2d 1343, 1349 (M.D. Fla. 1998) (finding that absolute immunity protected guardian ad litem from suit because his alleged conduct was pursuant to his role as a guardian ad litem, even when the plaintiff alleged that the guardian ad litem stole the plaintiff's property, recommended a doctor who was not a licensed psychologist to the court, recommended the court terminate the plaintiff's visitation rights, and recommended the plaintiff's arrest), *aff'd sub nom. Dolin v. West*, 207 F.3d 661 (11th Cir. 2000).

That Plaintiff disagrees with the way Daswani acted in her position as a guardian ad litem or is upset with her level of responsiveness to his requests do not deprive her of immunity. *See Stump*, 435 U.S. at 363 ("Disagreement with the action taken by the [guardian ad litem], however, does not justify depriving that [guardian ad litem] of [her] immunity."); *Hill v. Manning*, No. 1:21-CV-04549-SDG, 2022 WL 4361822, at *5 (N.D. Ga. Sept. 20, 2022) (finding that a guardian ad litem was entitled to absolute immunity when a plaintiff alleged that she improperly presented

arguments and examined witnesses during a hearing, made false statements on which the trial court relied, and failed to "fully interview" character witnesses). Even if Daswani acted illegally or maliciously, that would not change that she has immunity from suit when functioning within her role as a guardian ad litem. *See Dolin*, 22 F. Supp. 2d at 1349; *McCacken v. Kamen*, No. 18-20574-CV, 2018 WL 9837823, at *5 (S.D. Fla. June 11, 2018) (finding that a guardian ad litem was entitled to absolute immunity when the plaintiff alleged that she denied him access to her services by not responding to emails and refusing to speak on the phone, refused his requests to investigate incidents regarding his children, and retaliated against him with threats to garnish his wages and deny him access to his children), *R. & R. adopted sub nom. McCracken v. Kamen*, 2018 WL 9837824 (July 17, 2018).

In sum, taking Plaintiff's allegations as true, as the Court must do at the motion-to-dismiss stage, Daswani's purported misconduct occurred as part of her function of a guardian ad litem, "in relation to the judicial process" and "within the scope of [her] authority." *See Roland*, 19 F.3d at 555. Accordingly, this Court should find Daswani immune from suit and dismiss Plaintiff's claims against her.

**B.    The Statute of Limitations Has Run on Plaintiff's Claims.**

Plaintiff's argument that Daswani has proposed an improper accrual date for his claims is misguided and appears to invoke the continuing violation doctrine,

6

which does not apply here. As for his argument that he has adequately alleged equitable tolling, that is an extraordinary remedy that is sparingly applied, and he has not met his burden to show he is entitled to tolling of his claims. The statute of limitations has run on Plaintiff's claims, and neither of his arguments to the contrary have merit.

### 1. *Accrual Date and Continuing Violation*

A claim is subject to dismissal when the allegations in the complaint show that the statute of limitations has run. *Jones v. Bock*, 549 U.S. 199, 215 (2007). A statute of limitations begins to run from the date when a plaintiff "know[s] or should know (1) that [he has] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). A Section 1983 claim filed in Georgia has a statute of limitations of two years. *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011); O.C.G.A. § 9-3-33.

Plaintiff argues that his claims did not accrue until "the coercive scheme and its effects were fully apparent." (Doc. 44 at 21-22). But according to Plaintiff's allegations, Daswani purportedly failed to order psychological evaluations in a timely manner — an act he would have been aware of contemporaneously. (*See* Doc. 44 ¶¶ 28-29). Additionally, Plaintiff alleges that Daswani shared his confidential medical records and mischaracterized their contents at a meeting with

7

Defendant Claire Harvey's counsel, the judge overseeing his family court matters, and *Plaintiff's own attorney.* (*Id.* ¶¶ 31-32). Once again, Plaintiff's allegations support that he was aware of Daswani's purported misconduct at the time it occurred, or shortly thereafter. Similarly, Plaintiff alleges that at a hearing regarding the removal of his ankle monitor, the court stated the ankle monitor was ordered at Daswani's insistence and would remain until the divorce proceedings were complete. (*Id.* ¶ 48). Obviously, Plaintiff was aware of this purported misconduct by Daswani in real time. In his response brief, Plaintiff notes that his retained counsel "repeatedly discourag[ed] constitutional challenges and represent[ed] that resistance would exacerbate harm," which further supports that Plaintiff was aware of the purported misconduct when it was happening. (*See* doc. 53 at 23). Plaintiff also alleges that Defendants' combined misconduct resulted in his involuntary inpatient psychiatric treatment, his unlawful incarceration, and several orders finding him in contempt for failure to satisfy court-ordered support — all of which Plaintiff would have been aware of at the time of their occurrence. (*See* doc. 44 at 10-20).

While the consequences from a defendant's alleged misconduct may continue, that does not transform their misdeeds into continuing violations. *See Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (holding that continuing violation doctrine did not extend limitations period for Section 1983 action because defendants' decision

to not consider the plaintiff for parole until a specified year "was a one-time act with continued consequences"); *Garza v. Hudson*, 436 F. App'x 924, 926 (11th Cir. 2011) ("The fact that any alleged consequences from [defendants'] harms may have carried over into the future did not serve to extend the limitations period."); *Serpenfoot v. Rome City Comm'n*, 426 F. App'x 884, 887 (11th Cir. 2011) (holding that statute of limitations for Section 1983 claims began to accrue when plaintiff knew or should have known that she suffered the injury that formed the basis of her complaint, not upon the completion of any purported misconduct). The statute of limitations on Plaintiff's claims against Daswani began to run, at the latest, when the state court entered a judgment against Plaintiff that relied on her purported misconduct. That the consequences of the judgment allegedly continue to harm Plaintiff does not change the date of when those claims accrued. Therefore, Plaintiff's complaint filed more than two years after the state-court judgment was entered is untimely, and this action should be dismissed.

        2.        *Equitable Tolling*

"Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (citation and punctuation omitted; emphasis in original). It is the plaintiff's burden to show that

extraordinary circumstances prevented him from timely filing. *Id.* Tolling is applied sparingly. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). "Where there has been no showing of a basis for equitable tolling in either the complaint or a response to a motion to dismiss, courts have granted motions to dismiss claims as time-barred." *Switala v. Rosenstiel*, 288 F. Supp. 3d 1296, 1301 (S.D. Fla. 2017) (collecting cases).

"[E]quitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against" him. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1155 (11th Cir. 2005). Equitable tolling typically applies only when the defendant engaged in affirmative conduct — *e.g.*, deliberate concealment. *Id.* Nevertheless, "equitable tolling does not require any misconduct on the part of the defendant." *Browning v. AT&T Paradyne*, 120 F.3d 222, 226 (11th Cir. 1997). Mental incapacity may constitute an extraordinary circumstance sufficient to establish equitable tolling but "is not *per se* a reason to toll a statute of limitations." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

Plaintiff has not met his burden to show that equitable tolling should apply to his claims here. To begin, Plaintiff has not alleged or argued that Daswani intentionally misled him or deliberately concealed any purported misconduct from

171378163.1

him. Additionally, Plaintiff's "bare contentions" that his "psychological disability and functional impairment" prevented him from timely filing this action "are insufficient to justify equitable tolling." *See Mullins v. Thomas*, 2:13-CV-02026-CLS-HG, 2014 WL 1330922, at *3 (N.D. Ala. Mar. 28, 2014); (Doc. 44 at 22). While Plaintiff contends that he was subject to confinement, restraint, and threats of incarceration or further sanctions, courts in this Circuit have found that equitable tolling was not applicable in situations where the plaintiff was subject to far greater constraints than Plaintiff here. *See Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007) (affirming a district court's denial of equitable tolling because prisoner's lack of access to a law library and his legal papers for 10 months of the 1-year limitations period did not constitute extraordinary circumstances); *Rhodes v. Philben*, 5:15-CV-00146-MTT-CHW, 2016 WL 4491867, at *3 (M.D. Ga. Apr. 8, 2016) (finding that an imprisoned plaintiff's "lack of legal knowledge, inability to use a computer, and lack of access to his legal documents, which were apparently lost when [he] transferred prisons" did not constitute extraordinary circumstances to establish equitable tolling), *R. & R. adopted*, 2016 WL 4492853 (Aug. 25, 2016).

Even though Plaintiff is proceeding *pro se*, he is still required to adhere to procedural requirements, including statutory deadlines. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by

Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); *see also Robinson v. Schafer*, 305 F. App'x 629, 630 (11th Cir. 2008) ("[T]he liberal construction given to *pro se* pleadings does not mean liberal deadlines." (punctuation and citation omitted)). Finally, to the extent that Plaintiff asserts that his reliance on his state-court counsel's advice constitutes extraordinary circumstances, "attorney negligence is not a basis for equitable tolling[.]" *See Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007).

Neither Plaintiff's allegations nor his response to Defendants' motions to dismiss have established that his claims are entitled to equitable tolling. Accordingly, this Court should dismiss his claims as untimely because the statute of limitations has run.

**C.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims that Request This Court to Declare State Court Judgments Unconstitutional and Unenforceable.**

To begin, Plaintiff takes issue with Defendants' alternative arguments — *e.g.*, that if the state court proceedings are complete, then the *Rooker-Feldman* doctrine bars this action, and if they are ongoing, the *Younger* abstention doctrine bars this action. But parties are permitted to assert inconsistent claims, defenses, and arguments. *See* Fed. R. Civ. P. 8(d)(3). Daswani recognizes that she cannot prevail

on both her *Rooker-Feldman* and *Younger* arguments, but she asserts both in an abundance of caution and to ensure those arguments are preserved in case of appeal. Daswani maintains that this Court lacks jurisdiction over any claim by Plaintiff that requires this Court to review or reject a state-court judgment and argues that the *Rooker-Feldman* doctrine, *Younger* abstention doctrine, or domestic relations exception support dismissal.

### 1. *Rooker-Feldman*

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). While Plaintiff argues that his complaint seeks to challenge purported unconstitutional conduct by Defendants, and not a state-court judgment, his argument ignores the relief requested in his claims for injunctive and declaratory relief.

In *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), plaintiffs alleged that the state court rendered its judgment in contravention to the Constitution and asked the federal district court to declare it "null and void." That is the type of request that is categorically barred by the *Rooker-Feldman* doctrine, and that is also what

Plaintiff's claims for declaratory and injunctive relief are requesting. Specifically, Plaintiff requests "a declaration that the enforcement of custody, support, contempt, and criminal abandonment proceedings against him without findings of fact, adjudication of ability to pay, or meaningful opportunity to be heard is unconstitutional." (Doc. 44 ¶ 137). He also requests this Court prohibit Defendants from "enforcing custody, support, contempt, or criminal abandonment actions against Plaintiff without constitutionally adequate process." (*Id.* ¶ 143). These alleged claims amount to a request for this federal Court to declare the state court's judgment null and void, which is expressly proscribed by *Rooker-Feldman*.

Additionally, if federal district courts were to alter or review state-court judgments, that would violate their statutorily-provided jurisdictional boundaries. *See* 28 U.S.C. § 1331 (providing that federal courts are courts of original jurisdiction — *i.e.*, they generally cannot hear appeals) and 28 U.S.C. § 1257(a) (providing that the U.S. Supreme Court may review state court judgments rendered by a state's highest court). Accordingly, this Court should dismiss Plaintiff's claims that seek this Court's review of the underlying state court's judgments because it lacks jurisdiction over those claims.

### 2. *Younger*

Even though Plaintiff argues that Defendants' inconsistent positions — *i.e.*, asserting both the *Rooker-Feldman* and *Younger* doctrines — he takes an inconsistent position himself. When arguing he is entitled to equitable tolling of his claims, Plaintiff asserts he is subject to "ongoing probationary supervisions and protective/no-contact conditions;" "ongoing retaliation;" and "the effect of ongoing restraints." (Doc. 53 at 23). But when Plaintiff contends that *Younger* does not bar his claims, he asserts he seeks damages for only "completed constitutional injuries." (*Id.* at 6). Even so, this Court lacks jurisdiction over any claim seeking review or rejection of any state-court judgment. If there are any ongoing proceedings, the *Younger* doctrine makes it improper for this Court to exercise jurisdiction over his claims. It also follows that, if state proceedings are ongoing, Plaintiff will have an adequate opportunity to challenge those proceedings either in the trial court or on appeal. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). Declaring any ongoing state-court proceeding to be unenforceable or unconstitutional would necessarily interfere with those proceedings. *See id.* at 1276. Accordingly, to the extent that any state-court proceeding is ongoing, this Court should dismiss Plaintiff's claims under the *Younger* abstention doctrine.

### 3. *Domestic Relations Exception*

Despite Plaintiff's arguments to the contrary, his claims for declaratory and injunctive relief necessarily require this Court to "adjudicat[e] domestic matters." *See Murphy v. Alabama*, No. CV 2:20-00183-KD-N, 2020 WL 7395139, at *3 (S.D. Ala. Dec. 16, 2020) (citation and quotation marks omitted). That is because those claims request that this Court find state-court judgments entered against him in connection with his divorce and custody proceedings to be unconstitutional and unenforceable. (*See* doc. 44 ¶¶ 137, 143). Therefore, the domestic relations exception provides an independent basis for this Court to abstain from exercising jurisdiction, and this Court should dismiss Plaintiff's action.

## II. CONCLUSION

For the reasons stated above, Defendant Daswani respectfully requests that this Court grant her motion and dismiss Plaintiff's claims against her.

Respectfully submitted, this 12th day of February, 2026.

**[Signature on Following Page]**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
James.Doyle@lewisbrisbois.com

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

                                                    /s/ JAMES R. DOYLE
                                                    James R. Doyle

171378163.1

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing *Defendant Brandy J. Daswani's Reply in Support of Her Motion to Dismiss Plaintiff's First Amended Complaint,* using the Court's CM/ECF system, which will automatically provide notice of same to all parties of record who are registered to receive notices. In addition, the filing will be mailed to the Plaintiff at the address of record, as follows:

> Mr. Matthew Harvey
> 501 North Slappey Boulevard
> #1112
> Albany, Georgia 31701

Respectfully submitted, this 12th day of February, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
James.Doyle@lewisbrisbois.com

171378163.1