## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MATTHEW THOMAS HARVEY,

     Plaintiff,

v.

CLAIRE M. HARVEY; BRANDY J. DASWANI; KIM C. OPPENHEIMER; KESSLER & SOLOMIANY, LLC; STEFANIE S. POTTER, and MOLLY Y. TEPLITZKY.

     Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-04688-JPB

## KESSLER DEFENDANTS' INITIAL DISCLOSURES

(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Defendants Kessler & Solomiany, LLC; Stefanie S. Potter, and Molly Y.

Teplitzky (the "Kessler Defendants") have been properly identified.

(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

None at this time.

(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Plaintiff's First Amended Complaint ("FAC") does not state a plausible claim for relief for constitutional claims against a private law firm and its attorneys. The Kessler Defendants represented Defendant Claire Harvey, Plaintiff's former spouse, in Georgia state court divorce, custody, fee, and contempt proceedings. Plaintiff's FAC is a collateral attack on the state court proceedings.  The Kessler Defendants' supposed wrongdoing consists of ordinary advocacy: communicating with the court, opposing counsel, and court-appointed individuals; participating in hearings; seeking custody and support outcomes; requesting attorney's fees; and filing a civil-contempt motion and engaging in post-judgment enforcement related to the fees award. The FAC alleges that the Kessler Defendants acted "under color of state law," by conspiring with judicial officers, a court-appointed psychologist, and a guardian ad litem to violate Plaintiff's constitutional rights. Plaintiff asserts constitutional and civil rights claims for which he seeks compensatory and punitive damages. Further, Plaintiff seeks declaratory relief by asking this Court to issue a declaration that the enforcement of state court orders is unconstitutional. Plaintiff also seeks injunctive relief by asking this Court to enjoin Defendants from seeking further enforcement of state court orders. The allegations fail as a matter of law and should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

Plaintiff's claims are jurisdictionally barred by the *Rooker-Feldman* doctrine and domestic relations abstention principles, and, independently, fail to state plausible claims against private attorneys who are not state actors for § 1983 purposes, and against whom the pleaded theories are conclusory and deficient under Twombly/Iqbal. Also, many of Plaintiff's claims are barred by the statute of limitations. The following list of statutes, codes, legal principles, and illustrative case law govern this matter but should not be considered an exhaustive list of the governing authorities.

- U.S. Const., amends. I, IV, V, XIV;
- 28 U.S.C. § 1738; 42 U.S.C § 1983; 42 U.S.C § 1985;
- *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005);
- *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021);
- *Ankenbrandt v. Richards*, 504 U.S. 689 (1992);
- *Ingram v. Hayes*, 866 F.2d 368 (11th Cir. 1988);
- *Arnold v. Patterson*, No. 24-10188, 2024 U.S. App. LEXIS 15457 (11th Cir. June 25, 2024);
- *Polk County v. Dodson*, 454 U.S. 312 (1981);
- *Yeh Ho v. Sabocik*, 775 F. App'x 551 (11th Cir. 2019);
- *Dennis v. Sparks*, 449 U.S. 24 (1980);
- *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984);
- *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982);
- *Williams v. Brooks Trucking Co.*, 757 F. App'x 790 (11th Cir. 2018);
- *Allen v. McCurry*, 449 U.S. 90 (1980);
- *Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545 (2006);
- *Waldroup v. Greene Cnty. Hosp. Auth.*, 265 Ga. 864 (1995);
- *Powell v. Thomas*, 643 F.3d 1300 (11th Cir. 2011);
- *Lovett v. Ray*, 327 F.3d 1181 (11th Cir. 2003);

- *Johnson v. County of Paulding*, 780 F. App'x 796 (11th Cir. 2019);
- O.C.G.A. § 9-3-33.

(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

The Kessler Defendants have not yet made a decision about the use of expert

witnesses at trial.

(7)    Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

(8)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

None at this time.

(9)     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

None. The Kessler Defendants contend that there was no improper conduct in

the state court proceedings and no person or entity is liable to Plaintiff.

(10)    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

See Attachment E.

## Attachment A

**Claire M. Harvey -** Knowledge of the Kessler Defendants' representation of her as well as Plaintiff's conduct in the underlying state court proceedings. Ms. Harvey can be contacted through her counsel, Noah Green.

**Brandy J. Daswani -** Knowledge of events in the underlying state court proceedings. Ms. Daswani can be contacted through her counsel, James R. Doyle.

**Kim C. Oppenheimer -** Knowledge of events in the underlying state court proceedings. Ms. Oppenheimer can be contacted through her counsel, Courtney B. Walker.

**Judge Angela Z. Brown -** Knowledge of events in the underlying state court proceedings over which she presided. Judge Brown can be contacted through her counsel, William Tomlin.

**Attachment C**

1.  Pleadings from the underlying state court proceedings; and

2.  Correspondence from the underlying state court proceedings.

Each document is in the possession of the Kessler Defendants. The Kessler Defendants reserve the right to rely on documents, electronically stored information, and tangible things as those documents become known and available in this case.

## **LOCAL RULE 7.1D CERTIFICATE**

I hereby certify this submission was prepared using Times New Roman 14-point font and exact double spacing as required by local rule 5.1C.

This 16th day of February, 2026.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree Street, Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 *(phone)*
(855) 889-4588 *(fax)*
cmast@hpylaw.com
jmcdowell@hpylaw.com

*/s/ Christine L. Mast*
_____
Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129
*Counsel for Kessler & Solomiany, LLC;*
*Stefanie S. Potter; and Molly Y. Teplitzky*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day served the foregoing **KESSLER DEFENDANTS' INITIAL DISCLOSURES**, with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all counsel of record, and served a copy of the same to Plaintiff via email and United States Mail with adequate postage attached:

Matthew Thomas Harvey
c/o 501 North Slappey Boulevard
#1112
Albany, Georgia 31701
mharvey7744@gmail.com
*Plaintiff (pro se)*

Courtney B. Walker
Alex Battey
Tia Brown
Hall Booth Smith, P.C.
191 Peachtree St. NE, Suite 29C
Atlanta, GA 30303
cwalker@hallboothsmith.com
abattey@hallboothsmith.com
tbrown@hallboothsmith.com
*Counsel for Defendant Oppenheimer*

Noah Green
Henefeld & Green, P.C.
3017 Bolling Way NE
Suite 129
Atlanta, GA 30305
ngreen@henefeldgreen.com
*Counsel for Defendant Claire Harvey*

James R. Doyle, II
Lewis, Brisbois, Bisgaard & Smith, LLP
600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
james.doyle@lewisbrisbois.com
*Counsel for Defendant Daswani*

This 16th day of February, 2026.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree Street, Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 *(phone)*
(855) 889-4588 *(fax)*
cmast@hpylaw.com
jmcdowell@hpylaw.com

/s/ Christine L. Mast
_____
Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129
*Counsel for Kessler & Solomiany, LLC;*
*Stefanie S. Potter; and Molly Y. Teplitzky*