## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br><br>     Plaintiff,<br><br>v.<br><br>CLAIRE M. HARVEY; BRANDY J. DASWANI; KIM C. OPPENHEIMER; KESSLER & SOLOMIANY, LLC; STEFANIE S. POTTER, and MOLLY Y. TEPLITZKY,<br><br>     Defendants. | CIVIL ACTION FILE<br>NO. 1:25-CV-04688-JPB |

### REPLY BRIEF IN SUPPORT OF DEFENDANTS KESSLER & SOLOMIANY, LLC, STEFANIE S. POTTER, AND MOLLY Y. TEPLITZKY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Kessler & Solomiany, LLC, Stefanie S. Potter, and Molly Y. Teplitzky respectfully submit this reply in support of their motion to dismiss all claims asserted against them in Plaintiff's First Amended Complaint ("FAC") (Doc. 44) under FRCP 12(b)(1) and (6). As Defendants' opening brief explained, and as Plaintiff's Consolidated Opposition confirms, Plaintiff's claims against these private attorneys fail as a matter of law. Plaintiff's Opposition (Doc. 53) attempts to recast this lawsuit as challenging Defendants' alleged misconduct rather than the domestic relations orders themselves. But his requested equitable relief expressly seeks

declarations that enforcement of custody, support, fee, contempt, and related orders is unconstitutional and injunctions prohibiting future enforcement. Those pleas require federal review and rejection of state court judgments. Plaintiff's Opposition also fails to supply facts that would transform ordinary advocacy by private attorneys into state action or a plausible § 1983 conspiracy. Also, Plaintiff's own chronology demonstrates that his claims are untimely.

Plaintiff's Opposition relies on cases that do not apply to the Kessler Defendants and do not support his arguments concerning state action, retaliation, due process, or tolling. None of Plaintiff's authorities involve private attorneys performing routine litigation functions in domestic relations proceedings, and none hold that such conduct transforms private counsel into state actors, establishes a § 1983 conspiracy, or tolls the statute of limitations. His citations are either distinguishable on their facts, involve government defendants rather than private litigants, or address legal principles that do not alter the pleading failures in the FAC. The Court should dismiss all claims against the Kessler Defendants. Nothing in Plaintiff's Opposition changes these results.

## I.    ARGUMENT AND CITATION OF AUTHORITY

### A.    The Court Lacks Jurisdiction Over Plaintiff's Collateral Attack on State Domestic Relations Judgments. (Counts VII & VIII)

Plaintiff's FAC seeks injunctive and declaratory relief from Georgia state court orders. Plaintiff asks this Court to declare that the enforcement of state court

orders is unconstitutional and seeks to restrain Defendants from enforcing the state court orders. *See* Doc. 44 at ¶¶ 134-144. In his Opposition, Plaintiff argues that he challenges "conduct" rather than "judgments," yet his FAC makes plain that he seeks a declaration that the enforcement of custody, support, contempt, and related orders is unconstitutional, and an injunction prohibiting their future enforcement. Those requests ask this Court to review and restrain state court judgments and are barred by the *Rooker-Feldman* doctrine.

Plaintiff's Opposition repeatedly cites *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021), but *Behr* does not assist him. *Behr* held only that courts must conduct a claim-by-claim analysis before applying *Rooker-Feldman*; it did not authorize federal courts to review or enjoin the enforcement of state domestic-relations orders, nor did it hold that routine litigation advocacy by private parties constitutes state action. The Eleventh Circuit in *Behr* expressly reaffirmed that *Rooker-Feldman* continues to bar claims seeking to "review and reject" state judgments. Plaintiff's claims for declaratory and injunctive relief do exactly that. Nothing in *Behr* alters the jurisdictional defects identified in the Kessler Defendants' motion.

The relief sought is a quintessential collateral attack on state judgments. *Rooker-Feldman* deprives lower federal courts of jurisdiction where the federal plaintiff complains of injury from state-court judgments and asks the court to review and reject those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280, 284 (2005) (*Rooker-Feldman* doctrine applies when a plaintiff's injury is produced by the state judgment itself). The FAC confirms that the alleged harms flow from enforcement of state orders (e.g., custody, support, fees, contempt, protective orders). *See* Doc. 44 at ¶¶ 134-144; Prayer for Relief. Such claims may not be entertained in federal district court. *See Behr v. Campbell*, 8 F.4th 1206, 1212-15 (11th Cir. 2021) (explaining focus on whether injury is caused by the state judgment). By their nature and requested relief, these claims function as a de facto appeal from the state court orders. The jurisdictional bar is dispositive for the equitable claims.

**B.    The Domestic Relations Exception and Abstention Principles Independently Warrant Dismissal or Abstention.**

Plaintiff's citation to *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) does not save his claims from dismissal. The decision reinforces the principle that federal courts should decline to intrude upon state domestic relations judgments, particularly where, as here, the relief sought would require the Court to declare such orders unconstitutional or unenforceable. *Ankenbrandt* held only that the domestic relations exception to federal jurisdiction is narrow and applies principally in diversity jurisdiction cases involving the issuance or modification of divorce, alimony, or child custody decrees. The Supreme Court did not broaden federal jurisdiction over constitutional claims intertwined with domestic relations orders, and it did not suggest that federal courts may enjoin or declare unconstitutional the enforcement

of those orders. Plaintiff cites *Ankenbrandt* as though it supports federal intervention here, but the decision does the opposite. It confirms that federal courts should not intrude into the core functions of state domestic relations courts. *Arnold v. Patterson*, No. 24-10188, 2024 U.S. App. LEXIS 15457, at *2 (11th Cir. June 25, 2024) (complaint fell within the domestic relations exception to diversity jurisdiction, as claims stemmed from custody and child-support orders, an area from which federal courts should generally abstain). To the extent Plaintiff asks this Court to declare enforcement of the state court orders unconstitutional, or restrain Defendants from enforcing the state court orders, abstention is appropriate, and dismissal is warranted.

## C.  The § 1983 and Constitutional Claims Fail Because Private Attorneys Are Not State Actors, and Plaintiff's Conspiracy Allegations Are Conclusory. (Counts I-VI)

Plaintiff's Opposition concedes that the conduct of the Kessler Defendants consisted of case related communications, filings, fee applications, participation in hearings, and pursuit of post-judgment enforcement. As a matter of law, a lawyer performing traditional functions of counsel before a court does not become a state actor. *Yeh Ho v. Sabocik*, 775 F. App'x 551 (11th Cir. 2019) (holding private attorneys who represented plaintiff's brother, in state-court proceedings concerning guardianship matters and probate matters for mother, engaged in state-court process and obtained court orders, did not make the attorneys state actors, as would be required for plaintiff's due process claims against attorneys and for attorneys'

liability under § 1983); *Williams v. Brooks Trucking Co.*, 757 F. App'x 790, 794 (11th Cir. 2018) (affirming dismissal of constitutional claims against private attorneys).

Plaintiff's Opposition relies heavily on *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), and *Dennis v. Sparks*, 449 U.S. 24 (1980), in an attempt to transform routine litigation advocacy by private attorneys into state action for purposes of § 1983. Neither decision supports Plaintiff's position, and his reliance on both cases is misplaced. Both *Lugar* and *Dennis* involve scenarios wholly unlike the allegations against the Kessler Defendants. In *Lugar*, state officials physically seized property pursuant to a statute. In *Dennis*, the claim turned on a bribery-based conspiracy with a judge. That is a far cry from what Plaintiff alleges here: adversarial legal advocacy in domestic relations proceedings. Private attorneys do not become state actors by filing pleadings, examining witnesses, communicating with court personnel, pursuing fee awards, or seeking contempt remedies on behalf of their clients. The Supreme Court has repeatedly reaffirmed this principle, most notably in *Polk County v. Dodson*, which Plaintiff does not meaningfully address. 454 U.S. 312, 318-19 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983").

Next, Plaintiff's conspiracy claims are conclusory and fail to state a claim against the Kessler Defendants. Labels and speculation do not satisfy

*Twombly/Iqbal*. Plaintiff's reframing of judicial enforcement measures as the attorneys' "retaliation" does not change the analysis. The adverse actions he invokes, such as protective conditions, contempt proceedings, probationary supervision, and similar measures, are court-imposed instruments of state authority. Recasting routine advocacy that led to those rulings as private "coercion" cannot convert counsel into state actors or circumvent the pleading standards for conspiracy. Plaintiff's Opposition cites no concrete facts (no meeting of the minds, no specific unlawful agreement, no overt acts beyond litigation steps) that would permit this Court to infer a § 1983 conspiracy against the Kessler Defendants. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (conclusory conspiracy claims insufficient). Dismissal is warranted.

**D.    Plaintiff's Claims are Barred by the Statute of Limitations. (All Counts)**

A § 1983 claim filed in Georgia is governed by the two-year limitations period for personal injury actions and accrues when the plaintiff knew or should have known of the injury and who caused it. *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011); *Johnson v. County of Paulding*, 780 F. App'x 796, 798 (11th Cir. 2019) (the statute of limitations for claims brought under § 1983 begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant). Plaintiff's own narrative shows he was contemporaneously aware of the challenged litigation events (motions, hearings, fee applications, contempt proceedings, and

post-judgment enforcement). Many of these events occurred more than two years before he filed suit. Plaintiff's equitable tolling theory, raised for the first time in his Opposition, relies on generalized assertions of coercion, threats, and reliance on his own counsel. Equitable tolling is an extraordinary remedy applied sparingly; such generalized assertions do not carry Plaintiff's burden to show extraordinary circumstances that prevented timely filing despite diligence. Plaintiff's claims against the Kessler Defendants that arise from acts that occurred more than two years before Plaintiff filed his original Complaint must be dismissed.

## II.    CONCLUSION

For all of these reasons, and those set forth in the Kessler Defendants' opening brief, the Court should grant the Motion to Dismiss and dismiss with prejudice all claims asserted against them.

This 17th day of February, 2026.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree Street, Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 *(phone)*
(855) 889-4588 *(fax)*
cmast@hpylaw.com
jmcdowell@hpylaw.com

*/s/ Christine L. Mast*

Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129
*Counsel for Kessler & Solomiany, LLC;
Stefanie S. Potter; and Molly Y. Teplitzky*

-8-

## <u>CERTIFICATION AS TO FONT</u>

Pursuant to Local Rule 7.1(D), I hereby certify that this motion is submitted in Times New Roman 14-point type as required by Local Rule 5.1(C).

/s/ *Christine L. Mast*
Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day served the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANTS KESSLER & SOLOMIANY, LLC, STEFANIE S. POTTER, AND MOLLY Y. TEPLITZKY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**, with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all counsel of record, and served a copy of the same to Plaintiff via email and United States Mail with adequate postage attached:

Matthew Thomas Harvey
c/o 501 North Slappey Boulevard
#1112
Albany, Georgia 31701
mharvey7744@gmail.com
*Plaintiff (pro se)*

Courtney B. Walker
Alex Battey
Tia Brown
Hall Booth Smith, P.C.
191 Peachtree St. NE, Suite 29C
Atlanta, GA 30303
cwalker@hallboothsmith.com
abattey@hallboothsmith.com
tbrown@hallboothsmith.com
*Counsel for Defendant Oppenheimer*

Noah Green
Henefeld & Green, P.C.
3017 Bolling Way NE
Suite 129
Atlanta, GA 30305
ngreen@henefeldgreen.com
*Counsel for Defendant Claire Harvey*

James R. Doyle,  II
Lewis, Brisbois, Bisgaard & Smith, LLP
600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
james.doyle@lewisbrisbois.com
*Counsel for Defendant Daswani*

This 17ᵗʰ day of February, 2026.

HAWKINS PARNELL & YOUNG, LLP

/s/ Christine L. Mast

303 Peachtree Street, Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 *(phone)*
(855) 889-4588 *(fax)*
cmast@hpylaw.com
jmcdowell@hpylaw.com

Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129
*Counsel for Kessler & Solomiany, LLC;*
*Stefanie S. Potter; and Molly Y. Teplitzky*