IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY,        )<br>                                                              )<br>     Plaintiff,                              )<br>                                                              )      CIVIL ACTION FILE<br>v.                                                        )      NO:  1:25-CV-4688-JPB<br>                                                              )<br>CLAIRE M. HARVEY, *et al.*,        )<br>                                                              )<br>     Defendants.                          ) | |

**DEFENDANT BRANDY J. DASWANI'S JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.  Description of Case:**

(a)  Describe briefly the nature of this action.

*Plaintiff alleges that Defendants violated his civil rights.*

(b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

*Defendant Brandy Daswani was appointed as guardian ad litem over Plaintiff's son during family court proceedings between Plaintiff and Defendant Claire Harvey, his now ex-wife. In her role as guardian ad litem, Daswani interviewed the parties and witnesses, recommended psychological examinations of the parties, and communicated with the trial court, the parties, and their attorneys. Defendant claims Daswani violated his Constitutional rights and conspired with codefendants in this action to violate his Constitutional rights. Daswani maintains she lawfully and properly performed her duties as a guardian ad litem in the underlying state court action.*

 (c) The legal issues to be tried are as follows:

1. *Whether Plaintiff's claims against Defendant Brandy Daswani are barred by absolute quasi-judicial immunity?*
2. *Whether Plaintiff's claims are barred by the statute of limitations?*
3. *Whether this Court has subject matter jurisdiction over Plaintiff's claims to the extent they request review or rejection of state court judgments?*
4. *Whether Defendant Daswani violated Plaintiff's constitutional rights when she acted as a guardian ad litem in his family court proceedings?*
5. *Whether Defendant Daswani conspired with co-defendants to deprive Plaintiff of his constitutional rights in his family court proceedings?*

 (d) The cases listed below (include both style and action number) are:

  (1) Pending Related Cases: *None*

  (2) Previously Adjudicated Related Cases: *None*

**2. This case is complex because it possesses one or more of the features listed below (please check):**

 __X__ (1) Unusually large number of parties

 _____ (2) Unusually large number of claims or defenses

 _____ (3) Factual issues are exceptionally complex

 _____ (4) Greater than normal volume of evidence

 _____ (5) Extended discovery period is needed

 _____ (6) Problems locating or preserving evidence

 _____ (7) Pending parallel investigations or action by government

\_\_\_\_\_ (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_\_\_\_ (10) Existence of highly technical issues and proof

\_\_\_\_\_ (11) Unusually complex discovery of electronically stored Information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff**: *pro se*

**Defendants**:

Brandy J. Daswani
James R. Doyle
**Lewis Brisbois Bisgaard & Smith LLP**

Kim C. Oppenheimer
Courtney B. Walker
Alex Battey
Tia Brown
**Hall Booth Smith, P.C.**

Molly Y. Teplitzky, Stefanie S. Potter, and Kessler & Solomiany, LLC
Christine L. Mast
Jamie McDowell
**Hawkins Parnell & Young, LLP**

Claire Harvey
Noah Green
**Henefeld & Green, P.C.**

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

 X  Yes                    \_\_ No

3

1714420142.1

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:

   *None*

   (b) The following persons are improperly joined as parties:

   *None*

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   *None*

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

   (a) List separately any amendments to the pleadings that the parties anticipate will be necessary: *None*

   (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

171420142.1

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.   Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

Defendant Daswani will serve her initial disclosures by February 17, 2026

**9.   Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

*Yes, Defendant Daswani would like to address staying the discovery period while motions to dismiss are pending.*

**10.   Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery

track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- *The facts and circumstances of the underlying state court proceedings*
- *Liability and damages*

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

*Defendant Daswani does not anticipate additional time will be needed and requests a four-month discovery track.*

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed? *None at this time.*

(b) Is any party seeking discovery of electronically stored information?

   ____Yes                    _X_ No

   If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows: *N/A*

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows: *N/A*

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.  Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)? *None.*

**13.  Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

   ___Yes         _X_ No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows: *N/A*

**14. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on 20___, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

*Because Plaintiff is proceeding pro se, Defendant Daswani submits this preliminary report separately, pursuant the Local Rule 16, and has not attended a Rule 26(f) conference.*

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(_____) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(__X__) No possibility of settlement.

(c) Counsel (_____) do or (__X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

171420142.1

(d) The following specific problems have created a hindrance to settlement of this case: *Disagreements as to the facts and law.*

**15. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _ day of __, 20_.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted, this 17th day of February, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
James.Doyle@lewisbrisbois.com

171420142.1

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

/s/ JAMES R. DOYLE
James R. Doyle

## **ATTACHMENT 1 – NOTE REGARDING JURISDICTION**

Defendant Brandy J. Daswani asserts that this Court does not have jurisdiction over any claim that requires this Court to review or reject a state court judgment. Daswani has filed a motion to dismiss arguing that, to the extent Plaintiff is challenging any orders or judgments entered in the underlying state court proceedings, this Court lacks jurisdiction over those claims under the *Rooker-Feldman* doctrine, *Younger* abstention doctrine, or domestic relations exception. Regardless of how Plaintiff characterizes his action, any claim seeking to "effectively nullify" a state court judgment is not properly before this Court. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Furthermore, a federal court should abstain from asserting jurisdiction over an action when: there are pending state-court proceedings; the proceedings involve vital state interests; and there is an adequate opportunity to raise a constitutional challenge in the state proceedings. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). Finally, "[a]s a general rule, the federal courts refuse to hear suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification." *Kirby v. Mellenger*, 830 F.2d 176, 177-78 (11th Cir. 1987) (punctuation and citation omitted).

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing *Defendant Brandy J. Daswani's Joint Preliminary Report and Discovery Plan,* using the Court's CM/ECF system, which will automatically provide notice of same to all parties of record who are registered to receive notices. In addition, the filing will be mailed to the Plaintiff at the address of record, as follows:

> Mr. Matthew Harvey
> 501 North Slappey Boulevard
> #1112
> Albany, Georgia  31701

Respectfully submitted, this 17th day of February, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
James.Doyle@lewisbrisbois.com

171420142.1