IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO: 1:25-CV-4688-JPB |
| ) | |
| CLAIRE M. HARVEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT BRANDY J. DASWANI'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

*Defendant Brandy J. Daswani is properly identified.*

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

*None at this time.*

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

*Defendant Daswani has filed a motion to dismiss Plaintiff's First Amended Complaint, arguing that Plaintiff has failed to state a viable claim because Daswani is entitled to absolute immunity of his claims and his claims are barred by the statute of limitations. Daswani also argues that this Court lacks subject matter jurisdiction over Plaintiff's claims to the extent they seek modification or rejection of underlying*

171430337.1

*state court judgments. While Plaintiff alleges that Daswani violated his civil rights, she maintains that she lawfully and properly acted as a guardian ad litem for Plaintiff's son during family court proceedings between Plaintiff and his now ex-wife, Defendant Claire Harvey. Daswani denies any wrongdoing and further denies conspiring with the codefendants in this action to violate any of Plaintiff's Constitutional rights. In connection with her duties as a guardian ad litem in the state court proceedings, Daswani interviewed the parties; interviewed witnesses; spoke with a court-ordered psychologist, Defendant Kim C. Oppenheimer; and spoke with the trial court judge and counsel for both Plaintiff and Defendant Claire Harvey. Daswani acted in the best interest of Plaintiff's child and did not have a personal vendetta against Plaintiff.*

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

*The following is a non-exhaustive list of statutes, rules, and case law that Daswani contends are applicable to this action:*

**Constitutional Provisions**
- U.S. Constitution, Amendments I, IV, V, XIV

**Statutes**
- 28 U.S.C. §§ 1257(a), 1331
- 42 U.S.C. §§ 1983, 1985
- O.C.G.A. § 9-3-33

**Rules**

- Federal Rules of Civil Procedure 8(d)(3), 12(b)(1), 12(b)(6)

**Cases**

- *31 Foster Children v. Bush*, 329 F.3d 1255 (11th Cir. 2003)
- *Arce v. Garcia*, 434 F.3d 1254 (11th Cir. 2006)
- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)
- *Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991)
- *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021)
- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)
- *Browning v. AT&T Paradyne*, 120 F.3d 222 (11th Cir. 1997)
- *Cabello v. Fernandez-Larios*, 402 F.3d 1148 (11th Cir. 2005)
- *Casale v. Tillman*, 558 F.3d 1258 (11th Cir. 2009)
- *Chappell v. Rich*, 340 F.3d 1279 (11th Cir. 2003)
- *Cockrell v. Sparks*, 510 F.3d 1307 (11th Cir. 2007)
- *Coleman v. Fla. Dep't of Child. & Fam. Servs.*, No. 14-61019-CIV, 2017 WL 11886003 (S.D. Fla. Aug. 16, 2017), *R. & R. adopted sub nom. Coleman v. Guerrero*, 2017 WL 11885998 (Sept. 28, 2017)
- *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)
- *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Tr.*, 744 F.3d 623 (10th Cir. 2014)
- *Deaton v. Stephens*, No. 2:23-CV-00713-RDP, 2023 WL 6131452 (N.D. Ala. Sept. 19, 2023)
- *Dolin on Behalf of N.D. v. West*, 22 F. Supp. 2d 1343 (M.D. Fla. 1998), *aff'd sub nom. Dolin v. West*, 207 F.3d 661 (11th Cir. 2000)
- *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)
- *Fox v. Fla. Dep't of Child. & Fams.*, 828 F. App'x 639 (11th Cir. 2020)
- *Gardner by Gardner v. Parson*, 874 F.2d 131 (3d Cir. 1989)
- *Garza v. Hudson*, 436 F. App'x 924 (11th Cir. 2011)
- *Guevara v. Padin*, No. 16-CV-23726, 2016 WL 7188783 (S.D. Fla. Nov. 9, 2016)
- *Harpo v. Davis*, No. 1:12-cv-865-WSD, 2012 WL 1038733 (N.D. Ga. Mar. 27, 2012)

- *Hill v. Manning*, No. 1:21-CV-04549-SDG, 2022 WL 4361822 (N.D. Ga. Sept. 20, 2022)
- *Hunter v. Ferrell*, 587 F.3d 1304 (11th Cir. 2009)
- *Ingram v. Hayes*, 866 F.2d 368 (11th Cir. 1988)
- *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89 (1990)
- *Jenkins v. Clerk of Ct., U.S. Dist. Ct., S. Dist. of Fla.*, 150 F. App'x 988 (11th Cir. 2005)
- *Jones v. Bock*, 549 U.S. 199 (2007)
- *Kirby v. Mellenger*, 830 F.2d 176 (11th Cir. 1987)
- *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277 (11th Cir. 2001)
- *Lawrence v. Florida*, 421 F.3d 1221 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007)
- *Lee v. Alachua Cnty., FL*, 461 F. App'x 859 (11th Cir. 2012)
- *Lovett v. Ray*, 327 F.3d 1181 (11th Cir. 2003)
- *McCacken v. Kamen*, No. 18-20574-CV, 2018 WL 9837823 (S.D. Fla. June 11, 2018), *R. & R. adopted sub nom. McCracken v. Kamen*, 2018 WL 9837824 (July 17, 2018)
- *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244 (11th Cir. 2007)
- *Mireles v. Waco*, 502 U.S. 9 (1991)
- *Moore v. Sims*, 442 U.S. 415 (1979)
- *Mullins v. Thomas*, 2:13-CV-02026-CLS-HG, 2014 WL 1330922 (N.D. Ala. Mar. 28, 2014)
- *Murphy v. Alabama*, No. CV 2:20-00183-KD-N, 2020 WL 7395139 (S.D. Ala. Dec. 16, 2020)
- *Narciso v. Walker*, 811 F. App'x 600 (11th Cir. 2020)
- *Paulcin v. McDonough*, 259 F. App'x 211 (11th Cir. 2007)
- *Pierson v. Ray*, 386 U.S. 547 (1967)
- *Powell v. Thomas*, 643 F.3d 1300 (11th Cir. 2011)
- *Rhodes v. Philben*, 5:15-CV-00146-MTT-CHW, 2016 WL 4491867 (M.D. Ga. Apr. 8, 2016), *R. & R. adopted*, 2016 WL 4492853 (Aug. 25, 2016)
- *Robinson v. Schafer*, 305 F. App'x 629 (11th Cir. 2008)
- *Roland v. Phillips*, 19 F.3d 552 (11th Cir. 1994)
- *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923)
- *Rozar v. Mullis*, 85 F.3d 556 (11th Cir. 1996)
- *Serpenfoot v. Rome City Comm'n*, 426 F. App'x 884 (11th Cir. 2011)

- *Staley v. Ledbetter*, 837 F.2d 1016 (11th Cir. 1988)
- *Stump v. Sparkman*, 435 U.S. 349 (1978)
- *Switala v. Rosenstiel*, 288 F. Supp. 3d 1296 (S.D. Fla. 2017)
- *Thomas v. Disanto*, 762 F. App'x 770 (11th Cir. 2019)
- *Wexler v. Lepore*, 385 F.3d 1336 (11th Cir. 2004)
- *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312 (11th Cir. 2016)
- *Younger v. Harris*, 401 U.S. 37 (1971)

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

    *See Attachment A.*

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

    *See Attachment B.*

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

    *See Attachment C.*

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

    *See Attachment D.*

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

    *None at this time.*

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

    *See Attachment E.*

171430337.1

Respectfully submitted, this 17th day of February, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
James.Doyle@lewisbrisbois.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

/s/ JAMES R. DOYLE
James R. Doyle

# CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing *Defendant Brandy J. Daswani's Initial Disclosures* using the Court's CM/ECF system, which will automatically provide notice of same to all parties of record who are registered to receive notices. In addition, the filing will be mailed to the Plaintiff at the address of record, as follows:

Mr. Matthew Harvey
501 North Slappey Boulevard
#1112
Albany, Georgia  31701

Respectfully submitted, this 17th day of February, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
James.Doyle@lewisbrisbois.com

171430337.1

# ATTACHMENT A

1. Claire M. Harvey

   a. Underlying state court proceedings, specifically conduct and statements made by Plaintiff during those proceedings and Daswani's conduct and involvement.

   b. Contact: Defense Counsel, Noah Green, 404-841-1275

2. Kim C. Oppenheimer

   a. Underlying state court proceedings, specifically conduct and statements made by Plaintiff during those proceedings and Daswani's conduct and involvement.

   b. Contact: Defense Counsel, Courtney B. Walker, Alex Battey, and Tia Brown, 404-964-5000

3. Stefanie S. Potter

   a. Underlying state court proceedings, specifically conduct and statements made by Plaintiff during those proceedings and Daswani's conduct and involvement.

   b. Contact: Defense Counsel, Christine L. Mast and Jamie McDowell, 404-614-7400

4. Molly Y. Teplitzky

   a. Underlying state court proceedings, specifically conduct and statements made by Plaintiff during those proceedings and Daswani's conduct and involvement.

   b. Contact: Defense Counsel, Christine L. Mast and Jamie McDowell, 404-614-7400

5. The Honorable Angela Z. Brown

   a. Underlying state court proceedings, specifically conduct and statements made by Plaintiff during those proceedings and Daswani's conduct and involvement.

   b. Contact: 770-528-1860 (Administrative Assistant)

   c. Address: 70 Haynes Street Marietta, Georgia 30090 (work)

171430337.1

## **ATTACHMENT B**

Defendant Daswani has not yet decided to consult an expert witness.

## **ATTACHMENT C**

- Daswani's case file created in connection with Plaintiff's state court proceedings.

- Emails and correspondence between Daswani, Plaintiff, and codefendants.

These documents are in Daswani's possession. Daswani reserves the right to rely on documents, data compilations or other electronically stored information, and tangible things as those documents are discovered in this action.

171430337.1

## **ATTACHMENT D**

Defendant Daswani does not claim any damages at this time.

171430337.1

## **ATTACHMENT E**

Copy of insurance agreement.