UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MATTHEW THOMAS HARVEY

    *Plaintiff*,

v.

CLAIRE M. HARVEY, *et al.*,

    *Defendants*.

CIVIL ACTION
NO. 1:25-CV-4688-JPB

## DEFENDANTS' JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.**     **Description of Case:**

(a)     Describe briefly the nature of this action.

**On August 19, 2025, Plaintiff filed his Complaint against Defendants. On January 9, 2026, the Court granted Plaintiff leave to file an Amended Complaint [Docs. 44, 45]. The Amended Complaint brings claims under 42 U.S.C. § 1983, for procedural due process, substantive due process, First Amendment retaliation, abuse of process, unlawful seizure, and conspiracy, in addition to requests for declaratory and injunctive relief.**

(b)     Summarize the facts of this case. The summary should not be argumentative nor recite evidence.

**Defendant Daswani's Statement:**

1

Defendant Brandy Daswani was appointed as guardian ad litem over Plaintiff's son during family court proceedings between Plaintiff and Defendant Claire Harvey, his now ex-wife. In her role as guardian ad litem, Daswani interviewed the parties and witnesses, recommended psychological examinations of the parties, and communicated with the trial court, the parties, and their attorneys. Defendant claims Daswani violated his Constitutional rights and conspired with codefendants in this action to violate his Constitutional rights. Daswani maintains she lawfully and properly performed her duties as a guardian ad litem in the underlying state court action.

**Kessler Defendants' Statement:**

The matter arises from child custody proceedings, enforcement actions, and associated civil and criminal processes. Plaintiff alleges that various private individuals, attorneys, and professionals violated his constitutional rights. Plaintiff seeks damages, declaratory relief, and injunctive relief for alleged violations of his First, Fourth, Fifth, and Fourteenth Amendment rights as well as claims under 42 U.S.C. § 1983. Defendants Kessler & Solomiany, LLC; Stefanie S. Potter, and Molly Y. Teplitzky (the "Kessler Defendants") represented co-defendant Claire Harvey in the underlying proceedings. The Kessler Defendants acted lawfully and in accordance with their professional duties in representing their client.

**Defendant Oppenheimer's Statement:**

On June 12, 2021, Defendant Oppenheimer was appointed to serve as psychological evaluator in a divorce and custody action between Plaintiff and Defendant Oppenheimer. Defendant Oppenheimer conducted a psychological evaluation for both parties and testified regarding her findings but did not make any recommendations regarding custody or parenting time. In her role Defendant Oppenheimer attended a conference call with the court-appointed Guardian ad Litem and counsel for Plaintiff and Defendant Harvey, Defendant Oppenheimer never convened with any judge regarding the proceeding. On April 25, 2022, Defendant Oppenheimer testified regarding her findings, but made no recommendation regarding custody or parenting time.

**Defendant Claire Harvey's Statement:**

The underlying matter relevant to this case was a domestic divorce and custody case involving Plaintiff and Defendant Claire Harvey. In November 2020, Defendant Harvey filed for divorce and moved for a protective order due to abuse. In March 2023, Plaintiff was sanctioned by the trial court, and Defendant Harvey was awarded attorney's fees. In November 2024, a criminal complaint was made against Plaintiff for child abandonment.

Plaintiff's Amended Complaint is based on Defendant Harvey being a state actor or official, or operating in a conspiracy with the government, to

violate his rights. Defendant Harvey is a non-governmental actor and a private citizen. The joint action Plaintiff alleges is based on Defendant Harvey—or her attorneys'— use of court process in the divorce. At all times, Defendant Harvey acted within the bounds of state and federal law and functioned as a purely private citizen in her use of the civil court process in divorce and custody proceedings.

    (c)    The legal issues to be tried are as follows:

1. Whether Plaintiff can prove prima facie cases of procedural and substantive due process violations, First Amendment retaliation, abuse of process, unlawful seizure, or conspiracy.

2. Whether Plaintiff can prove the necessary causation standard for his retaliation claim.

3. Whether Defendants can establish their affirmative defenses.

4. Whether the private party Defendants acted under color of state law for purposes of liability for Plaintiff's Section 1983, conspiracy, and constitutional claims.

5. Whether the Court has subject matter jurisdiction in light of the *Rooker-Feldman* doctrine, *Younger* abstention, or the domestic relations abstention principles.

6. **Whether Plaintiff is entitled to declaratory or injunctive relief based on alleged ongoing or prospective harm.**

7. **Whether Plaintiff's claims against Defendant Daswani are barred by absolute quasi-judicial immunity?**

8. **Whether Defendant Oppenheimer impermissibly abused civil processes to deprive Plaintiff of liberty and parental rights and cause financial, emotional, and psychological harm.**

9. **Whether Plaintiff is entitled to any damages from Defendants and, if so, how much.**

**Defendants reserve the right to present additional legal issues to the Court for its consideration as this matter progresses.**

    (d)    The cases listed below (include both style and action number) are:

        (1)    Pending Related Cases: **None.**

        (2)    Previously Adjudicated Related Cases: **None.**

**2.**    **This case is complex because it possesses one (1) or more of the features listed below: None.**

    \_\_\_\_ **(1)    Unusually large number of parties**

    \_\_\_\_ **(2)    Unusually large number of claims or defenses**

    \_\_\_\_ **(3)    Factual issues are exceptionally complex**

    \_\_\_\_ **(4)    Greater than normal volume of evidence**

   \_\_\_\_ (5)    Extended discovery period is needed

   \_\_\_\_ (6)    Problems locating or preserving evidence

   \_\_\_\_ (7)    Pending parallel investigations or actions by government

   \_\_\_\_ (8)    Multiple use of experts

   \_\_\_\_ (9)    Need for discovery outside United States boundaries

   \_\_\_\_ (10)    Existence of highly technical issues and proof

   \_\_\_\_ (11)    Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    **Plaintiff:**
- *Pro se*

    **Defendants:**
- **Christine L. Mast (Defendants Molly Y. Teplitzky, Stefanie S.Potter, and Kessler & Solomiany, LLC)**
- **James R. Doyle, II (Defendant Brandy Daswani)**
- **Courtney Walker (Defendant Kim C. Oppenheimer)**
- **Noah Green (Defendant Claire Harvey)**

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

   __X__ Yes   ___ No.

6

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined: **None.**

(b)     The following persons are improperly joined as parties: **None.**

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary.

**None.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.      **Initial Disclosures:**    The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**Defendant Claire Harvey has filed a Motion to Stay Discovery deadlines, including the deadlines for serving initial disclosures, until the Court has ruled on the Defendants' Motions to Dismiss. [Doc. 63]. Defendant Harvey requests that the obligation to serve initial disclosures be stayed if the Court determines that entering a stay is appropriate.**

**All other Defendants have previously served initial disclosures.**

9.      **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The Parties do not request a scheduling conference with the Court at this time.**

10.     **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The Parties anticipate that discovery will be needed on the allegations and claims for damages in Plaintiff's Complaint and Defendants' respective defenses.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties do not anticipate needing additional time and request a four-month discovery track.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

    (a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None at this time.**

    **(b)**    **Is any party seeking discovery of electronically stored information?**

    \_\_\_\_\_Yes                **X**  **No**

If "yes,"

    (1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows: **N/A**

    (2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g. paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows: **N/A**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

13. **Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

_____Yes   **X No**

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

14. **Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**Because Plaintiff appears *pro se*, Defendants submit this preliminary report separately from Plaintiff, pursuant to Local Rule 16, and have not attended a Rule 26(f) conference with Plaintiff.**

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.

(___) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

**( X )** **No possibility of settlement.**

(c) Counsel (___) do or ( X ) **do not** intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case: **Disagreements on the facts and the law.**

14. **Trial by Magistrate Judge:**

Note: Trial by a Magistrate Judge will be a jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States

13

Magistrate Judge form has been submitted to the clerk of court this \_\_\_\_\_ day of _____, 2026.

  (b) **The parties (\_ X \_) do not consent to having this case tried before a magistrate judge of this court.**

  Respectfully submitted, this 25th day of February 2026.

*/s/ Noah Green*
Noah Green
HENEFELD & GREEN, P.C.
3017 Bolling Way NE, Suite 129
Atlanta, GA 3035
Telephone: (404) 841-1275
ngreen@henefeldgreen.com
*Attorney for Defendant Claire Harvey*

*/s/ Jamie McDowell*
Jamie McDowell
Georgia Bar No. 964129
Christine L. Mast
Georgia Bar No. 461349
HAWKINS PARNELL & YOUNG, LLP
303 Peachtree Street, Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400 (phone)
(855) 889-4588 (fax)
jmcdowell@hpylaw.com
cmast@hpylaw.com
*Counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; and Molly Y. Teplitzky*

*/s/ James R. Doyle*
James R. Doyle
Georgia Bar No. 228495
LEWIS BRISBOIS BISGAARD & SMITH LLP
600 Peachtree Street, NE, Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
James.Doyle@lewisbrisbois.com
*Attorney for Defendant Brandy J. Daswani*

*/s/ Courtney B. Walker*
Courtney B. Walker
Georgia Bar No. 907859
Alex Battey
Georgia Bar No. 448723
TIA BROWN
Georgia Bar No. 102027
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, GA. 30303
404-954-5000
cwalker@hallboothsmith.com
abattey@hallboothsmith.com
tbrown@hallboothsmith.com
*Attorneys for Kim C. Oppenheimer*

## **ATTACHMENT 1 – NOTE REGARDING JURISDICTION**

Defendants assert that this Court lacks jurisdiction over any claim that requires it to review or reject a state court judgment. Defendants have each filed a motion to dismiss, arguing that, to the extent Plaintiff is challenging any orders or judgments entered in the underlying state court proceedings, this Court lacks jurisdiction over those claims under the *Rooker-Feldman* doctrine, *Younger* abstention doctrine, or domestic relations exception.

Regardless of how Plaintiff characterizes his action, any claim seeking to "effectively nullify" a state court judgment is not properly before this Court. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Furthermore, a federal court should abstain from asserting jurisdiction over an action when: there are pending state-court proceedings; the proceedings involve vital state interests; and there is an adequate opportunity to raise a constitutional challenge in the state proceedings. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

Finally, "[a]s a general rule, the federal courts refuse to hear suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification." *Kirby v. Mellenger*, 830 F.2d 176, 177-78 (11th Cir. 1987) (punctuation and citation omitted).

**Additional Note Regarding Jurisdiction from Defendant Oppenheimer**

This Court lacks subject matter jurisdiction over counts VII and VIII of Plaintiff's First Amended Complaint. To establish standing to bring a claim for injunctive relief, a party must allege "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (emphasis added). Past illegal exposure alone does not create a present case for injunctive relief unless a plaintiff shows continuing and present adverse effects. *Id.* Plaintiff's allegations against Defendant Oppenheimer are entirely past events, and Plaintiff claims no future threat of injury or continuing action against Defendant Oppenheimer. Her involvement ended at the divorce proceeding, and any potential harm or injury to Plaintiff ended when the final divorce decree was entered. Plaintiff alleges no real or immediate set of facts which Defendant Oppenheimer's future actions could cause him harm. Accordingly, this Court lacks subject matter jurisdiction.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY  *Plaintiff*,  v.  CLAIRE M. HARVEY, ET AL.,  *Defendant*. | CIVIL ACTION NO. 1:25-CV-4688-JPB |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2026.

_____
J.P. BOULEE
United States District Judge

## CERTIFICATE OF SERVICE

This is to certify that I have this day served ***Defendants' Joint Preliminary Report and Discovery Plan*** on all counsel of record using the Court's CM/ECF system, which will automatically send notice of this filing to the parties. Additionally, the filing will be sent to Plaintiff, who is appearing *pro se,* using the U.S. Postal Service with proper postage affixed as follows:

Matthew Harvey
501 North Slappey Boulevard, #1112
Albany, Georgia 31701

This 25th day of February 2026.

**HENEFELD & GREEN, P.C.**

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendant Claire Harvey*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com