UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 6 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| MATTHEW THOMAS HARVEY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 1:25-cv-04688-JPB |
| v. ) | |
| ) | |
| CLAIRE M. HARVEY, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S PRELIMINARY REPORT AND DISCOVERY PLAN**

1.  **Description of Case:**

    (a) Nature of the Action

    *This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and related federal law. Plaintiff alleges that Defendants engaged in coordinated conduct under color of state law that deprived Plaintiff of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution for the United States of America.*

    *Plaintiff seeks damages, as well as declaratory and prospective relief relating to the alleged unconstitutional conduct.*

    (b) Summary of Facts

1

*This action arises from proceedings and related enforcement actions in Cobb County, Georgia. Plaintiff alleges that Defendants—including private attorneys and court-appointed professionals—engaged in coordinated conduct under color of state law that resulted in restrictions on Plaintiff's liberty, parental rights, and property interests through protective orders, contempt proceedings, criminal actions, probationary conditions, and related enforcement measures.*

*Plaintiff further alleges that certain enforcement actions were pursued without constitutionally adequate procedural safeguards, including circumstances in which jurisdictional objections and ability-to-pay considerations were not meaningfully addressed. Plaintiff contends that court-appointed actors exceeded neutral functions and participated in conduct contributing to the imposition of such enforcement measures.*

*Plaintiff alleges that the injuries arise from Defendants' coordinated enforcement-related conduct, rather than from the substance of any state-court judgment.*

(c) Legal Issues to Be Tried

1. *Whether this Court has subject matter jurisdiction over Plaintiff's claims;*

2. *Whether Plaintiff's claims constitute an impermissible collateral attack on any state-court judgment;*

> 3. *Whether Defendants acted under color of state law for purposes of 42 U.S.C. § 1983, including whether private actors may be liable under a joint action or conspiracy theory;*
>
> 4. *Whether Defendants engaged in coordinated conduct that deprived Plaintiff of procedural and substantive due process;*
>
> 5. *Whether Defendants retaliated against Plaintiff for protected activity;*
>
> 6. *Whether Defendants are entitled to absolute, qualified, or quasi-judicial immunity under the circumstances alleged;*
>
> 7. *Whether Plaintiff's claims are barred by the applicable statute of limitations, including issues relating to accrual and tolling;*
>
> 8. *Whether Plaintiff is entitled to declaratory, injunctive, and monetary relief.*
>
> (d) The cases listed below (include both style and action number) are:
>
>   (1) Pending Related Cases: *None*
>
>   (2) Previously Adjudicated Related Cases: *None*

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

<u>x</u>   (1) Unusually large number of parties
___   (2) Unusually large number of claims or defenses
___   (3) Factual issues are exceptionally complex
<u>x</u>   (4) Greater than normal volume of evidence

3

x___ (5) Extended discovery period is needed
___ (6) Problems locating or preserving evidence
___ (7) Pending parallel investigations or action by government
x___ (8) Multiple use of experts
___ (9) Need for discovery outside United States boundaries
___ (10) Existence of highly technical issues and proof
x___ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:    *pro se*

    Defendant:    *Christine L. Mast (Defendants Molly Y. Teplitzky, Stefanie S. Potter, and Kessler & Solomiany, LLC)*
    *James R. Doyle, II (Defendant Brandy Daswani)*
    *Courtney Walker (Defendant Kim C. Oppenheimer)*
    *Noah Green (Defendant Claire Harvey)*

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

    __X__ Yes     ____ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined: *None*

(b) The following persons are improperly joined as parties: *None*

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: *None*

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary: *None*

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

  (b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

  (c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

  (d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

*Plaintiff will serve initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1).*

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

*Plaintiff does not request a scheduling conference and opposes any stay of discovery absent court order.*

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses

to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

*Discovery may be needed regarding the conduct of Defendants in connection with the underlying proceedings and related enforcement actions; communications among Defendants and with third parties; the basis for asserted defenses including immunity; liability; damages; and electronically stored information.*

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

*Plaintiff proposes that discovery be conducted on the eight (8) month track.*

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

7

*None at this time.*

(b) Is any party seeking discovery of electronically stored information?
__X__ Yes   _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*The parties have not yet reached agreement regarding the sources, scope, or limitations of electronically stored information. Plaintiff anticipates that discovery will include email and other electronic communications and will confer in good faith as required by Fed. R. Civ. P. 26(f).*

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

*The parties have not yet reached agreement regarding the format of production of electronically stored information and will confer in good faith regarding appropriate production format and metadata.*

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

*None at this time.*

13. **Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

    __X__ Yes     _____ No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

*The parties have not reached agreement regarding procedures for asserting privilege and will confer in good faith regarding compliance with Fed. R. Civ. P. 26(b)(5)(A) and any potential Rule 502 order.*

14. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on 20___, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

*A Rule 26(f) conference has not yet been conducted. Plaintiff is prepared to participate in such a conference as required by Fed. R. Civ. P. 26(f).*

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (___) A possibility of settlement before discovery.
    (_X_) A possibility of settlement after discovery.

( __ ) A possibility of settlement, but a conference with the judge is needed.

( __ ) No possibility of settlement.

(c) Counsel ( X )do or ( __ ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case: *Disagreements regarding the facts and applicable law.*

**15.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ( __ ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this day of    , 20 .

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 23rd day of February, 2026.

/s/ *Matthew Thomas Harvey*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Blvd. #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

## ATTACHMENT 1 – NOTE REGARDING JURISDICTION

*Defendants have challenged jurisdiction and the availability of declaratory and injunctive relief. Plaintiff maintains that jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under federal law and challenges alleged unconstitutional conduct undertaken under color of state law.*

## **CERTIFICATE OF SERVICE**

I certify that on this date I served the foregoing *Plaintiff's Preliminary Report and Discovery Plan* via electronic mail upon counsel of record as follows:

- Noah Green, counsel for Claire M. Harvey — ngreen@henefeldgreen.com

- Christine L. Mast & Jamie McDowell, counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; Molly Y. Teplitzky — cmast@hpylaw.com; jmcdowell@hpylaw.com

- Tia Brown, counsel for Kim C. Oppenheimer — tbrown@hallboothsmith.com

- James R. Doyle, II, counsel for Brandy J. Daswani — james.doyle@lewisbrisbois.com

This 23rd day of February, 2026.

/s/ *Matthew Thomas Harvey*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299







**USPS Click-N-Ship® Label**

usps.com
$6.43
US POSTAGE
G
02/23/2026
0 lb 14 oz

9400 1301 0935 5152 7631 47 0064 3000 1403 0303

U.S. POSTAGE PAID
Click-N-Ship®

Mailed from 28734    657064641841595

**USPS GROUND ADVANTAGE™**

MATTHEW HARVEY
501 N SLAPPEY BLVD PMB 1112
ALBANY GA 31701-1409

Created 2026-02-23
RDC 01
C039

U.S. DISTRICT COURT, NORTHERN DISTRICT
CLERK OF COURT
75 TED TURNER DR SW
ATLANTA GA 30303-3315

**USPS TRACKING #**

9400 1301 0935 5152 7631 47