**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MATTHEW THOMAS HARVEY**<br><br>    **Plaintiff, pro se**<br><br>**v.**<br><br>**CLAIRE M. HARVEY, ANGELA Z. BROWN, JASON D. MARBUT; JEFFREY M. GORE, BRANDY J. DASWANI, KIM C. OPPENHEIMER, KESSLER & SOLOMIANY, STEFANIE S. POTTER, MOLLY Y. TEPLITZKY, GEORGIA DEPARTMENT OF HUMAN SERVICES, BRIAN P. KEMP, in his Capacity as Governor of Georgia**<br><br>    **Defendants.** | **CIVIL ACTION FILE NO.:**<br>**1:25-cv-04688-JPB** |

## DEFENDANT KIM C. OPPENHEIMER'S MOTION FOR ATTORNEY'S FEES AND REASONABLE COSTS

COMES NOW, DEFENDANT Kim C. Oppenheimer ("Defendant Oppenheimer") and files this motion for attorney's fees and reasonable costs pursuant to Federal Rules of Civil Procedure 11(c) and 54(d). In support thereof, Defendant shows this honorable Court as follows:

## I.    BACKGROUND

On August 19, 2025, Plaintiff filed the instant suit against Defendants Claire M. Harvey, Angela Z. Brown, Jason D. Marbutt, Jeffery M. Gore, Brandi J. Daswani, Kim C. Oppenheimer, Kessler & Solomiany, LLC, Stefanie S. Potter, Molly Teplitzky, the Georgia Department of Human Services, and Brian P. Kemp (See Complaint). The alleged events giving rise to Plaintiff's claims began on or about November 3, 2020, when Plaintiff's ex-wife filed for divorce and a temporary protective order against Plaintiff. (Id., ¶ 20). Instead of pursuing appropriate legal avenues to address his grievances with the underlying divorce and criminal actions, and the outcomes of those proceedings, Plaintiff filed the instant Complaint against virtually every person or entity who worked on the divorce and custody matter and even some who did not. (See Complaint).

Plaintiff makes a litany of unmeritorious allegations against Defendant Oppenheimer for serving as the court-appointed psychology evaluator including violations of the constitution, first amendment retaliation, and conspiracy and joint action. (Id., ¶77–144). In essence, Plaintiff complains that Defendant Oppenheimer was prejudiced against him, and thus liable to him, because her opinion allegedly portrayed him as unstable without reason. (Id. 46). However, Defendant Oppenheimer is a PhD-level professional who

delivered her opinion based on her multiple session evaluation and professional experience. (Id., 43). Notwithstanding her motives, precedent is clear that Defendant Oppenheimer is absolutely immune from liability in this action. Plaintiff, however, continues to litigate this action and require Defendant Oppenheimer to defend the same.[1]

Because this frivolous action has required Defendant Oppenheimer unnecessary legal expenses, she now requests attorney's fees and other reasonable costs pursuant to Fed. R. Civ. Pro 11 and this Court's inherent power.

## II.    LEGAL STANDARD

### A. Federal Rule of Civil Procedure 11

The Supreme Court established that "the central purpose of Rule 11 is to deter baseless filings in district court" Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Rule 11 requires an attorney or unrepresented party who

---

[1] Mr. Harvey previously attempted, without basis, to pressure Dr. Oppenheimer into returning to him funds he paid to her for her work as a psychologist in the underlying divorce proceedings.  As demonstrated in Exhibit 1, Mr. Harvey threatened legal action against Dr. Oppenheimer if she did not return to him the money he paid her for her work. Dr. Oppenheimer did not comply with this blatant attempt at using the judicial system for intimidation.  Now, she has been named as a Defendant in a lawsuit filed, baselessly, by Mr. Harvey.  Dr. Oppenheimer provided Exhibit 1 as further evidence that the claims in this suit lack factual basis and legal merit, and Mr. Harvey should be subject to sanctions for his abuse of the Court.

presents a pleading to the court, certify they have conducted a reasonable inquiry and to the best of their knowledge, information, and belief the following are true:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. Pro. 11 (hereinafter "Rule 11").

A party violates Rule 11 when "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading *in bad faith for an improper purpose.*" <u>Kaplan v. DaimlerChrysler, A.G.</u>, 331 F.3d 1251, 1255 (11th Cir. 2003). "In assessing the propriety of Rule 11 sanctions, [the] [c]ourt asks: (1) whether the party's claims

are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." <u>Peer v. Lewis</u>, 606 F.3d 1306, 1311 (11th Cir. 2010) (internal citations omitted). A Rule 11 inquiry is an objective standard of reasonableness and does *not* require the court to find bad faith. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 47 (1991).

If the court finds a party violated Rule 11, the opposing parties' expenses are appropriate sanctions to impose. <u>Cooter & Gell</u>, 496 U.S. at 393. This Court has explicitly stated "[*p*]ro *se* litigants are not immune from Rule 11 sanctions." <u>Dean v. ARA Env't Servs., Inc.</u>, 124 F.R.D. 224, 227 (N.D. Ga. 1988), <u>aff'd sub nom.</u> <u>Dean v. K-Mart Corp.</u>, 890 F.2d 1166 (11th Cir. 1989).

## B. <u>Inherent Power</u>

Under its inherent power, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45–46 (1991) (quoting <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 259 (1975)) (internal quotations omitted). This inherent power provides courts with an alternative avenue to fashion sanctions and may encompass conduct that Rule 11 does not, including bad faith. <u>In re Mroz</u>, 65 F.3d 1567, 1575 (11th Cir. 1995). The court is invested with this power so that it may "fashion an appropriate sanction for conduct which abuses the judicial process." <u>Id.</u> Further "[i]f a plaintiff initiates a case

5

in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may again make a blanket award." <u>Goodyear Tire & Rubber Co. v. Haeger</u>, 581 U.S. 101, 110 (2017).

### III.    ARGUMENT AND CITATION OF AUTHORITY

**A.** <u>There is no reasonable factual basis to support Plaintiff's Complaint.</u>

This is the precise case in which attorney's fees are appropriate. Sanctions are appropriate in this case because the allegations in the Complaint have no factual basis. In sum, Plaintiff alleges Defendant Oppenheimer was biased because he disagreed with her opinion, she attended a case conference in his divorce and custody proceedings *<u>where Plaintiff was represented by his own counsel</u>* (1st Amended Complaint, ¶ 46), and she charged reasonable costs to compile a written report (<u>Id.</u> ¶ 47). The Complaint is devoid of any facts that Defendant Oppenheimer violated any law; rather, the Complaint outlines behavior expected of a court-appointed psychology evaluator.

Moreover, given Plaintiff's Complaint itself outlines multiple justifications for any alleged unfavorable opinion Defendant Oppenheimer delivered—including Plaintiff having a self-proclaimed "escalating PTSD symptoms" (<u>Id.</u>, ¶ 41 ) on-going criminal proceedings (<u>Id.</u>, ¶ 38-40), and showing his disregard for the divorce proceedings by recently violating the

temporary consent order entered in the action (Id., ¶ 30). Plaintiff should have known his claims against Defendant Oppenheimer were frivolous and that her opinion was supported by her evaluation and not any alleged bias. See Gulisano v. Burlington, Inc., 34 F.4th 935 (11th Cir. 2022) (imposing sanctions for bringing claims that were "objectively and patently frivolous" and "insisting upon a position after it was no longer tenable") (internal quotations omitted); Peer v. Lewis, 606 F.3d 1306 (11th Cir. 2010) (finding a claim was objectively frivolous at the time of filing when there were no facts to support the allegation defendants violated the law outside of the plaintiff's contentions of "suspicious activity"). Here, there was no objectively reasonable factual basis to bring this action against Defendant Oppenheimer, and sanctions are accordingly proper in this case.

### B. There is no legal factual basis to support Plaintiff's Complaint.

In addition to Plaintiffs claims being unjustified by the facts, all of Plaintiff's claims against Defendant Oppenheimer are legally frivolous because the action is based on a legal theory that has no reasonable chance of success nor a reasonable argument to change existing law. As explained in detail in Defendant Oppenheimer's Motion to Dismiss the First Amended Complaint (Doc. 46), she is clearly immune from liability in this suit under federal law and Georgia law. See Higdon v. Smith, 565 F. App'x 791, 792 (11th Cir. 2014)

7

(finding that a court appointed GAL was not a State actor for § 1983 purposes and thus could not be held liable for constitutional torts); <u>Briscoe v. LaHue</u>, 460 U.S. 325, 335 (1983) (holding there is "absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process"); O.C.G.A. § 19-9-3(a)(7) ("neither a court appointed psychology evaluator nor a court appointed guardian ad litem shall be subject to civil liability resulting from any act or failure to act in the performance of his or her duties unless such act or failure to act was in bad faith").

In <u>DeSisto Coll., Inc. v. Line</u>, 888 F.2d 755, 766 (11th Cir. 1989), the Eleventh Circuit affirmed Rule 11 sanctions when a party failed to admit binding precedent disfavored their position. Because the party did not admit that binding precedent disfavored their position, they could not argue for a reasonable expansion of law <u>Id.</u> Here, like the sanctioned party in <u>DeSisto Coll.</u>, Plaintiff has not acknowledged that the case law is clearly against his position. Without this acknowledge, Plaintiff's Complaint is sanctionable because it is not based on a legal theory with a reasonable chance of success and Plaintiff does not request a change in existing law.

### C. **Plaintiff brought this action for an improper purpose.**

Finally, whether or not Plaintiff's Complaint is frivolous, sanctions are appropriate in the instant action because it was brought for an improper purpose. The instant action is an attempt by Plaintiff to litigate his grievances from the underlying divorce action in a different forum. There are appropriate legal avenues for Plaintiff to remedy his grievances, including filing an appeal for any legally improper findings, conclusions, or procedures. Seeking damages from the court-appointed psychology evaluator, however, is not a proper legal avenue available to Plaintiff. Courts have long held this type of suit is improper and propounded immunities to avoid the harassment that Defendants like Dr. Oppenheimer endure during these actions. See Butz v. Economou, 438 U.S. 478, 512 (1978) (expanding absolute immunity to "advocates[] and witnesses [so they] can perform their respective functions without harassment or intimidation" of actions by the loser in a different forum).

Moreover, Plaintiff continues to file excessive motions.  Filing excessive motions standing alone shows that this action was filed for an improper purpose. See In re Flinn, 139 F.R.D. 698, 699 (S.D. Fla. 1991), aff'd, 22 F.3d 1097 (11th Cir. 1994), and aff'd, 22 F.3d 1097 (11th Cir. 1994). To date and prior to giving all Defendants their statutory time to answer, Plaintiff has filed at least six motions in this case. Plaintiff continues to file motions in this case,

9

unnecessarily harassing all defendants and increasing their litigation costs for this frivolous lawsuit. Plaintiff's continued filings in this matter show the action was brought in bad faith, to harass, and for an improper purpose. Accordingly, Defendant Oppenheimer requests attorney's fees pursuant to Rule 11 and this Court's inherent power.

### D. Costs Sought

As shown in Exhibit 2 hereto, including fees through May 31, 2026, the total costs charged to Defendant Oppenheimer for her defense in this matter currently totals $19,985. Defendant Oppenheimer respectfully seeks an award against Plaintiff for that amount. Such "blanket" awards have been made and upheld by the Supreme Court in Goodyear Tire & Rubber Co. v. Haeger and Chambers v. NASCO, Inc., and awarded by other federal courts. See, e.g., City of Jacksonville v. Shoppes of Lakeside, Inc., No. 3:12- CV-850-HES-MCR, 2022 WL 22289114, at *4 (M.D. Fla. June 22, 2022) (blanket award of attorney's fees awarded in part because Continental prosecuted a complaint that was brought in bath faith."). Accordingly, the Court may award all fees incurred in the litigation."

## IV.    CONCLUSION

In light of all the foregoing, Defendant Oppenheimer respectfully requests that she be awarded all of her attorney's fees expended to defend the case as well as the balance of the costs she has paid in connection with this matter.

Respectfully submitted this 24th day of July 2026.

**HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| **191 Peachtree Street NE** | ***/s/ Courtney B. Walker*** |
| **Suite 2900** | **COURTNEY B. WALKER** |
| **Atlanta, GA  30303** | **Georgia Bar No. 907859** |
| **404-954-5000 / 404-954-5020 Fax** | **TIA BROWN** |
| cwalker@hallboothsmith.com | **Georgia Bar No. 102027** |
| tbrown@hallboothsmith.com | ***Attorneys for Defendant*** |

11

## <u>LOCAL RULE 7.1D CERTIFICATE</u>

I hereby certify this submission was prepared using Century Schoolbook 13-point font and exact double spacing as required by local rule 5.1C.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT KIM C. OPPENHEIMER'S MOTION FOR ATTORNEY'S FEES AND REASONABLE COSTS** upon all counsel of record by electronically filing same with the CM/ECF filing system, and that service of the following individuals will be accomplished by CM/ECF system:

Matthew Thomas Harvey, Pro Se
c/o 501 North Slappey Boulevard, #1112
Albany, GA  31701
Mharvey7744@gmail.com
(912) 346-5299

This 24th day of July, 2026.

HALL BOOTH SMITH, P.C.

| | |
|---|---|
| 191 Peachtree Street NE | */s/ Courtney B. Walker* |
| Suite 2900 | COURTNEY B. WALKER |
| Atlanta, GA  30303 | Georgia Bar No. 907859 |
| 404-954-5000 / 404-954-5020 Fax | TIA BROWN |
| cwalker@hallboothsmith.com | Georgia Bar No. 102027 |
| tbrown@hallboothsmith.com | *Attorneys for Defendant* |

13