**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY<br><br>Plaintiff, pro se<br><br>v.<br><br>CLAIRE M. HARVEY, BRANDY J. DASWANI, KIM C. OPPENHEIMER, KESSLER & SOLOMIANY, STEFANIE S. POTTER, and MOLLY Y. TEPLITZKY,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br>1:25-cv-04688-JPB |

**DEFENDANT KIM C. OPPENHEIMER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(E)**

COMES NOW, Defendant Kim C. Oppenheimer ("Defendant Oppenheimer") and files this Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(E). In support thereof, Defendant shows this honorable Court as follows:

## I. BACKGROUND

On August 19, 2025, Plaintiff initiated the instant action and alleged Defendant Oppenheimer violated his constitutional rights while serving as the court-appointed psychological evaluator in his divorce action. [Doc. 1]. On

December 18, 2025, Defendant Oppenheimer filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 arguing Plaintiff's claims were time-barred, a court-appointed psychological evaluator is not a state actor, Defendant Oppenheimer is entitled to absolute quasi-judicial immunity, and Plaintiff failed to plead conspiracy with sufficient particularity. [Doc. 41].

Instead of responding to that Motion, Plaintiff filed a First Amended Complaint on January 5, 2026, and Defendant Oppenheimer responded with a Motion to Dismiss the First Amended Complaint on January 12, 2026. [Doc. 44]; [Doc. 46]. Defendant Oppenheimer argued Plaintiff's Amended Complaint did not remedy the defects raised in Defendant Oppenheimer's original Motion to Dismiss and Plaintiff did not properly serve Defendant Oppenheimer with the First Amended Complaint. [Doc. 46]. On February 3, 2026, Plaintiff responded to Defendant Oppenheimer's Motion to Dismiss in a consolidated response in opposition. [Doc. 53].

In compliance with Fed. R. Civ. P. 11, on June 18, 2026, Defendant Oppenheimer served Plaintiff with Notice to Seek Sanctions if Plaintiff did not dismiss the action against Defendant Oppenheimer within 21 days. On July 24, 2026, this Court granted Defendant Oppenheimer's Motion to Dismiss finding Defendant Oppenheimer is absolutely immune under judicial

immunity, and Defendant Oppenheimer filed a motion for Sanctions and Attorney Fees pursuant to Fed. R. Civ. P. 11. [Doc 73]; [Doc. 75].

In its order dismissing the instant action, this Court concluded that any amendment to Plaintiff's Complaint would be futile given Plaintiff has already amended the Complaint. [Doc. 76, p. 20-21]. Plaintiff, however, filed the instant Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(E). (hereinafter "Rule 59(e) Motion") [Doc 77]. Because Plaintiff's Motion asks this Court to reexamine an unfavorable ruling and offers no newly discovered evidence, Plaintiff's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(E) must be **denied.**

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), a motion "to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "Rule 59(e) motions may **only** be granted based on newly-discovered evidence or manifest errors of law or fact and cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."

David Johnson Constr. Co. v. Clearing Consulting, Inc., 722 F. App'x 934, 937 (11th Cir. 2018) (internal quotations omitted) (emphasis added). When addressing a Rule 59(e) motion, "a court should proceed cautiously … [as] reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Brock v. City of Atlanta, GA, No. 1:22-CV-00604-WMR, 2023 WL 11915430, at *3 (N.D. Ga. Aug. 15, 2023) (citing United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003)) (internal quotations omitted). Finally, motions to alter or amend judgement pursuant to Rule 59(e) are reviewed for abuse of discretion. Solutia, Inc. v. McWane, Inc., 672 F.3d 1230, 1238 (11th Cir. 2012).

## III. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Rule 59(e) Motion is merely an attempt to relitigate the previous complaint. However, only two circumstances support granting Plaintiff's Rule 59(e) Motion – newly discovered evidence or manifest error of law or fact. Neither circumstance is present here, and Plaintiff's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(E) must be denied.

### a. Plaintiff presents no newly discoverable evidence to support leave to alter or amended this judgement under Rule 59(e).

Plaintiff attaches multiple exhibits in support of his Rule 59(e) Motion, all of which were available to Plaintiff when he filed his original Complaint and

First Amended Complaint.[1] In a clear attempt to circumvent the restraints of Rule 59(e), Plaintiff states the exhibits are not offered as newly discovered evidence, but to establish "concrete curability and mistaken futility." [Doc. 77, p. 3]. The Eleventh Circuit, however, rejected this sort of attempt in David Johnson Constr. Co. v. Clearing Consulting, Inc., 722 F. App'x 934 (11th Cir. 2018). In David Johnson Constr. Co., the plaintiff filed a Rule 59(e) motion which sought to file a fourth amended complaint that resolved the previous complaints' shortcomings and alleged multiple circumstances in which defendants were liable. Id. at 937. The circuit court affirmed the lower court's denial of the Rule 59(e) motion reasoning the plaintiff was asking the court to "reexamine an unfavorable ruling" and "sought merely to supplement claims the court previously found to be insufficiently pleaded or to add new claims that could have been raised prior to the entry of judgment." Id.

The same reasoning applies here. Plaintiff's Rule 59(e) Motion requests leave to file a Second Amended Complaint that "narrows defendants and remedies, identifies each alleged participant's role, separates judicial rulings from nonjudicial conduct, [] omits requests requiring review or rejection of state-court judgments," and "state[s] the constitutional theory more precisely."

---

[1] To the extent exhibits are incomplete and not true and accurate copies of what they purport to be, Plaintiff's exhibits should not be relied upon for any reason.

[Doc. 77, p. 1-2]. Plaintiff cannot use Rule 59(e) as an avenue to plead for the first time facts concerning "dissemination of catastrophic homicide-suicide conclusions" and religious animus to discredit this Court's proper ruling.[2] This is particularly true given Plaintiff offers no reason he did not plead these facts earlier.

**b. Plaintiff has not shown manifest error of law or fact to support leave to alter or amend this judgement under Rule 59(e).**

Plaintiff has not shown there was a manifest error of law or fact in this Court's July 24, 2026 Order. "A manifest error is one that amounts to a wholesale disregard, misapplication, or failure to recognize controlling precedent." Shuler v. Garrison, 718 F. App'x 825, 828 (11th Cir. 2017) (citing Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)) (internal quotations omitted). This Court committed no such error.

This Court held Defendant Oppenheimer is absolutely immune *"[b]ased on the allegations in the Amended Complaint*." [Doc. 76, p. 16] (emphasis added). Contrary to Plaintiff's complaint of a "categorical approach," this Court acknowledged that judicial officials must act within the scope of their authority to receive immunity. Id.; Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994).

[2] Defendant Oppenheimer is entitled to absolute immunity even with these allegations of dissemination of catastrophic homicide-suicide conclusions and religious animus.

This Court went on to dedicate over a page of analysis to the immunity defense and determined that judicial immunity applied because there is no allegation Defendant Oppenheimer acted beyond her scope as psychology evaluator.

This analysis was not a manifest error. In the First Amended Complaint, Plaintiff alleges Defendant Oppenheimer cancelled one follow-up session, spoke with the court-appointed GAL, testified about her findings and professional opinion, and charged costs to compile a written evaluation. [Doc. 44]. This is an expected course for a psychological evaluator, precisely what Defendant Oppenheimer was appointed to do, and thus within her scope as psychological evaluator. Accordingly, this Court's finding was proper and far from a wholesale disregard or misapplication of the law or facts.

**c. Amendment would be futile.**

Plaintiff's request to amend is properly denied even under the most liberal amendment rules. At this stage of litigation[3], amendment is only required "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, **repeated failure**

[3] In the Eleventh Circuit, Fed. R. Civ. P. 15(a) standards apply even "when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed.R.Civ.P. 59(e)" Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988).

**to cure deficiencies by amendments previously allowed**, undue prejudice to the opposing party by virtue of allowance of the amendment, **futility of amendment**, etc." Foman v. Davis, 371 U.S. 178, 182 (1962) (emphasis added). Here, amendment is not required given Plaintiff previously amended his Complaint and failed to correct deficiencies, the statute of limitations ran before Plaintiff initiated the action, and Defendant Oppenheimer is not liable under any additional facts alleged in Plaintiff's Rule 59(e) motion.

Plaintiff has already amended his Complaint in this action and failed to cure the deficiencies against Defendant Oppenheimer. In her first Motion to Dismiss, Defendant Oppenheimer raised, among other things, the statute of limitations, absolute quasi-judicial immunity, and that she was not a state actor. [Doc. 41]. These deficiencies again appeared in Plaintiff's First Amended Complaint and remain in Plaintiff's Proposed Second Amended Complaint. [Doc. 77, Exhibit A].

Even further, the deficiencies in Plaintiff's original Complaint and First Amended Complaint cannot be cured as to Defendant Oppenheimer, and further amendment would be futile. While courts should generally allow *pro se* plaintiffs to amend their complaint, amendment is not required when amendment would be futile. Watkins v. Hudson, 560 F. App'x 908, 911 (11th

Cir. 2014). Meaning a court properly denies a Rule 59(e) motion "when the complaint as amended would still be properly dismissed" Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Amendment would be futile because Defendant Oppenheimer is absolutely immune under judicial immunity for her role in this proceeding. Butz v. Economou, 438 U.S. 478, 512 (1978). Further, in clarifying his allegations against Defendant Oppenheimer, Plaintiff noted Defendant Oppenheimer's "testimony would be evidence of prior acts, **not the sole actionable wrong.**" [Doc. 77, Exhibit A, p 16]. Plaintiff acknowledged that Defendant Oppenheimer committed no actionable wrong in her role. He thus cannot state a claim against Defendant Oppenheimer. Finally, while not addressed in this Court's July 24, 2026 Order, the statute of limitations ran before Plaintiff initiated the instant action. Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008). Given this, amendment would be futile, and Plaintiff's attempt to do so should be denied.

## IV. CONCLUSION

In light of all the foregoing, Defendant Oppenheimer respectfully requests that this Court **deny** Plaintiff's Motion and Memorandum to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(E) and award costs incurred in responding to this motion.

Respectfully submitted this 26th day of August 2026.

**HALL BOOTH SMITH, P.C.**

***/s/ Tia Brown***
COURTNEY B. WALKER
Georgia Bar No. 907859
TIA BROWN
Georgia Bar No. 102027
*Attorneys for Defendant*

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
404-954-5000 / 404-954-5020 Fax
cwalker@hallboothsmith.com
tbrown@hallboothsmith.com

**LOCAL RULE 7.1D CERTIFICATE**

I hereby certify this submission was prepared using Century Schoolbook 13-point font and exact double spacing as required by local rule 5.1C.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT KIM C. OPPENHEIMER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(E )**upon all counsel of record by electronically filing same with the CM/ECF filing system, and that service of the following individuals will be accomplished by CM/ECF system:

Matthew Thomas Harvey, Pro Se
c/o 501 North Slappey Boulevard, #1112
Albany, GA 31701
Mharvey7744@gmail.com
(912) 346-5299

This 26th day of August, 2026.

**HALL BOOTH SMITH, P.C.**

***/s/ Tia Brown***

COURTNEY B. WALKER
Georgia Bar No. 907859
TIA BROWN
Georgia Bar No. 102027
*Attorneys for Defendant*

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
404-954-5000 / 404-954-5020 Fax
cwalker@hallboothsmith.com
tbrown@hallboothsmith.com