**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW THOMAS HARVEY<br><br>Plaintiff,<br><br>v.<br><br>CLAIRE M. HARVEY, *et al.*,<br><br>Defendants. | ) | CIVIL ACTION FILE<br>NO: 1:25-CV-04688-JPB |

**DEFENDANT BRANDY J. DASWANI'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

COMES NOW, Defendant Brandy J. Daswani and files this Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment, filed pursuant to Federal Rule of Civil Procedure 59(e). In support thereof, Daswani shows this Honorable Court as follows:

## I. BACKGROUND

On August 19, 2025, Plaintiff filed his initial complaint in this action, and after Defendants in this action respectively filed their motions to dismiss, Plaintiff filed a motion for extension of time to file an amended complaint. On January 9, 2026, this Court granted Plaintiff's motion, ordered that his First Amended Complaint was now the operative complaint in this matter, and denied several pending motions related to the initial complaint as moot. (Doc. 45).

In his First Amended Complaint, Plaintiff generally alleged Defendants in this action — which include his ex-wife, a guardian ad litem (Daswani), a court-appointed psychologist, and a family law firm and two lawyers from that firm — conspired against him to violate his constitutional rights in his divorce, child custody, and other related state-court proceedings. (Doc. 44 at 4-20). Defendants separately filed motions to dismiss, which this Court granted on July 24, 2026. (Doc. 73).[1]

## II. LEGAL STANDARD

A court may grant a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) based only on either newly-discovered evidence or a manifest error of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "A manifest error is one that amounts to a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Shuler v. Garrison*, 718 F. App'x 825, 828 (11th Cir. 2017) (citation and punctuation omitted). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (holding that district court properly denied

[1] Daswani recognizes this Court is already deeply familiar with the factual and legal issues implicated in this manner and has therefore purposefully filed a brief response.

motion to amend or alter judgment because plaintiff simply disagreed with court's treatment of facts and legal conclusions).

## III. ARGUMENT AND CITATION OF AUTHORITY

This Court should deny Plaintiff's Rule 59(e) motion because it is an improper attempt to relitigate the same issues already ruled on. Plaintiff has pointed to neither newly discovered evidence or a manifest error of law or fact. He is simply dissatisfied with the Court's order — which cannot form the basis of a successful Rule 59(e) motion.

To begin, Plaintiff admits that all exhibits attached to his Rule 59(e) motion are not newly discovered. Furthermore, it appears that the included "evidence" was available to Plaintiff prior to this Court's ruling. Therefore, Plaintiff has not met the "newly-discovered evidence" prong of a meritorious Rule 59(e) motion.

Second, Plaintiff's motion is a regurgitation of arguments this Court already considered and rejected when it granted Defendants' motions to dismiss. The Eleventh Circuit has held that asking a court to "reexamine an unfavorable ruling" is exactly the type of relief that cannot be afforded to a litigant in the Rule 59(e) context. *See David Johnson Constr. Co. v. Clearing Consulting, Inc*., 722 F. App'x 934, 937 (11th Cir. 2018).

Plaintiff fails to identify any error this Court made when applying the well-established precedent that mandated the dismissal of his claims. "Reconsidering the

merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

## IV. CONCLUSION

This Court made the proper ruling in the first instance, and Plaintiff has failed to point to anything in the record that supports otherwise. Accordingly, Daswani respectfully requests this Court DENY Plaintiff's motion to amend or alter the judgment under Rule 59(e).

Respectfully submitted, this 2nd day of September, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant*
*Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
Email:
James.Doyle@lewisbrisbois.com

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

/s/ JAMES R. DOYLE
James R. Doyle

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing *Defendant Brandy J. Daswani's Response to Plaintiff's Motion to Amend or Alter Judgment* using the Court's CM/ECF system, which will automatically provide notice of same to all parties of record who are registered to receive notices. In addition, the filing will be mailed to the Plaintiff at the address of record, as follows:

Mr. Matthew Harvey
501 North Slappey Boulevard
#1112
Albany, Georgia 31701

Respectfully submitted, this 2nd day of September, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ JAMES R. DOYLE
James R. Doyle
Georgia Bar No. 228495

*Attorney for Defendant*
*Brandy J. Daswani*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 499-2156
Facsimile: (404) 467-8845
Email:
James.Doyle@lewisbrisbois.com