**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW THOMAS HARVEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:25-cv-04688-JPB |
| CLAIRE M. HARVEY, *et al*. | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT CLAIRE HARVEY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

## I. INTRODUCTION

Plaintiff's Rule 59(e) motion should be denied. Plaintiff already amended once after Defendants moved to dismiss, and the Court later dismissed the Amended Complaint with prejudice after concluding that Plaintiff still failed to state a viable federal claim and that further amendment would be futile. Plaintiff's current motion does not identify newly discovered evidence or any manifest error in the Court's ruling. Instead, it asks the Court to permit a second amended complaint that would narrow defendants and remedies, recast allegations, and plead constitutional theories "more precisely". That is not a basis for Rule 59(e) relief.

## II. LEGAL STANDARD

Rule 59(e) relief is limited: "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). A Rule 59(e) motion cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised before judgment. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). The Eleventh Circuit has repeatedly affirmed denial of Rule 59(e) motions that merely ask the district court to reexamine an unfavorable ruling. *See e.g.*, *Jacobs*.

## III. ARGUMENT

### *A. Plaintiff Identifies No Rule 59(e) Ground.*

Plaintiff does not satisfy Rule 59(e)'s narrow standard. The materials submitted with his motion were available before judgment, and Plaintiff does not offer them as newly discovered evidence. Rule 59(e) does not permit a party to present evidence that could have been raised before judgment. *Michael Linet*, 408 F.3d at 763. Nor does it permit a party to repackage disagreement with the Court's conclusions as manifest error. *Jacobs* at 1344.

That is all Plaintiff's motion does. The Court considered the operative Amended Complaint, granted Defendants' motions to dismiss, and dismissed the claims with prejudice. Plaintiff now seeks to alter that result by proposing new

framing and new allegations that could have been presented earlier. The Eleventh Circuit has made clear that Rule 59(e) is not a second opportunity to improve a failed pleading or relitigate issues already decided. *Carpenters Pension Fund of Ill. v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1251 (11th Cir. 2023).

***B. Plaintiff's Request for Another Amendment Does Not Justify Reopening the Judgment.***

Plaintiff already received the opportunity to amend. After Defendants moved to dismiss the original complaint, Plaintiff filed an Amended Complaint, which the Court made the operative pleading. The Court then dismissed the Amended Complaint with prejudice because the pleaded allegations did not establish actionable state action as to the private defendants. The Court separately concluded that further amendment would be futile because Plaintiff had already amended once and still failed to allege facts showing state action.

After judgment, a plaintiff may seek leave to amend only if the judgment is first reopened under Rule 59(e) or Rule 60(b). *Jacobs* at 1344. And Rule 59(e) does not allow a plaintiff to relitigate old matters or raise arguments and evidence that could have been raised before judgment. *Capenters Pension Fund* at 1251. Plaintiff's proposed second amended complaint is precisely the kind of post-judgment revision Rule 59(e) does not authorize absent newly discovered evidence or manifest error. The Eleventh Circuit's decision in *Jacobs* is controlling in substance. There, the Rule 59(e) motion "did nothing but ask the district court to

reexamine an unfavorable ruling," and the Eleventh Circuit held that reconsidering the merits of a judgment is not the purpose of Rule 59 absent manifest error. *Jacobs, supra*. The same result follows here.

## IV. CONCLUSION

Defendant Claire Harvey respectfully requests that the Court deny Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e).

Respectfully submitted this 2nd day of September 2026.

**HENEFELD & GREEN, P.C.**

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendant Claire Harvey*

2480 Briarcliff Rd. NE, Suite 6-328
Atlanta, Georgia 30329
(404) 841-1275
ngreen@henefeldgreen.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing has been prepared in compliance with the font and type requirements of the Local Rules of the United States District Court for the Northern District of Georgia.

/s/ Noah Green
Noah Green

**CERTIFICATE OF SERVICE**

This is to certify that I have this day filed the foregoing *Defendant Claire M. Harvey's Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment*, using the Court's CM/ECF system, which will automatically provide notice of same to all parties of record who are registered to receive notices. Additionally, the filing will be mailed to Plaintiff at this address of record, as follows:

Matthew Harvey
501 North Slappey Boulevard, #1112
Albany, Georgia 31701

This 2nd day of September 2026.

**HENEFELD & GREEN, P.C.**

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendant Claire Harvey*

2480 Briarcliff Rd. NE, Suite 6-328
Atlanta, Georgia 30329
(404) 841-1275
ngreen@henefeldgreen.com