**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW THOMAS HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. 1:25-cv-04688-JPB |
| | ) | |
| CLAIRE M. HARVEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGES ANGELA Z. BROWN AND JASON D. MARBUTT AND ASSISTANT DISTRICT ATTORNEY JEFFREY M. GORE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Judges Angela Z. Brown and Jason D. Marbutt and Assistant District Attorney Jeffrey M. Gore, through counsel, submit this response in opposition to Plaintiff's motion to alter or amend judgment (Doc. 77).

## I. BACKGROUND

Plaintiff filed this action on August 19, 2025, seeking redress against the State Defendants, including Judges Angela Z. Brown and Jason D. Marbutt, Assistant District Attorney Jeffrey M. Gore, Georgia Department of Human Services, and Governor Brian P. Kemp, among others, for judicial and prosecutorial decisions made during the course of state court proceedings regarding his divorce, child support obligations, and related matters, which he alleges amount to constitutional violations. Doc. 1, ¶¶ 1-2, 13-22. The State

Defendants moved to dismiss all of Plaintiff's claims against them on November 18, 2025 on the grounds of Eleventh Amendment immunity and the text of section 1983, the *Younger* abstention doctrine, the Anti-Injunction Act, the *Rooker-Feldman* doctrine, absolute judicial and prosecutorial immunity, failure to state a claim, and the Georgia Tort Claims Act ("GTCA"). Doc. 20. After moving to strike the State Defendants' motion (Docs. 31, 34), Plaintiff eventually amended his complaint, through which he voluntarily dismissed all of the State Defendants. *See* Doc. 44; *see also* Doc. 73. That amended complaint became the operative complaint in this action. Doc. 45. The Court dismissed the amended complaint on July 24, 2026. Doc. 73. Plaintiff now asks the Court to alter or amend its judgment under Fed. R. Civ. P. 59(e). Doc. 77. As part of his motion, Plaintiff seeks leave to file a second amended complaint, in which he apparently wishes to reassert claims against Judges Brown and Marbutt and ADA Gore. *Id.*

## II. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's motion is barred by Fed. R. Civ. P. 15 and 59(e). Because Plaintiff brings this motion under Fed. R. Civ. P. 59(e), which forecloses his request, its application is addressed first.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "A Rule 59(e) motion cannot be used to relitigate old matters,

raise argument or present evidence that could have been raised prior to the entry of the judgment." *Id*. Plaintiff has not met this burden here. He has not identified any newly discovered evidence or manifest errors of law or fact. Instead, as concerns Judges Brown and Marbutt and ADA Gore, he seeks to revive meritless claims he himself voluntarily abandoned, and he provides no explanation for why he did not seek leave to amend before the Court entered its judgment. Accordingly, his motion should be denied.

Plaintiff's motion should also be denied under Fed. R. Civ. P. 15, which would require the court's leave in this case. Under Rule 15, leave to amend should be freely granted by a court "when justice so requires," "[a] district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). An amendment is futile "when the complaint as amended would still be properly dismissed." *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Thomas v. Cockrell*, 510 F. 3d 1307, 1310 (11th Cir. 2007)). "The party seeking leave to amend under Rule 15 bears the burden of establishing his entitlement to it—particularly where there

has been such a long and seemingly unjustified delay." *In re Engle Cases*, 767 F.3d 1082, 1119, n. 37 (11th Cir. 2014).

Here, Plaintiff's claims against Judges Brown and Marbutt and ADA Gore would clearly be futile. Despite Plaintiff's characterization, his proposed second amended complaint would require this Court to intervene in state court proceedings, which is barred by the *Younger* abstention doctrine and the *Rooker-Felman* doctrine. *Younger v. Harris*, 401 U.S. 37 (1971); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005). Additionally, Judges Brown and Marbutt are entitled to absolute judicial immunity, and ADA Gore is entitled to absolute prosecutorial immunity. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations omitted) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978)); *see Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Finally, Plaintiff has not carried his burden to establish why he should be entitled to leave to amend, and he has provided no explanation for his delay in trying to revive his claims against Judges Brown and Marbutt and ADA Gore. Consequently, Plaintiff's motion should be denied under Rule 15 as well.

## III. CONCLUSION

For the foregoing reasons, Judges Brown and Marbutt and ADA Gore respectfully request that this Court deny Plaintiff's motion.

Respectfully submitted,

CHRISTOPHER M. CARR 112505
Attorney General

LORETTA L. PINKSTON-POPE 580385
Deputy Attorney General

KATHLEEN S. TURNIPSEED 940900
Senior Assistant Attorney General

ROGER A. CHALMERS 118720
Senior Assistant Attorney General

*/s/ William Tomlin*_____
WILLIAM L. TOMLIN 223213
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

WILLIAM TOMLIN
Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3439
wtomlin@law.ga.gov

## CERTIFICATION AS TO FONT

Pursuant to Local Rule 7.1D, I hereby certify that this motion is submitted in Times New Roman 14-point type as required by Local Rule 5.1I.

*/s/ William Tomlin*
William L. Tomlin
Georgia Bar No. 223213

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all counsel of record, and also by electronically mailing a copy to any pro se parties as follows and/or by depositing a copy thereof, postage prepaid, in the United States Mail properly addressed as follows:

**Matthew Thomas Harvey**
501 North Slappey Blvd. #1112
Albany, Georgia 31701

This 3rd day of September, 2026.

*/s/ William Tomlin*
William L. Tomlin
Georgia Bar No. 223213