**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br><br>Plaintiff,<br>v.<br><br>CLAIRE M. HARVEY; BRANDY J. DASWANI; KIM C. OPPENHEIMER; KESSLER & SOLOMIANY, LLC; STEFANIE S. POTTER, and MOLLY Y. TEPLITZKY.<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:25-CV-04688-JPB |

**KESSLER DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION AND MEMORANDUM TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Defendants Kessler & Solomiany, LLC; Stefanie S. Potter; and Molly Y. Teplitzky (the "Kessler Defendants"), respectfully submit this Response in Opposition to Plaintiff's Motion and Memorandum to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) [Doc. 77] (the "Motion"). The Motion fails to satisfy the standard for post-judgment relief under Rule 59(e). It identifies no manifest error of law or fact, presents no newly discovered evidence, and instead repackages the same theories this Court has already considered and rejected. For the reasons set forth below, the Court should deny the Motion.

## INTRODUCTION

This Court entered a judicious Order [Doc. 73] granting all four motions to dismiss and dismissing Plaintiff's First Amended Complaint ("FAC") with prejudice. The Court considered and rejected each theory Plaintiff advanced, finding that the Kessler Defendants are private actors, not state actors; finding Defendants Daswani and Oppenheimer entitled to quasi-judicial immunity; finding Plaintiff's joint action and conspiracy allegations conclusory; and denying further leave to amend as futile. [Doc. 73, pp. 15-21]. Judgment followed. [Doc. 74].

Plaintiff's Motion does not identify any manifest error of law or fact warranting the extraordinary relief of vacating that Judgment. Instead, it relitigates the same arguments this Court already addressed, supplements them with voluminous exhibits that were available before judgment, and asks the Court to reach a different conclusion. That is not the purpose of Rule 59(e).

## ARGUMENT

### I. The Rule 59(e) Standard is a High Burden That Plaintiff Has Not Met

Appropriate grounds for reconsideration under Rule 59(e) include: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Accordingly, a motion under Rule 59(e) may not be used to "relitigate old matters, raise argument or present evidence that could

have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). The movant must demonstrate "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "A manifest error is one that amounts to a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Shuler v. Garrison*, 718 F. App'x 825, 828 (11th Cir. 2017) (internal quotations omitted). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Rule 59(e) relief is an extraordinary remedy that should be used sparingly, and a court should proceed cautiously when considering it. *Brock v. City of Atlanta*, No. 1:22-cv-00604-WMR, 2023 U.S. Dist. LEXIS 241502, at *7 (N.D. Ga. Aug. 15, 2023); *see also Duncan v. Capital One, N.A.*, No. 2:25-CV-00137-JPB-AWH, 2026 U.S. Dist. LEXIS 60383, at *4 (N.D. Ga. Mar. 23, 2026).

Plaintiff concedes that the voluminous exhibits attached to his Motion—deposition excerpts, transcripts, correspondence, and an affidavit—are not offered as newly discovered evidence because most predate judgment. [Doc. 77, p. 3]. Accordingly, his sole path to relief is manifest error of law, a standard he cannot meet. His attempt to recharacterize these pre-judgment materials as evidence of "concrete curability and mistaken futility" [Doc. 77, p. 3] does not change the analysis. Plaintiff's desire to supplement claims the court previously found to be

insufficiently pleaded or to add new claims that could have been raised prior to the entry of judgment is relief that Rule 59(e) does not afford. *David Johnson Constr. Co. v. Clearing Consulting, Inc.*, 722 F. App'x 934, 937 (11th Cir. 2018).

## II. The Court Correctly Applied the Joint Action Standard

Plaintiff's principal argument is that this Court misread *Dennis v. Sparks*, 449 U.S. 24 (1980), by treating bribery as a necessary element of every joint-action claim against private parties. [Doc. 77, pp. 6-8]. The Order did no such thing.

The Court correctly recognized the nexus/joint-action test and explained that, to convert private litigation conduct into state action in this context, i.e., a case involving private attorneys and court-appointed professionals in domestic relations proceedings, a plaintiff would need to allege that an official act of the defendant judge was the product of a conspiracy involving bribery of the judge. [Doc. 73, pp. 18-19] (quoting *Dennis*, 449 U.S. at 28). The Court then found no such allegations. *Id.* at 19.

The Court's analysis was faithful to Eleventh Circuit precedent. Merely resorting to the courts and being on the winning side of a lawsuit does not make a private party a state actor. *Dennis*, 449 U.S. at 28. Private attorneys do not become state actors by virtue of being an officer of the court. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). The FAC's allegations described routine litigation activities that fall short of state action: filing motions, examining witnesses,

communicating with court personnel and a guardian ad litem, and pursuing fee and contempt remedies. *See Yeh Ho v. Sabocik*, 775 F. App'x 551 (11th Cir. 2019) (private attorneys who engaged in state court process and obtained court orders were not state actors).

Plaintiff's effort to distinguish these holdings by pointing to Detective Rohan's deposition and other exhibits is unavailing. These materials were available before judgment and could have been offered earlier; their belated introduction does not establish manifest error. Moreover, even taking Plaintiff's characterization of these materials at face value, they describe interactions among attorneys, a guardian ad litem, and law enforcement that are consistent with normal litigation conduct. This does not transform the Kessler Defendants' representation of their client into state action. *Clark v. LC Halsten LLC*, No. 23-12499, 2026 U.S. App. LEXIS 10595, at *11 (11th Cir. Apr. 14, 2026) (the fact that Plaintiff is not happy to be on the losing side of a lawsuit does not mean the judge and opposing parties conspired against him).

**III. The Court Properly Found Amendment Futile**

Plaintiff asks this Court to vacate its Judgment and grant thirty days to file a Second Amended Complaint ("SAC"). [Doc. 77, p. 1]. He attaches a detailed proffer as Exhibit A. *Id.* The Kessler Defendants oppose for multiple reasons.

### A. Plaintiff Already Had a Meaningful Opportunity to Cure

Plaintiff amended once as of right after defendants challenged state action in their initial motions to dismiss. [Doc. 44]. The Court correctly concluded that "[g]iven this prior amendment and the underlying circumstances of the case, it does not appear that another opportunity to amend would enable Plaintiff to allege facts that show Defendants were state actors." *Id.*; *see Shuler v. Duke*, 792 F. App'x 697, 701 n.1 (11th Cir. 2019).

Plaintiff's reliance on *Sheffler v. Americold Realty Tr.*, No. 22-11789, 2023 U.S. App. LEXIS 14458 (11th Cir. June 9, 2023), is misplaced. Unlike the plaintiff in *Sheffler*, Plaintiff here was on notice of the state action deficiency before he filed the FAC. The first round of motions to dismiss raised the identical argument. Plaintiff chose to amend and still could not allege facts sufficient to establish state action. Accordingly, Plaintiff's request for further amendment should be denied. *See David Johnson Constr. Co. v. Clearing Consulting, Inc.*, 722 F. App'x 934, 937 (11th Cir. 2018) (affirming denial of Rule 59(e) motion where plaintiff sought to file amended complaint resolving prior shortcomings, holding plaintiff was asking the court to reexamine an unfavorable ruling).

### B. The Proposed SAC Suffers from the Same Fundamental Defects as Plaintiff's FAC

Plaintiff's Exhibit A does not cure the deficiency. It proposes to allege private meetings, use of confidential material, initiation of an unusual criminal investigation

from the custody case, participation in criminal bond administration, and similar conduct. [Doc. 77, p. 7]. But these allegations, even accepted as true, describe private parties interacting with state processes in the course of domestic relations litigation. They do not establish a corrupt agreement between the Kessler Defendants and a state official to deprive Plaintiff of his constitutional rights.

The proposed SAC would also add causes of action under 42 U.S.C. §§ 1985(2) and 1985(3). [Doc. 77, p. 19]. But conspiracy claims under § 1985 require the same factual predicate that the Court found lacking: "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Conclusory allegations of sex and religious based animus do not meet the plausibility standard of *Iqbal*.

Moreover, amendment remains futile with respect to the Kessler Defendants because the proposed SAC cannot overcome the fundamental reality that private attorneys representing a client in state court litigation are not state actors. *Polk County*, 454 U.S. at 318-19; *Yeh Ho*, 775 F. App'x at 551. No amount of repleading can transform private legal representation into state action absent specific, plausible allegations of a corrupt conspiracy with a state official. Plaintiff has never made such allegations and his proffer does not supply them.

**C. Additional Defenses Independently Bar the Proposed Claims.**

Even if the proposed SAC could somehow establish state action, Plaintiff's claims against the Kessler Defendants remain independently barred. Georgia's two-year statute of limitations for § 1983 actions, O.C.G.A. § 9-3-33, bars claims arising from conduct that Plaintiff was contemporaneously aware of more than two years before he filed his original Complaint on August 19, 2025. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The proposed SAC does nothing to address the statute of limitations bar that the Kessler Defendants raised in their original motion to dismiss.

## IV. The With Prejudice Dismissal Issue Does Not Warrant Relief as to the Kessler Defendants.

Plaintiff argues that claims dismissed under the Rooker-Feldman doctrine cannot be dismissed with prejudice because a jurisdictional dismissal is not on the merits. [Doc. 77, pp. 22-23]. Even assuming this is correct as a general proposition, *see Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008), the scope of any such correction is narrow. The Court dismissed only portions of Counts VII and VIII under Rooker-Feldman. [Doc. 73, p. 15]. All remaining claims, including all claims against the Kessler Defendants, were dismissed on the merits under Rule 12(b)(6) for failure to state a claim. Those merits dismissals were properly entered with prejudice and should not be disturbed.

To the extent the Court considers altering the Judgment to reflect a without-prejudice dismissal of the jurisdictional portions, that provides no basis for vacating the Judgment as a whole, reopening the case, or granting further leave to amend the merits claims.

## V. Plaintiff's Recusal Request and Reassignment Demand Are Meritless.

Plaintiff preserves his recusal objection and requests reassignment. [Doc. 77, pp. 23-24]. The Court has already denied Plaintiff's Motion for Recusal [Doc. 35] in a detailed analysis. [Doc. 73, pp. 6-9]. Plaintiff concedes this issue is not an independent basis for Rule 59(e) relief. [Doc. 77, p. 23]. No further discussion is warranted.

## CONCLUSION

For the foregoing reasons, the Kessler Defendants respectfully request that the Court deny Plaintiff's Motion and Memorandum to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e) in its entirety.

## LOCAL RULE 7.1D CERTIFICATE

I hereby certify this submission was prepared using Times New Roman 14-point font and exact double spacing as required by local rule 5.1C.

This 8th day of September, 2026.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Christine L. Mast*

Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129
*Counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; and Molly Y. Teplitzky*

303 Peachtree Street, Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400 *(phone)*
(855) 889-4588 *(fax)*
cmast@hpylaw.com
jmcdowell@hpylaw.com

## CERTIFICATE OF SERVICE

I certify that I have this day served the foregoing **KESSLER DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION AND MEMORANDUM TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**, with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all counsel of record, and served a copy of the same to Plaintiff via email and United States Mail with adequate postage attached:

Matthew Thomas Harvey
c/o 501 North Slappey Boulevard
#1112
Albany, Georgia 31701
mharvey7744@gmail.com
*Plaintiff (pro se)*

Courtney B. Walker
Alex Battey
Tia Brown
Hall Booth Smith, P.C.
191 Peachtree St. NE, Suite 29C
Atlanta, GA 30303
cwalker@hallboothsmith.com
abattey@hallboothsmith.com
tbrown@hallboothsmith.com
*Counsel for Defendant Oppenheimer*

Noah Green
Henefeld & Green, P.C.
3017 Bolling Way NE
Suite 129
Atlanta, GA 30305
ngreen@henefeldgreen.com
*Counsel for Defendant Claire Harvey*

James R. Doyle, II
Lewis, Brisbois, Bisgaard & Smith, LLP
600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
james.doyle@lewisbrisbois.com
*Counsel for Defendant Daswani*

This 8th day of September, 2026.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Christine L. Mast*

Christine L. Mast
Georgia Bar No. 461349
Jamie McDowell
Georgia Bar No. 964129
*Counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; and Molly Y. Teplitzky*

303 Peachtree Street, Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400 *(phone)*
(855) 889-4588 *(fax)*
cmast@hpylaw.com
jmcdowell@hpylaw.com