FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 04 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MATTHEW THOMAS HARVEY,
Plaintiff,

v.

CLAIRE M. HARVEY, et al.,
Defendants.

**CIVIL ACTION NO.**
**1:25-cv-04688-JPB**

# PLAINTIFF'S TIME-SENSITIVE MOTION TO CORRECT FILING DATE OF DOCUMENT 77 AND DEEM RULE 59(e) MOTION TIMELY FILED

Plaintiff Matthew Thomas Harvey, proceeding pro se, respectfully moves the Court under Federal Rules of Civil Procedure 5(d)(2)(A), 60(a), and 79(a) to correct the filing date of Document 77, or alternatively to enter an order deeming Document 77 timely filed on August 21, 2026. This motion does not ask the Court to enlarge Rule 59(e)'s nonextendable twenty-eight-day period. It asks the Court to recognize the date on which the paper reached the Court at the Clerk's designated mailing address and was accepted by an agent at the front desk, reception, or mail room, rather than the later date on which Clerk personnel completed administrative processing and entered it on CM/ECF.

## I. RELEVANT FACTS

1. The Court entered its dismissal Order and separate Judgment on July 24, 2026. [Docs. 73, 74]. Under Rules 6(a)(1) and 59(e), the twenty-eighth day after entry of judgment was Friday, August 21, 2026.

2. Plaintiff was not authorized to file through CM/ECF. The Court denied his requests for electronic-filing access in the same Order that dismissed the action. [Doc. 73 at 10-12]. Plaintiff therefore was required to submit his post-judgment motion in paper form.

3. By August 18, 2026, Plaintiff had finalized the complete Rule 59(e) motion and supporting exhibits. The copy later docketed as Document 77 contains Plaintiff's certificate establishing that the same motion and exhibits were served on all counsel by email on August 18, 2026. [Doc. 77 at 26].

4. On August 18, 2026, Plaintiff caused that exact paper filing to be mailed to the Clerk of Court, United States District Court for the Northern District of Georgia, 75 Ted Turner Drive SW, Atlanta, Georgia 30303. The package was assigned USPS Tracking No. 9570116147466230267203.

5. USPS records show that the package was delivered at 12:20 p.m. on Friday, August 21, 2026, in Atlanta, Georgia 30303, to an agent at the front desk, reception, or mail room. The tracking record specifically reports: "Delivered to Agent, Front Desk/Reception/Mail Room." See Declaration of Matthew Thomas Harvey and Exhibit A.

6. The same filing was later stamped and entered on the docket as Document 77 on Monday, August 24, 2026. The first page bears an August 24 Clerk's Office stamp, and the CM/ECF header likewise identifies August 24 as the filing date. [Doc. 77 at 1].

7. The Court has already recognized that the Clerk's Office "can experience delays in docketing documents that are physically filed with their office." [Doc. 73 at 7]. In addressing prior filings, the Court distinguished the date papers were submitted to the Clerk's Office from the later date on which they appeared on the docket. Id.

## II. DOCUMENT 77 WAS FILED WHEN IT WAS DELIVERED, NOT WHEN IT WAS LATER DOCKETED

Rule 5(d)(2)(A) provides that "[a] paper not filed electronically is filed by delivering it . . . to the clerk." Rule 59(e), in turn, requires the motion to be filed no later than twenty-eight days after entry of judgment. The relevant event is therefore the Clerk's receipt of the paper, not the later completion of scanning, stamping, or docket-entry work.

The Eleventh Circuit has applied that distinction directly. In Haney v. Mizell Memorial Hospital, the court explained that "actual receipt of the notice of appeal by the district court within the Rule 4 period, even though not formally filed within that period, suffices." 744 F.2d 1467, 1472 (11th Cir. 1984) (citing Parissi v. Telechron, Inc., 349 U.S. 46, 47 (1955)). Haney rejected

mailing alone as insufficient, but treated actual receipt by the district court as controlling. Id. Here, Plaintiff does not rely merely on the August 18 mailing date. He relies on documented delivery to the Court at the address designated for the Clerk and acceptance by the destination's receiving agent on August 21.

Persuasive authority addressing courthouse mail routing is consistent with Haney. In Charlson Realty Co. v. United States, the court recognized that a petition is filed when it reaches the court and examined when mail addressed to the clerk was received at the courthouse entrance and routed internally, rather than treating a later clerk stamp as conclusive. 384 F.2d 434, 441-45 (Ct. Cl. 1967). Here, the evidence is stronger than a presumption based on ordinary mail: USPS directly recorded delivery to an agent at the front desk, reception, or mail room on August 21.

Rule 79(a) requires papers filed with the Clerk to be entered chronologically on the civil docket. Rule 60(a) separately authorizes correction of a clerical mistake, oversight, or omission in any part of the record. Correcting the docket to reflect the actual receipt date does not extend Rule 59(e); it conforms the record to what occurred.

## III. THE EXISTING RECORD ESTABLISHES TIMELY DELIVERY, OR AT MINIMUM WARRANTS REVIEW OF THE CLERK'S INTAKE RECORDS

The evidence is straightforward and internally consistent. Document 77 itself establishes that the completed motion was served on August 18, 2026.

Plaintiff's declaration establishes that the same completed filing was enclosed in the tracked package addressed to the Clerk. USPS records show that the package was delivered at 12:20 p.m. on August 21, 2026—the final day of the Rule 59(e) period—to an agent at the front desk, reception, or mail room in Atlanta, Georgia 30303. Document 77 then appeared on the docket on the next business day, Monday, August 24.

That sequence is consistent with the physical-filing delay the Court itself described in its July 24 Order and supports an inference that the package entered the Court's receiving process before August 24. At minimum, it warrants review of the Clerk's intake records to determine when the package first entered the custody of the Court or Clerk's Office. If additional confirmation is needed, Plaintiff respectfully requests that the Clerk review and preserve the original envelope, intake markings, internal routing records, scanning metadata, and any mail-room or docketing record associated with Tracking No. 9570116147466230267203.

## IV. PROMPT CORRECTION IS NECESSARY TO PROTECT APPELLATE RIGHTS

The date matters beyond docket accuracy. A timely Rule 59(e) motion resets the time to appeal under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv). An erroneous August 24 date creates unnecessary uncertainty over appellate jurisdiction even though the paper reached the Court on August

21. Prompt correction will permit the merits of Document 77 and any later appeal to proceed on an accurate record.

## V. RELIEF REQUESTED

A. Correct the filing date of Document 77 to August 21, 2026;

B. Alternatively, enter an order expressly deeming Document 77 timely filed on August 21, 2026, for purposes of Rule 59(e) and Federal Rule of Appellate Procedure 4(a)(4);

C. Direct the Clerk to preserve the original envelope and any intake, routing, scanning, or mail-room records associated with Document 77 pending final resolution of the filing-date issue;

D. If necessary, direct the Clerk to conduct an administrative review and file a notice identifying when the package first entered the Court's or Clerk's custody; and

E. Grant such other and further relief as is just and proper.

Respectfully submitted this 1st day of September, 2026.

*/s/ Matthew Thomas Harvey*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

## CERTIFICATE OF SERVICE

I certify that on September 1, 2026, a true and correct copy of the foregoing *Plaintiff's Time-Sensitive Motion to Correct Filing Date of Document 77 and Deem Rule 59(e) Motion Timely Filed*, together with its supporting declaration and exhibit, was served by electronic mail upon all counsel of record as follows:

- Noah Green, counsel for Claire M. Harvey - ngreen@henefeldgreen.com
- Christine L. Mast and Jamie McDowell, counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; and Molly Y. Teplitzky - cmast@hpylaw.com; jmcdowell@hpylaw.com
- Courtney B. Walker and Tia M. Brown, counsel for Kim C. Oppenheimer - cwalker@hallboothsmith.com; tbrown@hallboothsmith.com
- James R. Doyle, II, counsel for Brandy J. Daswani - james.doyle@lewisbrisbois.com

Respectfully submitted this 1st day of September, 2026.

*/s/ Matthew Thomas Harvey*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 04 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br>Plaintiff,<br><br>v.<br><br>CLAIRE M. HARVEY, et al.,<br>Defendants. | **CIVIL ACTION NO.**<br>**1:25-cv-04688-JPB** |

**DECLARATION OF MATTHEW THOMAS HARVEY IN SUPPORT OF MOTION TO CORRECT FILING DATE**

I, Matthew Thomas Harvey, declare as follows:

1. I am the pro se Plaintiff in this action. I have personal knowledge of the matters stated in this declaration.

2. On August 18, 2026, I completed my Motion and Memorandum to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e), together with its supporting exhibits. The complete filing was served on counsel by email that day.

3. On August 18, 2026, I caused a package containing that exact completed motion and exhibits to be mailed to the Clerk of Court, United States District Court for the Northern District of Georgia, 75 Ted Turner Drive SW, Atlanta, Georgia 30303.

4. The package was assigned USPS Tracking No. 9570116147466230267203. I preserved a copy of the USPS tracking record.

5. The USPS tracking record states that the package was delivered at 12:20 p.m. on August 21, 2026, in Atlanta, Georgia 30303, to an agent at the front desk, reception, or mail room.

6. The motion and exhibits contained in that package are the same papers later entered on the docket as Document 77. I did not revise, replace, or add to the filing after it was sent.

7. Document 77 was entered on the Court's docket on August 24, 2026, three calendar days after USPS recorded delivery.

8. I was unable to file Document 77 electronically because the Court had denied my requests for electronic-filing access.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 1, 2026.

**Matthew Thomas Harvey**

# EXHIBIT A

USPS Tracking Record
Tracking No. 9570116147466230267203
Delivery Recorded August 21, 2026 at 12:20 p.m.

ALERT: IMPACTS FROM WILDFIRES IN NEVADA AND TEXAS MAY DELAY FINAL DELIVERY OF ...

# USPS Tracking®

FAQs >

Tracking Number:

Remove ✕

**9570116147466230267203**

Copy Add to Informed Delivery

Scheduled Delivery by

FRIDAY

21 August 2026 ⓘ

by 6:00PM ⓘ

Your item has been delivered to an agent at the front desk, reception, or mail room at 12:20 pm on August 21, 2026 in ATLANTA, GA 30303.

Feedback

Get More Out of USPS Tracking:

USPS Tracking Plus®

**Delivered to Agent**

Delivered to Agent, Front Desk/Reception/Mail Room

ATLANTA, GA 30303

August 21, 2026 12:20 PM

See All Tracking History

What Do USPS Tracking Statuses Mean?

Text & Email Updates

Proof of Delivery

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br>Plaintiff,<br><br>v.<br><br>CLAIRE M. HARVEY, et al.,<br>Defendants. | **CIVIL ACTION NO.**<br>**1:25-cv-04688-JPB** |

**[PROPOSED] ORDER**

The Court has considered Plaintiff's Time-Sensitive Motion to Correct Filing Date of Document 77 and Deem Rule 59(e) Motion Timely Filed. The record reflects that the paper filing later entered as Document 77 was properly addressed to the Clerk and that USPS recorded delivery to an agent at the front desk, reception, or mail room at the Clerk's designated courthouse address at 12:20 p.m. on August 21, 2026. Clerk personnel later completed administrative processing and entered the filing on CM/ECF on August 24, 2026.

Under Federal Rule of Civil Procedure 5(d)(2)(A), a nonelectronic paper is filed when it is delivered to the Clerk. The later docket-entry date does not displace the date of actual receipt. Accordingly, Plaintiff's Motion is **GRANTED**.

1. Document 77 is **DEEMED FILED** on August 21, 2026.
2. Document 77 is timely under Federal Rule of Civil Procedure 59(e).
3. The Clerk is **DIRECTED** to correct the docket entry for Document 77 to reflect August 21, 2026 as the filing date. If the CM/ECF header cannot be altered, the Clerk shall add a docket notation stating that the Court has deemed the paper filed on August 21, 2026.
4. Nothing in this Order resolves the merits of Document 77.

**SO ORDERED** this ____ day of ____________, 2026.

____________________________________

**J. P. BOULEE**
**UNITED STATES DISTRICT JUDGE**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 04 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br>Plaintiff,<br>v.<br>CLAIRE M. HARVEY, et al.,<br>Defendants. | **CIVIL ACTION NO.**<br>**1:25-cv-04688-JPB** |

**PLAINTIFF'S ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL UNDER FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(5)**

Plaintiff Matthew Thomas Harvey, proceeding pro se, respectfully moves, strictly in the alternative and without conceding that his Rule 59(e) motion was untimely, for an extension of time under Federal Rule of Appellate Procedure 4(a)(5). Plaintiff's primary position is that Document 77 was timely filed when it was delivered to the Clerk on August 21, 2026 and therefore reset the appeal period under Rule 4(a)(4)(A)(iv). Plaintiff simultaneously moves to correct the docket or deem Document 77 timely. Plaintiff has not filed a Notice of Appeal at this time. This motion asks the Court only to preserve an alternative extension if the Court declines to recognize the August 21 filing date.

## I. RELEVANT PROCEDURAL FACTS

1. The Court entered its dismissal Order and separate final Judgment on July 24, 2026. [Docs. 73, 74].

2. Under Federal Rule of Appellate Procedure 4(a)(1)(A), the ordinary thirty-day appeal period ended on Monday, August 24, 2026, because the thirtieth day fell on Sunday, August 23. See Fed. R. App. P. 26(a)(1)(C).

3. A timely Rule 59(e) motion resets the appeal period under Rule 4(a)(4)(A)(iv). The twenty-eighth day after the July 24 Judgment was Friday, August 21, 2026.

4. Plaintiff was not authorized to file through CM/ECF. The Court denied his requests for electronic-filing access in the July 24 Order. [Doc. 73 at 10-12]. Plaintiff therefore had to submit Document 77 in paper form.

5. Plaintiff completed and served the exact Rule 59(e) motion and exhibits on August 18, 2026. [Doc. 77 at 26]. He caused that same paper filing to be mailed to the Clerk at 75 Ted Turner Drive SW, Atlanta, Georgia 30303, under USPS Tracking No. 9570116147466230267203.

6. USPS records show that the package was delivered at 12:20 p.m. on Friday, August 21, 2026, to an agent at the front desk, reception, or mail room in Atlanta, Georgia 30303. See Declaration of Matthew Thomas Harvey and Exhibit A.

7. The paper was later stamped and entered on CM/ECF as Document 77 on Monday, August 24, 2026. [Doc. 77 at 1]. The Court has previously

recognized that the Clerk can experience delays in docketing physically filed papers and has distinguished submission to the Clerk from later docket appearance. [Doc. 73 at 7].

8. Plaintiff promptly prepared a motion to correct the filing date or deem Document 77 timely and this alternative Rule 4(a)(5) motion after the docket reflected August 24 rather than August 21.

9. Defendant Oppenheimer filed a substantive opposition to Document 77 on August 26, 2026. [Doc. 78]. Thus, the opposing parties had actual notice that Plaintiff was challenging the July 24 Judgment and cannot claim surprise if Plaintiff later files a notice of appeal within a court-authorized extension.

## II. GOVERNING STANDARD

Rule 4(a)(5)(A) authorizes the District Court to extend the time to file a notice of appeal when a party moves no later than thirty days after the prescribed appeal period expires and shows excusable neglect or good cause. This motion falls within that thirty-day period. Rule 4(a)(5)(C) permits an extension to the later of thirty days after the original appeal deadline or fourteen days after entry of the order granting the motion.

Excusable neglect is an equitable determination based on all relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the

reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993); Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996). The Eleventh Circuit applies that framework to Rule 4(a)(5). Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322, 1324-25 (11th Cir. 1996).

## III. GOOD CAUSE EXISTS BECAUSE PLAINTIFF TIMELY DELIVERED THE POST-JUDGMENT MOTION AND COULD NOT CONTROL INTERNAL PAPER-FILING PROCESSING

Plaintiff did not ignore the governing deadlines. He completed and served Document 77 three days before the Rule 59(e) deadline and used tracked delivery to ensure that the paper reached the Clerk's designated courthouse address on August 21. USPS then recorded acceptance by the destination's front desk, reception, or mail-room agent at 12:20 p.m. Any gap between that documented receipt and the August 24 stamp resulted from the processing of a paper filing after it reached the courthouse, a matter outside Plaintiff's reasonable control.

Plaintiff's inability to use CM/ECF is also material. Had electronic filing been available, the submission time would have been fixed automatically. Instead, Plaintiff was required to file in paper form, leaving internal receipt, routing, stamping, scanning, and docket-entry steps outside his control. The Court itself has recognized that physically filed papers may

appear on the docket later than their submission to the Clerk. [Doc. 73 at 7]. These circumstances establish good cause for a contingent extension if the Court does not grant the filing-date correction.

## IV. THE PIONEER FACTORS ALSO ESTABLISH EXCUSABLE NEGLECT

### A. No prejudice.

Defendants were served with Document 77 on August 18, knew that Plaintiff was challenging the final judgment, and Oppenheimer filed a merits opposition on August 26. [Doc. 78]. A contingent extension merely preserves Plaintiff's ability to file a notice of appeal if necessary and causes no cognizable prejudice.

### B. Minimal delay and no disruption.

The apparent discrepancy is only three calendar days: USPS recorded delivery on Friday, August 21, and the Clerk entered Document 77 on Monday, August 24. Plaintiff acted immediately after the discrepancy became apparent and submits this motion near the beginning of Rule 4(a)(5)'s thirty-day window. The Rule 59(e) motion is already pending, so preserving the possibility of a later notice of appeal within an authorized extension does not disrupt merits proceedings.

### C. The reason was a factual and administrative uncertainty, not disregard of clear law.

Plaintiff correctly understood that a nonelectronic paper is filed by delivery to the Clerk under Rule 5(d)(2)(A), and he obtained proof of delivery on the final Rule 59(e) day. He therefore reasonably understood that Rule 4(a)(4) had reset the appeal period. This is not the mistake-of-law problem rejected in Advanced Estimating System, Inc. v. Riney, 130 F.3d 996, 998-99 (11th Cir. 1997). It is a delivery and clerk-processing issue supported by objective tracking evidence.

**D. Good faith.**

Plaintiff took affirmative steps before every relevant deadline, preserved tracking evidence, served all counsel, and promptly sought correction and alternative appellate protection. There was no attempt to obtain a tactical advantage or delay the proceedings.

Taken together, the complete absence of prejudice, the very short delay, the objective reason for the uncertainty, and Plaintiff's prompt good-faith response strongly favor relief under Rule 4(a)(5). See Cheney, 71 F.3d at 850.

## V. THIS MOTION IS STRICTLY ALTERNATIVE AND DOES NOT CONCEDE THAT DOCUMENT 77 WAS LATE

The Court need not grant this motion if it corrects the docket or deems Document 77 timely filed on August 21. In that event, Rule 4(a)(4)(A)(iv) controls and the time to appeal will run from the order disposing of Document 77. If the Court does not recognize the August 21 filing date, this alternative

request prevents an administrative date discrepancy from forfeiting appellate review. Plaintiff respectfully requests that the Court hold this motion in abeyance until it resolves the filing-date motion, or grant the requested extension if relief becomes necessary.

## VI. RELIEF REQUESTED

A. Hold this motion in abeyance pending resolution of Plaintiff's motion to correct the filing date of Document 77;

B. If Document 77 is deemed timely filed on August 21, 2026, deny this motion as moot;

C. If Document 77 is not deemed timely filed on August 21, 2026, extend Plaintiff's time to file a notice of appeal to the later of September 23, 2026, or fourteen days after entry of the order granting this motion, as permitted by Rule 4(a)(5)(C);

D. Provide that any notice of appeal filed within the extended period will be timely; and

E. Grant such other and further relief as is just and proper.

Respectfully submitted this 1st day of September, 2026.

*<u>/s/ Matthew Thomas Harvey</u>*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, a true and correct copy of the foregoing *Plaintiff's Alternative Motion for Extension of Time to File Notice of Appeal Under Federal Rule of Appellate Procedure 4(a)(5)*, together with its supporting declaration and exhibit, was served by electronic mail upon all counsel of record as follows:

- Noah Green, counsel for Claire M. Harvey - ngreen@henefeldgreen.com
- Christine L. Mast and Jamie McDowell, counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; and Molly Y. Teplitzky - cmast@hpylaw.com; jmcdowell@hpylaw.com
- Courtney B. Walker and Tia M. Brown, counsel for Kim C. Oppenheimer - cwalker@hallboothsmith.com; tbrown@hallboothsmith.com
- James R. Doyle, II, counsel for Brandy J. Daswani - james.doyle@lewisbrisbois.com

Respectfully submitted this 1st day of September, 2026.

*/s/ Matthew Thomas Harvey*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 04 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br><br>Plaintiff,<br><br>v.<br><br>CLAIRE M. HARVEY, et al.,<br><br>Defendants. | **CIVIL ACTION NO. 1:25-cv-04688-JPB** |

**DECLARATION OF MATTHEW THOMAS HARVEY IN SUPPORT OF ALTERNATIVE RULE 4(a)(5) MOTION**

I, Matthew Thomas Harvey, declare as follows:

1. I am the pro se Plaintiff in this action and have personal knowledge of the matters stated here.

2. I was not authorized to file documents through CM/ECF in the District Court. I was therefore required to submit my Rule 59(e) motion in paper form.

3. On August 18, 2026, I completed and served my Motion and Memorandum to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e), together with its exhibits.

4. On August 18, 2026, I caused a package containing that exact completed motion and exhibits to be mailed to the Clerk of Court, United

States District Court for the Northern District of Georgia, 75 Ted Turner Drive SW, Atlanta, Georgia 30303.

5. The package was assigned USPS Tracking No. 9570116147466230267203. The USPS tracking record states that it was delivered at 12:20 p.m. on August 21, 2026, to an agent at the front desk, reception, or mail room in Atlanta, Georgia 30303.

6. The same motion and exhibits were later entered on the docket as Document 77 with an August 24, 2026 filing date. I did not revise, replace, or add to the filing after it was sent.

7. Because USPS showed that the complete Rule 59(e) filing reached the Court on August 21, I reasonably understood that the motion was timely and that the appeal period would run from the order disposing of it.

8. After the docket reflected August 24 rather than August 21, I promptly prepared a motion to correct the filing date and this alternative Rule 4(a)(5) motion.

9. I have not filed a Notice of Appeal at this time. I am filing this alternative motion solely to preserve my ability to file one if the Court does not recognize August 21 as the filing date of Document 77. I did not delay for a tactical reason, and I did not intend to disregard any filing deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 1, 2026.

**Matthew Thomas Harvey**

**EXHIBIT A**
**USPS Tracking Record**
**Tracking No. 9570116147466230267203**
**Delivery Recorded August 21, 2026 at 12:20 p.m.**

**ALERT: IMPACTS FROM WILDFIRES IN NEVADA AND TEXAS MAY DELAY FINAL DELIVERY OF ...**

# USPS Tracking®

FAQs >

Remove ✕

Tracking Number:

**9570116147466230267203**

Copy Add to Informed Delivery

**Scheduled Delivery by**

**FRIDAY**

**21** August 2026 ⓘ

by

**6:00PM** ⓘ

Feedback

Your item has been delivered to an agent at the front desk, reception, or mail room at 12:20 pm on August 21, 2026 in ATLANTA, GA 30303.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered to Agent**

**Delivered to Agent, Front Desk/Reception/Mail Room**

ATLANTA, GA 30303
August 21, 2026 12:20 PM

See All Tracking History

What Do USPS Tracking Statuses Mean?

**Text & Email Updates**

**Proof of Delivery**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br><br>Plaintiff,<br><br>v.<br><br>CLAIRE M. HARVEY, et al.,<br><br>Defendants. | **CIVIL ACTION NO.**<br>**1:25-cv-04688-JPB** |

**[PROPOSED] ORDER**

The Court has considered Plaintiff's Alternative Motion for Extension of Time to File Notice of Appeal Under Federal Rule of Appellate Procedure 4(a)(5). Plaintiff's primary position, presented in a separate motion, is that Document 77 was timely filed on August 21, 2026 and therefore reset the appeal period under Rule 4(a)(4)(A)(iv). This Order provides alternative relief only if Document 77 is not deemed timely filed.

The record shows that Plaintiff completed and served Document 77 on August 18, 2026; USPS recorded delivery to an agent at the front desk, reception, or mail room at the Clerk's designated courthouse address at 12:20 p.m. on August 21, 2026; and the Clerk later entered the paper on August 24, 2026. Plaintiff promptly sought correction and filed this alternative motion. Defendants had actual notice of the post-judgment challenge, the delay was

minimal, the circumstances arose from paper-delivery and docket-processing uncertainty, and Plaintiff acted in good faith.

Accordingly, Plaintiff's Motion is **RESOLVED** as follows:

1. If Document 77 is deemed timely filed on August 21, 2026, Plaintiff's Alternative Motion for Extension of Time is **DENIED AS MOOT**.
2. If Document 77 is not deemed timely filed on August 21, 2026, Plaintiff's Motion is **GRANTED**, and Plaintiff's time to file a notice of appeal from the July 24, 2026 Order and Judgment is **EXTENDED** to the later of September 23, 2026, or fourteen days after entry of this Order.
3. Any notice of appeal filed by Plaintiff within that extended period shall be deemed timely. Nothing in this Order determines the merits of Document 77 or the separate motion to correct its filing date.

**SO ORDERED** this ____ day of ____________, 2026.

______________________________

**J. P. BOULEE**
**UNITED STATES DISTRICT JUDGE**

Clerk of Court
United States District Court
Northern District of Georgia
Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303

September 1, 2026

**Re: Harvey v. Harvey, et al., No. 1:25-cv-04688-JPB**

Dear Clerk of Court:

Please docket the two enclosed motions as separate filings. The proposed order for each motion follows the motion to which it relates:

1. *Plaintiff's Time-Sensitive Motion to Correct Filing Date of Document 77 and Deem Rule 59(e) Motion Timely Filed*, with supporting declaration and Exhibit A, along with the *Proposed Order* concerning the same; and
2. *Plaintiff's Alternative Motion for Extension of Time to File Notice of Appeal Under Federal Rule of Appellate Procedure 4(a)(5)*, with supporting declaration and Exhibit A, along with the *Proposed Order* concerning the same.

No Notice of Appeal is enclosed. The Rule 4(a)(5) motion seeks only a contingent extension if the Court does not deem Document 77 timely filed. Plaintiff will file any Notice of Appeal separately if and when required.

Because these papers concern the timeliness of the pending Rule 59(e) motion and preservation of a contingent appellate extension, I respectfully request prompt docketing and date-stamping upon receipt. Thank you for your assistance.

Respectfully submitted,
**Matthew Thomas Harvey**
Plaintiff, pro se

PRIORITY® MAIL

VISIT US AT USPS.COM®
Label 108A, Nov 2018

United States Postal Service®

UNITED STATES POSTAL SERVICE. Click-N-Ship®

P

usps.com
$11.12
US POSTAGE

9405 5301 0935 5413 7954 08 0111 2001 0003 0303

U.S. POSTAGE PAID

09/01/2026
1 lb 0 oz

Mailed from 31701 235951000521707

PRIORITY MAIL®

MATTHEW HARVEY
501 N SLAPPEY BLVD PMB 1112
ALBANY GA 31701-1409

Created 2026-09-01
Flat Rate Envelope
RDC 03

C039

SEP 04 2026

CLEARED DATE
SEP 04 2026
U.S. Marshals Service
Atlanta, GA 30303

U.S. DISTRICT COURT, NORTHERN DISTRICT
CLERK OF COURT
75 TED TURNER DR SW
ATLANTA GA 30303-3315

USPS TRACKING #

9405 5301 0935 5413 7954 08

This product is for use with Priority Mail®.
Misuse may be a violation of federal law.
This label is not for resale.

PRIORITY MAIL