FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 04 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br><br>Plaintiff,<br><br>v.<br><br>CLAIRE M. HARVEY, et al.,<br><br>Defendants. | **CIVIL ACTION NO. 1:25-cv-04688-JPB** |

**PLAINTIFF'S ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL UNDER FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(5)**

Plaintiff Matthew Thomas Harvey, proceeding pro se, respectfully moves, strictly in the alternative and without conceding that his Rule 59(e) motion was untimely, for an extension of time under Federal Rule of Appellate Procedure 4(a)(5). Plaintiff's primary position is that Document 77 was timely filed when it was delivered to the Clerk on August 21, 2026 and therefore reset the appeal period under Rule 4(a)(4)(A)(iv). Plaintiff simultaneously moves to correct the docket or deem Document 77 timely. Plaintiff has not filed a Notice of Appeal at this time. This motion asks the Court only to preserve an alternative extension if the Court declines to recognize the August 21 filing date.

## I. RELEVANT PROCEDURAL FACTS

1. The Court entered its dismissal Order and separate final Judgment on July 24, 2026. [Docs. 73, 74].

2. Under Federal Rule of Appellate Procedure 4(a)(1)(A), the ordinary thirty-day appeal period ended on Monday, August 24, 2026, because the thirtieth day fell on Sunday, August 23. See Fed. R. App. P. 26(a)(1)(C).

3. A timely Rule 59(e) motion resets the appeal period under Rule 4(a)(4)(A)(iv). The twenty-eighth day after the July 24 Judgment was Friday, August 21, 2026.

4. Plaintiff was not authorized to file through CM/ECF. The Court denied his requests for electronic-filing access in the July 24 Order. [Doc. 73 at 10-12]. Plaintiff therefore had to submit Document 77 in paper form.

5. Plaintiff completed and served the exact Rule 59(e) motion and exhibits on August 18, 2026. [Doc. 77 at 26]. He caused that same paper filing to be mailed to the Clerk at 75 Ted Turner Drive SW, Atlanta, Georgia 30303, under USPS Tracking No. 9570116147466230267203.

6. USPS records show that the package was delivered at 12:20 p.m. on Friday, August 21, 2026, to an agent at the front desk, reception, or mail room in Atlanta, Georgia 30303. See Declaration of Matthew Thomas Harvey and Exhibit A.

7. The paper was later stamped and entered on CM/ECF as Document 77 on Monday, August 24, 2026. [Doc. 77 at 1]. The Court has previously

recognized that the Clerk can experience delays in docketing physically filed papers and has distinguished submission to the Clerk from later docket appearance. [Doc. 73 at 7].

8. Plaintiff promptly prepared a motion to correct the filing date or deem Document 77 timely and this alternative Rule 4(a)(5) motion after the docket reflected August 24 rather than August 21.

9. Defendant Oppenheimer filed a substantive opposition to Document 77 on August 26, 2026. [Doc. 78]. Thus, the opposing parties had actual notice that Plaintiff was challenging the July 24 Judgment and cannot claim surprise if Plaintiff later files a notice of appeal within a court-authorized extension.

## II. GOVERNING STANDARD

Rule 4(a)(5)(A) authorizes the District Court to extend the time to file a notice of appeal when a party moves no later than thirty days after the prescribed appeal period expires and shows excusable neglect or good cause. This motion falls within that thirty-day period. Rule 4(a)(5)(C) permits an extension to the later of thirty days after the original appeal deadline or fourteen days after entry of the order granting the motion.

Excusable neglect is an equitable determination based on all relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the

reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993); Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996). The Eleventh Circuit applies that framework to Rule 4(a)(5). Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322, 1324-25 (11th Cir. 1996).

## III. GOOD CAUSE EXISTS BECAUSE PLAINTIFF TIMELY DELIVERED THE POST-JUDGMENT MOTION AND COULD NOT CONTROL INTERNAL PAPER-FILING PROCESSING

Plaintiff did not ignore the governing deadlines. He completed and served Document 77 three days before the Rule 59(e) deadline and used tracked delivery to ensure that the paper reached the Clerk's designated courthouse address on August 21. USPS then recorded acceptance by the destination's front desk, reception, or mail-room agent at 12:20 p.m. Any gap between that documented receipt and the August 24 stamp resulted from the processing of a paper filing after it reached the courthouse, a matter outside Plaintiff's reasonable control.

Plaintiff's inability to use CM/ECF is also material. Had electronic filing been available, the submission time would have been fixed automatically. Instead, Plaintiff was required to file in paper form, leaving internal receipt, routing, stamping, scanning, and docket-entry steps outside his control. The Court itself has recognized that physically filed papers may

appear on the docket later than their submission to the Clerk. [Doc. 73 at 7]. These circumstances establish good cause for a contingent extension if the Court does not grant the filing-date correction.

## IV. THE PIONEER FACTORS ALSO ESTABLISH EXCUSABLE NEGLECT

### A. No prejudice.

Defendants were served with Document 77 on August 18, knew that Plaintiff was challenging the final judgment, and Oppenheimer filed a merits opposition on August 26. [Doc. 78]. A contingent extension merely preserves Plaintiff's ability to file a notice of appeal if necessary and causes no cognizable prejudice.

### B. Minimal delay and no disruption.

The apparent discrepancy is only three calendar days: USPS recorded delivery on Friday, August 21, and the Clerk entered Document 77 on Monday, August 24. Plaintiff acted immediately after the discrepancy became apparent and submits this motion near the beginning of Rule 4(a)(5)'s thirty-day window. The Rule 59(e) motion is already pending, so preserving the possibility of a later notice of appeal within an authorized extension does not disrupt merits proceedings.

### C. The reason was a factual and administrative uncertainty, not disregard of clear law.

Plaintiff correctly understood that a nonelectronic paper is filed by delivery to the Clerk under Rule 5(d)(2)(A), and he obtained proof of delivery on the final Rule 59(e) day. He therefore reasonably understood that Rule 4(a)(4) had reset the appeal period. This is not the mistake-of-law problem rejected in Advanced Estimating System, Inc. v. Riney, 130 F.3d 996, 998-99 (11th Cir. 1997). It is a delivery and clerk-processing issue supported by objective tracking evidence.

**D. Good faith.**

Plaintiff took affirmative steps before every relevant deadline, preserved tracking evidence, served all counsel, and promptly sought correction and alternative appellate protection. There was no attempt to obtain a tactical advantage or delay the proceedings.

Taken together, the complete absence of prejudice, the very short delay, the objective reason for the uncertainty, and Plaintiff's prompt good-faith response strongly favor relief under Rule 4(a)(5). See Cheney, 71 F.3d at 850.

## V. THIS MOTION IS STRICTLY ALTERNATIVE AND DOES NOT CONCEDE THAT DOCUMENT 77 WAS LATE

The Court need not grant this motion if it corrects the docket or deems Document 77 timely filed on August 21. In that event, Rule 4(a)(4)(A)(iv) controls and the time to appeal will run from the order disposing of Document 77. If the Court does not recognize the August 21 filing date, this alternative

request prevents an administrative date discrepancy from forfeiting appellate review. Plaintiff respectfully requests that the Court hold this motion in abeyance until it resolves the filing-date motion, or grant the requested extension if relief becomes necessary.

## VI. RELIEF REQUESTED

A. Hold this motion in abeyance pending resolution of Plaintiff's motion to correct the filing date of Document 77;

B. If Document 77 is deemed timely filed on August 21, 2026, deny this motion as moot;

C. If Document 77 is not deemed timely filed on August 21, 2026, extend Plaintiff's time to file a notice of appeal to the later of September 23, 2026, or fourteen days after entry of the order granting this motion, as permitted by Rule 4(a)(5)(C);

D. Provide that any notice of appeal filed within the extended period will be timely; and

E. Grant such other and further relief as is just and proper.

Respectfully submitted this 1st day of September, 2026.

*<u>/s/ Matthew Thomas Harvey</u>*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, a true and correct copy of the foregoing *Plaintiff's Alternative Motion for Extension of Time to File Notice of Appeal Under Federal Rule of Appellate Procedure 4(a)(5)*, together with its supporting declaration and exhibit, was served by electronic mail upon all counsel of record as follows:

- Noah Green, counsel for Claire M. Harvey - ngreen@henefeldgreen.com
- Christine L. Mast and Jamie McDowell, counsel for Kessler & Solomiany, LLC; Stefanie S. Potter; and Molly Y. Teplitzky - cmast@hpylaw.com; jmcdowell@hpylaw.com
- Courtney B. Walker and Tia M. Brown, counsel for Kim C. Oppenheimer - cwalker@hallboothsmith.com; tbrown@hallboothsmith.com
- James R. Doyle, II, counsel for Brandy J. Daswani - james.doyle@lewisbrisbois.com

Respectfully submitted this 1st day of September, 2026.

*/s/ Matthew Thomas Harvey*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 04 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br>Plaintiff,<br>v.<br>CLAIRE M. HARVEY, et al.,<br>Defendants. | **CIVIL ACTION NO.**<br>**1:25-cv-04688-JPB** |

**DECLARATION OF MATTHEW THOMAS HARVEY IN SUPPORT OF ALTERNATIVE RULE 4(a)(5) MOTION**

I, Matthew Thomas Harvey, declare as follows:

1. I am the pro se Plaintiff in this action and have personal knowledge of the matters stated here.

2. I was not authorized to file documents through CM/ECF in the District Court. I was therefore required to submit my Rule 59(e) motion in paper form.

3. On August 18, 2026, I completed and served my Motion and Memorandum to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e), together with its exhibits.

4. On August 18, 2026, I caused a package containing that exact completed motion and exhibits to be mailed to the Clerk of Court, United

States District Court for the Northern District of Georgia, 75 Ted Turner Drive SW, Atlanta, Georgia 30303.

5. The package was assigned USPS Tracking No. 9570116147466230267203. The USPS tracking record states that it was delivered at 12:20 p.m. on August 21, 2026, to an agent at the front desk, reception, or mail room in Atlanta, Georgia 30303.

6. The same motion and exhibits were later entered on the docket as Document 77 with an August 24, 2026 filing date. I did not revise, replace, or add to the filing after it was sent.

7. Because USPS showed that the complete Rule 59(e) filing reached the Court on August 21, I reasonably understood that the motion was timely and that the appeal period would run from the order disposing of it.

8. After the docket reflected August 24 rather than August 21, I promptly prepared a motion to correct the filing date and this alternative Rule 4(a)(5) motion.

9. I have not filed a Notice of Appeal at this time. I am filing this alternative motion solely to preserve my ability to file one if the Court does not recognize August 21 as the filing date of Document 77. I did not delay for a tactical reason, and I did not intend to disregard any filing deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 1, 2026.

**Matthew Thomas Harvey**

**EXHIBIT A**
**USPS Tracking Record**
**Tracking No. 9570116147466230267203**
**Delivery Recorded August 21, 2026 at 12:20 p.m.**

ALERT: IMPACTS FROM WILDFIRES IN NEVADA AND TEXAS MAY DELAY FINAL DELIVERY OF ...

# USPS Tracking®

FAQs >

Tracking Number:

Remove ×

**95701161474662302672 03**

Copy    Add to Informed Delivery

**Scheduled Delivery by**

**FRIDAY**

**21** August 2026 ⓘ by **6:00PM** ⓘ

Your item has been delivered to an agent at the front desk, reception, or mail room at 12:20 pm on August 21, 2026 in ATLANTA, GA 30303.

Feedback

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered to Agent**

**Delivered to Agent, Front Desk/Reception/Mail Room**

ATLANTA, GA 30303
August 21, 2026 12:20 PM

See All Tracking History

What Do USPS Tracking Statuses Mean?

**Text & Email Updates**

**Proof of Delivery**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br>Plaintiff,<br>v.<br>CLAIRE M. HARVEY, et al.,<br>Defendants. | **CIVIL ACTION NO. 1:25-cv-04688-JPB** |

**[PROPOSED] ORDER**

The Court has considered Plaintiff's Alternative Motion for Extension of Time to File Notice of Appeal Under Federal Rule of Appellate Procedure 4(a)(5). Plaintiff's primary position, presented in a separate motion, is that Document 77 was timely filed on August 21, 2026 and therefore reset the appeal period under Rule 4(a)(4)(A)(iv). This Order provides alternative relief only if Document 77 is not deemed timely filed.

The record shows that Plaintiff completed and served Document 77 on August 18, 2026; USPS recorded delivery to an agent at the front desk, reception, or mail room at the Clerk's designated courthouse address at 12:20 p.m. on August 21, 2026; and the Clerk later entered the paper on August 24, 2026. Plaintiff promptly sought correction and filed this alternative motion. Defendants had actual notice of the post-judgment challenge, the delay was

minimal, the circumstances arose from paper-delivery and docket-processing uncertainty, and Plaintiff acted in good faith.

Accordingly, Plaintiff's Motion is **RESOLVED** as follows:

1. If Document 77 is deemed timely filed on August 21, 2026, Plaintiff's Alternative Motion for Extension of Time is **DENIED AS MOOT**.
2. If Document 77 is not deemed timely filed on August 21, 2026, Plaintiff's Motion is **GRANTED**, and Plaintiff's time to file a notice of appeal from the July 24, 2026 Order and Judgment is **EXTENDED** to the later of September 23, 2026, or fourteen days after entry of this Order.
3. Any notice of appeal filed by Plaintiff within that extended period shall be deemed timely. Nothing in this Order determines the merits of Document 77 or the separate motion to correct its filing date.

**SO ORDERED** this ____ day of ____________, 2026.

______________________________

**J. P. BOULEE**
**UNITED STATES DISTRICT JUDGE**

Clerk of Court
United States District Court
Northern District of Georgia
Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303

September 1, 2026

**Re: Harvey v. Harvey, et al., No. 1:25-cv-04688-JPB**

Dear Clerk of Court:

Please docket the two enclosed motions as separate filings. The proposed order for each motion follows the motion to which it relates:

1. *Plaintiff's Time-Sensitive Motion to Correct Filing Date of Document 77 and Deem Rule 59(e) Motion Timely Filed*, with supporting declaration and Exhibit A, along with the *Proposed Order* concerning the same; and
2. *Plaintiff's Alternative Motion for Extension of Time to File Notice of Appeal Under Federal Rule of Appellate Procedure 4(a)(5)*, with supporting declaration and Exhibit A, along with the *Proposed Order* concerning the same.

No Notice of Appeal is enclosed. The Rule 4(a)(5) motion seeks only a contingent extension if the Court does not deem Document 77 timely filed. Plaintiff will file any Notice of Appeal separately if and when required.

Because these papers concern the timeliness of the pending Rule 59(e) motion and preservation of a contingent appellate extension, I respectfully request prompt docketing and date-stamping upon receipt. Thank you for your assistance.

Respectfully submitted,
**Matthew Thomas Harvey**
Plaintiff, pro se

PRIORITY® MAIL

VISIT US AT USPS.COM®
Label 106A, Nov 2018

*United States Postal Service®*

UNITED STATES POSTAL SERVICE. Click-N-Ship®

P

usps.com
$11.12
US POSTAGE

9406 5301 0935 5413 7954 08 0111 2001 0003 0303

U.S. POSTAGE PAID

09/01/2026
1 lb 0 oz

Mailed from 31701 235951000521707

PRIORITY MAIL®

MATTHEW HARVEY
501 N SLAPPEY BLVD PMB 1112
ALBANY GA 31701-1409

Created 2026-09-01
Flat Rate Envelope
RDC 03
C039

CLEARED DATE

U.S. Marshals Service
Atlanta, GA 30303

SEP 04 2026

U.S. DISTRICT COURT, NORTHERN DISTRICT
CLERK OF COURT
75 TED TURNER DR SW
ATLANTA GA 30303-3315

USPS TRACKING #

9405 5301 0935 5413 7954 08

This product is for use with Priority Mail®.
Misuse may be a violation of federal law.
This label is not for resale.

PRIORITY MAIL