FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 14 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MATTHEW THOMAS HARVEY,
Plaintiff,

v.

CLAIRE M. HARVEY, et al.,
Defendants.

CIVIL ACTION NO.
1:25-cv-04688-JPB

# PLAINTIFF'S CONSOLIDATED REPLY IN SUPPORT OF HIS RULE 59(e) MOTION [DOC. 77]

Plaintiff Matthew Thomas Harvey respectfully replies to Documents 78 through 82. The motion identifies errors in the legal standards governing joint action, functional immunity, and the scope of a jurisdictional dismissal. It does not depend on treating every exhibit as newly discovered evidence. Nor does it ask the Court to adjudicate other families' disputes or assume that a constitutional violation automatically defeats immunity.

Plaintiff maintains that Document 77 was timely delivered on August 21, 2026. His separately submitted filing-date and alternative Rule 4(a)(5) motions address that question. This reply does not replace Document 77, enlarge Rule 59(e)'s deadline, or independently suspend an appellate deadline. Newly identified nonparty material is addressed in a separate motion for leave,

not introduced here as an unannounced evidentiary supplement. This reply is complete without, and does not depend upon, the Court granting the separately submitted motion for leave to supplement.

## I. THE REQUESTED CORRECTION IS NOT MERELY A REQUEST TO IMPROVE AN UNSUCCESSFUL PLEADING

Plaintiff accepts the Rule 59(e) standard stated in Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007), and Jacobs v. Tempur-Pedic International, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). Previously available material cannot be relabeled newly discovered simply because a party now appreciates its significance. The manifest-error branch remains distinct, however. The challenged order expressly conditioned joint action "in this context" on bribery and entered a with-prejudice judgment encompassing claims dismissed for lack of jurisdiction. [Doc. 73 at 15, 18–21; Doc. 74]. Those are identifiable legal issues, not simply disagreement with a factual outcome.

Oppenheimer herself recognizes that Rule 15 standards bear on a request for post-judgment amendment through Rule 59(e). [Doc. 78 at 7 n.3 (citing Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988))]. Plaintiff does not contend that Rule 15, standing alone, reopens a final judgment. See Jacobs, 626 F.3d at 1344–45. He requests correction of the identified errors first and reconsideration of futility under the correct standards. Foman v.

Davis, 371 U.S. 178, 182 (1962), does not guarantee another amendment; it requires a proper reason for denying one.

Defendants correctly point out that their original dismissal motions raised state action, immunity, and limitations before the first amendment. Plaintiff does not deny that notice or claim an unlimited right to replead. The narrower question is whether the particular facts proffered in Document 77 were assessed under an unduly restrictive joint-action rule, and whether a claim-specific amendment remains possible. David Johnson Construction Co., Inc. v. Clearing Consulting, Inc., No. 17-13380, slip op. at 6–8 (11th Cir. Jan. 16, 2018) (unpublished), does not eliminate reconsideration for an actual legal error merely because a plaintiff also seeks amendment.

## II. DENNIS DOES NOT MAKE BRIBERY INDISPENSABLE IN DOMESTIC-RELATIONS LITIGATION

The Order stated that, for joint action to work here, Plaintiff would have to allege that an official act was the product of a conspiracy involving bribery of the judge. [Doc. 73 at 18–19]. The Kessler Defendants deny that the Order imposed a bribery requirement, yet defend precisely such a requirement for cases involving private attorneys and court-appointed professionals in domestic-relations proceedings. [Doc. 82 at 4]. That formulation mistakes the facts of Dennis for a universal element.

Dennis v. Sparks, 449 U.S. 24, 27–29 (1980), recognizes potential liability of private persons jointly engaged with state officials in challenged conduct, even when the judge is immune. Bribery was the alleged mechanism in Dennis; it is not the only possible mechanism of willful joint participation. Lugar v. Edmondson Oil Co., 457 U.S. 922, 941–42 (1982), likewise addresses joint participation without making a bribe an indispensable allegation. Neither principle creates a special exclusion for a case originating in a divorce.

Plaintiff also accepts the limiting principle: winning in court, filing motions, supplying information, private misuse of legal procedures, and ordinary attorney representation do not, without more, establish state action. Dennis, 449 U.S. at 28; Lugar, 457 U.S. at 939–41 & n.21. Specific facts supporting joint participation are required. The Court's alternative conclusion that the FAC was conclusory must therefore be reconsidered on its own terms; removing the bribery requirement does not by itself establish every proposed claim.

Document 77 offers more than the sequence "opponent requested relief; judge granted it." The FAC alleged that the presiding judge sought criminal charges while the custody dispute was pending. [Doc. 44 ¶ 38]. The proffer identifies Detective Rohan's sworn account of a request for investigation and follow-up, an unusual referral through a supervisor to the District Attorney's Office, a meeting there with a prosecutor, Claire, and Potter, provision of civil-

case materials, and a warrant application that afternoon or the next day. [Doc. 77 at 7–8 & Ex. C; id., Ex. A at 5–6].

That chronology is offered as a factual basis for an inference of coordinated action, not conclusive proof of an agreement. Rohan's uncertainty about the precise communication route remains part of the proffer. Reporting a suspected offense or referring a matter for neutral investigation can be lawful. The question is whether the pleaded circumstances, taken together with the allegedly coordinated use of medical information and criminal restrictions, plausibly support a different inference. Absence of a bribe cannot decide that question.

## III. FRAUDULENT INDUCEMENT DOES NOT ESTABLISH THAT THE OFFICIALS' OWN CONDUCT WAS LAWFUL

Plaintiff's allegation that Daswani and Potter supplied false or misleading information does not concede that Brown, Marbutt, or Gore acted constitutionally. Private deception and an official's independently unlawful use of state power can coexist. Each participant's conduct, knowledge where required, causal contribution, and applicable defense must be assessed separately. Alternative allegations concerning what particular officials knew are permissible, but knowing agreement cannot be inferred solely from the fact that an official was deceived. Fed. R. Civ. P. 8(d)(2)–(3).

Three questions must remain separate: whether a constitutionally protected right was violated; whether private conduct is fairly attributable to the State; and whether a particular defendant is immune from the remedy sought. Immunity can bar damages for unlawful conduct without making that conduct lawful or erasing its potential relevance to a claim against a nonimmune participant. Dennis, 449 U.S. at 27–29. Conversely, proving that a private participant lied does not establish every element of a claim against an official.

Plaintiff does not equate "unconstitutional," "ultra vires," or "in excess of authority" with "nonjudicial." Judicial acts ordinarily remain protected even when alleged to be malicious, procedurally defective, or in excess of authority. The exceptions concern a nonjudicial act or an act taken in the clear absence of all jurisdiction, not merely a wrong ruling. Mireles v. Waco, 502 U.S. 9, 11–13 (1991); Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). Prosecutorial advocacy likewise requires analysis under Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976), while genuinely investigative functions require a different analysis under Buckley v. Fitzsimmons, 509 U.S. 259, 269–78 (1993).

Document 81 overstates the proposed reinstatement. The existing proffer identifies Marbutt only conditionally, for an alleged nonjudicial investigative act. It identifies Brown and Gore principally as state participants, without necessarily naming them for damages where immunity

applies. [Doc. 77, Ex. A at 2, 15–16]. This reply neither re-adds those individuals nor asks for automatic reinstatement. Whether a judge merely referred information or actually undertook an investigative function must be decided from specific facts, not the official's title or Plaintiff's characterization. A refusal to reinstate one official also would not dispose of independently viable claims against remaining defendants.

## IV. THE IMMUNITY INQUIRY MUST ADDRESS THE CONDUCT ACTUALLY ALLEGED AND PROFFERED

The Order properly recognized a functional limitation, but described the alleged conduct as interviews and communications among participants and concluded there was "no allegation" of action beyond authorized responsibilities. [Doc. 73 at 16]. The FAC also alleged the disclosure and strategic use of confidential material in a private pre-hearing process, furtherance of an allegedly false narrative, and Daswani's role in the criminal monitoring conditions. [Doc. 44 ¶¶ 31–32, 45–48]. A label such as "communication" does not resolve the function served by every such act.

The inquiry turns on the nature of the function performed, not the official's title or an allegation that the conduct was wrongful. Forrester v. White, 484 U.S. 219, 227–29 (1988). Quasi-judicial immunity likewise calls for a functional analysis of acts in relation to the judicial process and within the official's authority. Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994).

Plaintiff recognizes that alleged bias, an incomplete investigation, or an ethical breach does not itself remove an otherwise protected function from immunity. He requests separate assessment of the supported allegations of criminal-process participation and dissemination or coordination serving a function different from the appointed evaluative role.

The April 14 bond record and January correspondence supply the particularity for the proposed distinction involving Daswani. The proffer identifies her protected-person status, affidavit concerning modification of state protections, communications about agreement and participation, and criminal counsel's account of her involvement in the bond process. [Doc. 77 at 10–13 & Exs. D, J]. The transcript does not prove she personally dictated every bond condition. Plaintiff asks that the narrower factual proffer be evaluated rather than subsumed into a categorical description of GAL work.

Oppenheimer makes a separate, demonstrable misreading. The proffer states that her testimony "would be evidence of prior acts, not the sole actionable wrong." [Doc. 77, Ex. A at 16]. Her response treats that sentence as an admission that she committed no actionable wrong. [Doc. 78 at 9]. The sentence makes no such admission. To avoid any ambiguity, Plaintiff seeks no damages for protected testimony or protected preparation for it, and does not seek to evade witness immunity by relabeling that same activity a conspiracy. See Rehberg v. Paulk, 566 U.S. 356, 369–70 & n.1 (2012). Any amended claim

must rest on independently actionable conduct and a cognizable causal injury, not merely a witness's unfavorable opinion.

These limitations matter to Oppenheimer as well as Daswani. The fact that no report was furnished, that the evaluation was disputed, or that conclusions preceded testimony does not automatically place the conduct outside quasi-judicial immunity. Nor does evidence of a similar practice in another case automatically do so. Plaintiff seeks consideration of a precise amendment, not discovery as an entitlement before a legally sufficient claim is pleaded.

## V. LIMITATIONS AND PROPOSED ALTERNATIVE COUNTS REQUIRE A CLAIM-SPECIFIC ASSESSMENT

Oppenheimer and the Kessler Defendants invoke limitations as an alternative reason to find futility. [Doc. 78 at 9; Doc. 82 at 8]. The July Order did not adjudicate that defense. For conduct in 2020–2022, Plaintiff relies on applicable tolling, not on ignoring his May 2022 reimbursement demand or July 2022 state-court filing. [Doc. 75-1; Doc. 1 ¶ 75]. Later discovery of additional witnesses does not automatically restart accrual; continuing consequences do not automatically create a continuing violation.

Section 1983 borrows the applicable state limitations period and coordinate tolling rules, subject to federal law governing accrual and consistency. Board of Regents v. Tomanio, 446 U.S. 478, 483–86 (1980); Hardin

v. Straub, 490 U.S. 536, 539 (1989). The amendment would particularize the tolling position already raised in Document 44 ¶ 5 and Document 53 at 21–23, identifying relevant periods and actual functional impairment or concealment. Diagnoses and fear alone are not enough. The inquiry should consider the other filings and the alleged impairment together, rather than treating either as automatically dispositive.

The FAC also identifies distinct enforcement-related events in September 2023, November and December 2024, and March and May 2025. [Doc. 44 ¶¶ 57, 60–64]. Their existence does not establish a constitutional claim or attribute those acts to every earlier participant, but the entire proposed amendment cannot be treated as conduct completed in 2022. Plaintiff requests a defendant-by-defendant and injury-by-injury assessment, with narrower leave if only some claims can survive. The proposed § 1985 theories likewise are not a substitute for factual agreement, the applicable class-based discriminatory purpose, or the remaining statutory elements. Reopening a viable § 1983 claim need not depend on acceptance of every alternative count in the proffer.

## VI. THE JURISDICTIONAL PORTIONS MUST BE DISMISSED WITHOUT PREJUDICE EVEN IF THE MERITS REMAIN CLOSED

Document 73 dismissed portions of Counts VII and VIII under Rooker-Feldman. [Doc. 73 at 15]. The separate judgment nevertheless dismisses the

entire action with prejudice. [Doc. 74]. A dismissal for lack of subject-matter jurisdiction is without prejudice. Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). The Kessler Defendants acknowledge the narrow scope of this correction rather than identify a basis for a merits adjudication of claims outside jurisdiction. [Doc. 82 at 8–9].

Plaintiff agrees that this correction alone would not reopen the remaining merits claims. It is nevertheless required independently of the broader relief. The amended judgment should distinguish the jurisdictional portions from any claims dismissed on the merits. The proposed amendment seeks no adjudication changing custody, nullifying a state order, or invalidating Plaintiff's plea. Any surviving claim remains subject to its own jurisdictional, abstention, immunity, limitations, and pleading analysis. The prior recusal objection is preserved without being presented as a new basis for this reply.

## CONCLUSION

Plaintiff respectfully requests that the Court resolve the separately submitted filing-date issue; grant Document 77 to the extent the identified legal errors warrant vacatur; and allow thirty days to file a focused amended complaint, with narrower leave if appropriate. At minimum, the Court should amend the judgment to specify that the portions dismissed for lack of subject-

matter jurisdiction are dismissed without prejudice. Plaintiff requests no fee award against an opponent through this reply.

Respectfully submitted this 9th day of September, 2026.

*/s/ Matthew Thomas Harvey*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

## CERTIFICATE OF SERVICE

I certify that on September 9, 2026, I caused a true and correct copy of *Plaintiff's Consolidated Reply in Support of His Rule 59(e) Motion [Doc. 77]*, to be served by electronic mail upon all counsel of record as follows:

**Noah Green — Counsel for Claire M. Harvey**

Henefeld & Green, P.C.
2480 Briarcliff Road NE, Suite 6-328
Atlanta, Georgia 30329
ngreen@henefeldgreen.com

**Christine L. Mast and Jamie McDowell — Counsel for the Kessler Defendants**

Hawkins Parnell & Young, LLP
303 Peachtree Street NE, Suite 4000
Atlanta, Georgia 30308-3243
cmast@hpylaw.com; jmcdowell@hpylaw.com

**Courtney B. Walker and Tia Brown — Counsel for Kim C. Oppenheimer**

Hall Booth Smith, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
cwalker@hallboothsmith.com; tbrown@hallboothsmith.com

**James R. Doyle — Counsel for Brandy J. Daswani**

Lewis Brisbois Bisgaard & Smith LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
james.doyle@lewisbrisbois.com

**William L. Tomlin — Counsel submitting Document 81**

Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334-1300
wtomlin@law.ga.gov

Respectfully submitted this 9th day of September, 2026.

*/s/ Matthew Thomas Harvey*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299