FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 14 2026

KEVIN P. WEIMER, Clerk
By: GW Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MATTHEW THOMAS HARVEY,
Plaintiff,

v.

CLAIRE M. HARVEY, et al.,
Defendants.

**CIVIL ACTION NO.**
**1:25-cv-04688-JPB**

# [PROPOSED] PLAINTIFF'S LIMITED SUPPLEMENTAL RESPONSE TO FEE MOTION [DOC. 75] AND REQUEST FOR SERVICE CLARIFICATION

Plaintiff tenders this limited supplemental response with his motion for leave. Document 76 remains his principal opposition to Oppenheimer's fee request. This submission does not withdraw that response or claim that the dismissal Order has already been vacated. It addresses the recent opposition to post-judgment relief, the limited role of newly identified material, and the distinction between actual email transmission and a certificate describing CM/ECF service.

## I. A DISPUTED IMMUNITY DETERMINATION IS NOT ITSELF A SANCTION FINDING

Document 75 seeks a blanket $19,985 award. Document 76 already addresses the governing Rule 11 and inherent-power standards and the

redaction of the billing narratives. The July Order dismissed on jurisdictional, immunity, and pleading grounds; it did not identify a particular Rule 11 violation or find that every defense expense resulted from bad-faith litigation. [Doc. 73 at 14–21; Doc. 76 at 1–6].

Rule 11 permits nonfrivolous arguments about the scope or development of law, but does not immunize a pro se litigant from an objectively unreasonable filing. The question is the particular paper, its factual and legal basis when presented, and the inquiry reasonably undertaken. Fed. R. Civ. P. 11(b); Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998); Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010). Plaintiff's disagreement with immunity must be evaluated against that standard, not equated with proof of fabrication or harassment.

Document 78 misreads the existing proffer's statement that testimony would not be the sole actionable wrong as an admission that no actionable wrong occurred. [Doc. 78 at 9; Doc. 77, Ex. A at 15–16]. Plaintiff has clarified that protected testimony and its protected preparation are not a damages theory. That clarification narrows the requested relief; it is not a concession that Plaintiff fabricated the underlying events or sued without any factual basis.

## II. LATER-ACQUIRED MATERIAL HAS A LIMITED, NON-RETROACTIVE ROLE

The proposed supplement is declaration-only. It reports Plaintiff's communications and review concerning Parent A, Parent B, Koura's public case, and a Cobb-area attorney's assessment. The motion and declaration quote selected passages from the attorney's email; the complete email, identifying headers, and nonparty source exhibits are not attached. The attorney communication preceded completion of Document 77, while the later parent contacts did not. Plaintiff distinguishes direct review from reported accounts and case-comparison summaries; the other parents are not submitting declarations. These sources explain his present inquiry, not proof that the allegations in this case are true or a retroactive justification for an earlier filing.

The contemporaneous evidence and legal arguments in Document 76 remain the basis for evaluating the earlier papers. The later information identifies concrete questions about evaluator-to-GAL transmission, the use of assessments in requests for restrictions, and access to underlying records. It is offered to explain Plaintiff's present, narrowed request for review, subject to any foundation, hearsay, original-writing, and fairness objections. The Court may reject the proposed amendment without treating the act of seeking leave as inherently sanctionable.

## III. THE JUNE 18 TRANSMISSION IS DIFFERENT FROM SERVICE OF THE FILED PAPERS

Plaintiff received the June 18, 2026 email containing counsel's Rule 11 letter and proposed fee motion, and responded that day. He does not contend that only a warning letter was sent or that he never received a proposed sanctions motion. Any safe-harbor issue must be assessed from the actual served motion and communications, not inferred from the later service certificates.

The filed motion and Oppenheimer's opposition to Document 77 contain certificates describing service through the Court's electronic system. [Doc. 75 at 13; Doc. 78 at 12]. The case-specific Standing Order directs that pro se litigants be served directly and, where an email address is provided, that opposing counsel send copies by email and regular mail. [Doc. 3 at 6, 9–11]. Plaintiff was denied electronic-filing access. [Doc. 73 at 10–12]. Filing privileges and enrollment to receive electronic service are distinct; Plaintiff relies on his stated lack of enrollment, nonreceipt, and the Standing Order—not the denial alone.

Under Rule 5(b)(2)(E), filing through the Court's electronic system serves a registered user; other electronic service requires written consent. An email address in a signature block, receipt of a downloaded copy, or consent to ordinary correspondence does not necessarily establish consent to every

form of electronic service. Conversely, actual written consent must be honored according to its terms. Plaintiff does not seek a ruling that every defendant's service was defective; Documents 79 and 80 expressly describe mailing, and Tomlin emailed Document 81.

Plaintiff obtained copies and filed Document 76, and is submitting a merits reply concerning Document 78. He does not seek to erase those filings, create a default, or treat nonservice alone as requiring denial of fees. He requests that Oppenheimer identify any claimed authorization and the actual method and date of service of Documents 75 and 78, supply direct copies if necessary, and comply with the Standing Order for future submissions. Plaintiff expressly consents prospectively to direct-email service under Rule 5 at mharvey7744@gmail.com. That consent does not dispense with the Standing Order's regular-mail requirement absent a further order, authorize initial process under Rule 4, or retrospectively resolve disputed service.

## IV. NO ADDITIONAL SANCTIONS OR UNTESTABLE FEE AWARD SHOULD BE IMPOSED WITHOUT THE REQUIRED PROCESS

The request for costs in Document 78 does not identify an independent automatic entitlement to fees for responding to Document 77. Any party-initiated Rule 11 sanction must comply with the rule's separate-motion and safe-harbor requirements. A court-initiated sanction or an inherent-power sanction has its own procedural and substantive requirements. Plaintiff

requests notice and an opportunity to respond to any proposed expansion of the sanctionable conduct or fee period. Fed. R. Civ. P. 11(c)(2)–(6); In re Mroz, 65 F.3d 1567, 1575–76 (11th Cir. 1995).

If any monetary sanction is considered, the Court should identify the particular violation and its causal relationship to the recoverable expense. Rule 11(c)(4) limits an award to the deterrent purpose and directly resulting expense; compensatory inherent-power fees require but-for causation. Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108–10 (2017). Privileged billing matter may be protected, but complete narrative redaction cannot substitute for a record permitting a meaningful challenge to reasonableness and allocation.

**RELIEF REQUESTED**

Plaintiff requests denial of Document 75 for the reasons in Document 76 and this permitted supplement. Alternatively, he requests discretionary deferral until disposition of Document 77, followed by consideration of whether any resulting appeal warrants further deferral. No appeal or Rule 59 motion automatically prevents resolution of collateral sanctions. If fees remain under consideration, Plaintiff requests adequate billing descriptions or an appropriate protected disclosure procedure, notice of the proposed sanction basis, and a meaningful opportunity to respond. Plaintiff also

requests the targeted Rule 5 clarification described above, not sanctions against opposing counsel.

Respectfully submitted this 9th day of September, 2026.

*/s/ Matthew Thomas Harvey*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299