FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 14 2026

KEVIN P. WEIMER, Clerk
By: GW Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MATTHEW THOMAS HARVEY,<br>Plaintiff,<br><br>v.<br><br>CLAIRE M. HARVEY, et al.,<br>Defendants. | **CIVIL ACTION NO.**<br>**1:25-cv-04688-JPB** |

**PLAINTIFF'S MOTION FOR LIMITED NONPARTY PRIVACY PROCEDURES FOR DECLARATION-ONLY SUPPLEMENT**

Plaintiff requests limited privacy procedures for his proposed declaration-only supplement to the pending post-judgment and fee submissions. He seeks permission to use Parent A, Parent B, GAL A, GAL B, and "a Cobb-area attorney" as appropriate in describing otherwise identifying sources. No transcript, complete email, matrix, medical record, or identity list is tendered as a source exhibit. The motion and declaration do quote selected passages from the attorney's email. Koura's identified public case is outside the requested anonymity; Plaintiff does not identify the private attorney-email author.

## I. PARTICULAR PRIVACY INTERESTS AND THE LIMITED NATURE OF THE REQUEST

The proposed parent material concerns sensitive mental-health assessments and ongoing or related family litigation involving nonparty children. The parents have expressed fear of retaliation and are not currently willing to sign declarations or be publicly identified in connection with this submission. Plaintiff recounts those expressed concerns in his own declaration; he does not claim that their concern proves a threat by a defendant or independently establishes a right to secrecy.

The source records contain names, case numbers, contact information, and distinctive details that could identify the nonparty families even if visibly redacted. Plaintiff has therefore omitted the source exhibits and describes the parent material with unnecessary identifying details removed. For the attorney communication, Plaintiff quotes selected passages to convey the assessment accurately while omitting the complete email, sender's name, signature, firm, subject line, and contact information. The attorney is not tendered as an expert or as a witness with established firsthand knowledge of the alleged conspiracy.

The request is narrower than sealing the litigation, concealing the parties' identities, or authorizing anonymous trial testimony. Plaintiff's identity, Defendants' identities, the legal arguments, and the substantive

account in his declaration remain public. Adult nonparty names are not claimed to fall automatically within Rule 5.2(a). Any additional protection would be by court order under Rule 5.2(d)–(e) and the Court's authority over its records, not by unilateral designation.

## II. THE COURT SHOULD BALANCE PUBLIC ACCESS, EVIDENTIARY USE, AND FAIR NOTICE

The common-law right of access and the adversary process require a particularized justification and consideration of narrower alternatives. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311–13 (11th Cir. 2001); Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245–46 (11th Cir. 2007). General discomfort, embarrassment, or unsubstantiated fear is not alone sufficient. Plaintiff offers the nonparty status, sensitive family and medical subject matter, limited purpose of the proposed supplement, and tailored nature of the requested redactions for the Court's assessment.

Identifying details or source records may ultimately be necessary for authentication, completeness, or a fair response. Plaintiff does not ask the Court to resolve disputed merits from secret evidence withheld from opposing parties. Anonymous labels and omitted headers do not eliminate identification risk: the exact quotations, their subject matter, or the email's date may permit recognition by someone familiar with the communication.

The requested order preserves case-specific disclosure and allows the Court to consider narrower protections if a more developed showing warrants them.

Quoting or paraphrasing a private attorney communication does not itself adjudicate or preserve attorney-client privilege over disclosed substance. This motion seeks identity-related procedures, not permission to disclose privileged advice selectively without possible consequences or a ruling that omitted related material is immune from disclosure. The Court may require additional context through an appropriate procedure or decline to rely on the quoted assessment if it cannot be fairly tested.

## III. PROPOSED PROTECTIVE PROCEDURE

First, Plaintiff requests permission to use the nonparty labels in the motion and declaration. Selected attorney-email passages are quoted there, but no underlying source exhibit is filed, lodged, or incorporated as an attachment. An unsubmitted source record is not to be deemed filed merely because the declaration refers to or quotes from it.

Second, before requiring identifying information or a source record, Plaintiff requests an order specifying the material needed, the authorized filing or lodging procedure, and permitted recipients. Any initial challenge may identify the disputed paragraph or issue without publicly naming the protected source, subject to the Court's instructions. Plaintiff seeks advance

notice and a reasonable opportunity to address narrower alternatives before public identification.

Third, if adequate authentication or fair response cannot be provided with proportionate protection, Plaintiff requests that the Court decline to rely on the nonessential material rather than infer that anonymous accounts prove misconduct. Any withdrawal or exclusion remains subject to the Court's authority and any independent preservation or disclosure obligation. No promise of permanent anonymity or exemption from lawful discovery is requested.

## RELIEF REQUESTED

Plaintiff requests the limited procedure above and the accompanying proposed order. He does not seek a protective order preventing lawful litigation, an injunction against the state courts, a finding that retaliation has occurred, or indefinite withholding of relevant evidence from an opposing party. The existing Rule 59(e) and fee submissions can be decided on their existing records independently of this motion.

Respectfully submitted this 9th day of September, 2026.

*<u>/s/ Matthew Thomas Harvey</u>*

**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299

## CERTIFICATE OF SERVICE

I certify that on September 9, 2026, I caused a true and correct copy of *Plaintiff's Motion for Limited Nonparty Privacy Procedures for Declaration-Only Supplement* and the accompanying proposed order to be served by electronic mail upon all counsel of record as follows:

**Noah Green — Counsel for Claire M. Harvey**

Henefeld & Green, P.C.
2480 Briarcliff Road NE, Suite 6-328
Atlanta, Georgia 30329
ngreen@henefeldgreen.com

**Christine L. Mast and Jamie McDowell — Counsel for the Kessler Defendants**

Hawkins Parnell & Young, LLP
303 Peachtree Street NE, Suite 4000
Atlanta, Georgia 30308-3243
cmast@hpylaw.com; jmcdowell@hpylaw.com

**Courtney B. Walker and Tia Brown — Counsel for Kim C. Oppenheimer**

Hall Booth Smith, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
cwalker@hallboothsmith.com; tbrown@hallboothsmith.com

**James R. Doyle — Counsel for Brandy J. Daswani**

Lewis Brisbois Bisgaard & Smith LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
james.doyle@lewisbrisbois.com

**William L. Tomlin — Counsel submitting Document 81**

Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334-1300
wtomlin@law.ga.gov

Respectfully submitted this 9th day of September, 2026.

*_/s/ Matthew Thomas Harvey_*
**Matthew Thomas Harvey**
Plaintiff, pro se

c/o 501 North Slappey Boulevard #1112
Albany, Georgia 31701
Mharvey7744@gmail.com
(912) 346-5299