UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MATTHEW THOMAS HARVEY,

Plaintiff,

v.

CLAIRE M. HARVEY, et al.,

Defendants.

CIVIL ACTION NO.
1:25-CV-04688-JPB

**ORDER**

This matter is before the Court on Matthew Thomas Harvey's ("Plaintiff") Motion to Amend Judgment [Doc. 77]; Motion to Correct Filing Date [Doc. 83]; Motion for Extension of Time to File Notice of Appeal [Doc. 84]; and Motion on Limited Nonparty Privacy Procedures [Doc. 88].

Also before the Court is Kim C. Oppenheimer's Motion for Attorney's Fees [Doc. 75]. This Court finds as follows:

**BACKGROUND**

This case began after divorce proceedings in state court between Plaintiff and his ex-wife. Plaintiff initiated this action on August 19, 2025, against his ex-wife, her lawyers, a guardian ad litem, a court-appointed psychologist, state court judges, a district attorney and the governor of Georgia. [Doc. 1]. He alleged that

these various actors conspired to deprive him of his constitutional rights during the divorce proceedings. After motions to dismiss were filed, he amended his complaint and removed some defendants from the action. [Doc. 44]. The remaining parties moved to dismiss the amended complaint, and the Court granted their motions. [Doc. 73].

Following dismissal, one Defendant filed a motion for attorney's fees under Federal Rule of Civil Procedure 11 and the Court's inherent power. [Doc. 75]. Plaintiff opposes that request. [Doc. 76]. For his part, Plaintiff has now filed several motions—chief among them is a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). [Doc. 77]. These motions are now ripe for review.

## DISCUSSION

### I. Motion to Amend Judgment

#### A. Timeliness

A motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Judgment was entered in this case on July 24, 2026. [Doc. 74]. A Rule 59(e) motion was therefore due no later than August 21, 2026.

The docket reflects that Plaintiff's motion was filed on August 24, 2026. [Doc. 77]. Plaintiff has filed, however, a motion requesting that the Court deem his Rule 59(e) motion timely.[1] [Doc. 83]. He attaches a declaration and an exhibit of United States Postal Service records showing that his mailing was delivered to the Clerk's office on August 21, 2026, at 12:20 PM. Under Federal Rule of Civil Procedure 5(d)(2)(A), a paper not filed electronically is filed by "delivering it" to the clerk. Here, it appears the paper was delivered on August 21, 2026, so the Court deems the motion timely filed on that date.[2]

**B. Legal Standard**

"Courts may grant relief under Rule 59(e) . . . only if the moving party clears a high hurdle." Chesnut v. Ethan Allen Retail, Inc., 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014) (citation modified). For alteration to be warranted, there must be "newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Accordingly, a Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have

---

[1] The Court notes that no Defendant responded to this request, so it is deemed unopposed. See LR 7.1(B), NDGa.

[2] Plaintiff also filed a motion to extend the deadline to file an appeal. [Doc. 84]. He requests that relief as an alternative to deeming the Rule 59(e) motion timely filed. Id. Since the Court deems the motion timely filed, this alternative motion is **DENIED** as moot.

been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (citation modified).

Plaintiff also requests leave to amend in his motion. The Eleventh Circuit Court of Appeals has held that the right to amend under Rule 15(a) "terminates" where, as here, the complaint has been dismissed, and final judgment has been entered. Carpenters Pension Fund of Ill. v. MiMedx Grp., Inc. (In re MacPhee), 73 F.4th 1220, 1250 (11th Cir. 2023). Nevertheless, a plaintiff may, under certain circumstances, move for relief under Rules 59(e) or 60(b) "on the basis of proposed amendments even after the action is dismissed and final judgment is entered." Id. (quoting Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, 724 F.2d 1552, 1556 (11th Cir. 1984)). However, post-judgment leave to amend should only be granted if a plaintiff satisfies the standards of Rule 59(e) or Rule 60(b). Id.

**C. Analysis**

Plaintiff's motion raises several arguments that the Court's Order contained manifest errors.[3] The Court considers each argument in turn.

---

[3] Plaintiff has also filed a Motion for Leave to File Supplemental Response [Doc. 87] that refers to a supplemental declaration related to the allegations in his case. That declaration is attached to a separate filing. [Doc. 88-2]. Plaintiff refers to several individuals in the declaration by descriptors rather than their names, and he has filed a motion for permission to refer to them in this way. [Doc. 88]. The Court will consider the

### *1. State Action*

First, the Court dismissed several defendants because they did not engage in state action. Private parties can become state actors if they engage in "joint action" with state officials. This Court found, however, that the Amended Complaint did not plausibly allege joint action. Plaintiff argues that this finding was the result of a legal error, namely that this Court reasoned from Dennis v. Sparks, 449 U.S. 24, 28 (1980), to establish a requirement that there must be bribery of a judge for private parties to engage in joint action with a judge.

This Court's Order did not go so far. While the dismissal order quoted Dennis's description of the allegations in that case, it also noted that there was nothing alleged "like" bribery alleged in this case and that "absent specific allegations *showing a corrupt conspiracy* with the presiding judge," there can be no joint action. [Doc. 73, p. 19] (emphasis added). This "corrupt conspiracy" could be something other than bribery, as Dennis itself indicates. 449 U.S. at 29 ("Private parties who corruptly conspire with a judge . . . are . . . acting under color of state law . . . ."). In short, the Court did not establish a bright-line bribery rule.

---

declaration in ruling on the motion to alter judgment, so the Motion for Leave to File Supplemental Response is **GRANTED** to that extent. It is not clear that Plaintiff needs the Court's permission to refer to individuals in his declaration in this way. Thus, the motion for privacy procedures is **DENIED** as moot.

Instead, it found that the Amended Complaint did not plausibly allege the existence of a corrupt conspiracy sufficient to establish joint action.

Plaintiff goes on to recite factual allegations that he contends show more than just litigation conduct. The Court considered those facts previously under the correct legal standard, so reconsideration is not warranted on this basis. See Clark v. LC Halsten LLC, No. 23-12499, 2026 WL 1004818, at *4 (11th Cir. Apr. 14, 2026) (noting that the fact that someone "is not happy to be on the losing side of a lawsuit does not mean the judge and opposing parties conspired" against them).

***2. Immunity***

Plaintiff next contends that, in considering the immunity of certain defendants, the Court's analysis was "improperly categorical." [Doc. 77, p. 9]. Essentially, he says that the Court did not focus on the functions these defendants performed and instead concluded that these defendants were immune because of their formal role or title.

Again, this is not the case. As Plaintiff puts it, the Court "treated all alleged conduct by Daswani and Oppenheimer as immune because they interviewed Plaintiff and communicated with one another, the court, and other participants." Id. Plaintiff seems to imply that this finding was not based on the functions these Defendants performed, but that is incorrect. The list of functions—interviews and

communications—was the Court's summary of the activities alleged in the Amended Complaint, and the Court found those activities fell within the scope of immunity.

Plaintiff's motion dedicates several pages to rehashing those factual allegations. Again, though, the Court already determined that the activities these defendants allegedly engaged in were within the scope of the duties of court-appointed experts and guardians ad litem. Those functions are what entitle them to immunity, not their title or status. Defendant disagrees with these conclusions, but there was no manifest legal error in the legal standard this Court applied. Thus, reconsideration is improper on this ground.

***3. Futility***

The Court determined that leave to amend would be futile and therefore granted the motions to dismiss without giving Plaintiff another opportunity to amend. Plaintiff contends the futility determination was manifestly erroneous. He says that the deficiencies highlighted in this Court's dismissal order were not apparent before the order issued, so he should have gotten a further opportunity to amend.

This ignores, however, the Court's reasoning in denying leave to amend. This Court found that Plaintiff amended his complaint as of right after motions to

dismiss were filed and that those motions raised the same issues presented in the Amended Complaint. [Doc. 73, pp. 19–21]. Plaintiff still failed to state a claim in the Amended Complaint, and there was no indication further opportunity to amend would correct the deficiencies. Dismissal without leave to amend is appropriate in such circumstances.

Moreover, in his motion, Plaintiff proffers what he would include in a new amended complaint to attempt to cure these deficiencies. But this proffer points to the same factual episodes he has already discussed in his first two complaints. [Doc. 77, pp. 30–37]. It is abundantly clear that Plaintiff disagrees with the Court's determination that these facts are insufficient to state the claims he brought. But Plaintiff simply has not shown that this Court applied an incorrect standard in considering whether to grant leave to amend. Accordingly, there was no error in this Court's decision to deny further leave to amend—and Plaintiff has not shown that leave to amend is warranted now, as he has not satisfied Rule 59(e) with respect to the issues that an amended complaint would address.

#### *4. Dismissal with Prejudice*

Finally, Plaintiff notes that portions of Counts VII and VIII were dismissed without prejudice under the Rooker-Feldman doctrine, yet the final judgment says the entire action was dismissed with prejudice. This is an error, so the Court will

grant the Motion to Amend Judgment in part to accurately reflect that dismissal was partly without prejudice.

## II. Motion for Attorney's Fees

### A. Legal Standard

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001) (per curiam) (citation modified); see also Noe v. Interstate Brands Corp., 188 F.R.D. 513, 515 (S.D. Ind. 1999) ("Rule 11's primary objective is to give a litigant pause to stop, think, and investigate more carefully before filing papers, thereby streamlining the administration and procedure of the federal courts." (citation modified)). "An attorney or a party may be sanctioned under Rule 11 for filing a pleading that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or, (3) is filed for an improper purpose." Thomas v. Evans, 880 F.2d 1235, 1239 (11th Cir. 1989).

When confronted with a Rule 11 motion for sanctions, the district court must "first determine[ ] whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous[.]" Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). The Court notes in

this regard that "*pro se* litigants are subject to sanctions under Rule 11, but the Eleventh Circuit has directed district courts to be *very cautious* before imposing them." Chevaldina v. Katz, No. 17-22225-Civ, 2017 WL 4579991, at *2 (S.D. Fla. Oct. 13, 2017) (citation omitted).

The Court may also impose fines or other sanctions pursuant to its "inherent power to control the proceedings before it." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545 (11th Cir. 1993). A court may sanction under its inherent powers when a party or attorney "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978). However, because a court's inherent powers are so potent, they must be exercised with "restraint and discretion." Malautea, 987 F.2d at 1546.

**B. Analysis**

Defendant Oppenheimer contends that she is entitled to an award for her attorney's fees in this action. She says that the case against her had no reasonable factual basis, had no reasonable legal basis and was brought for an improper

purpose. Plaintiff opposes the motion.[4] The Court considers each argument below.

***1. Factual or Legal Basis***

The Court agrees that there was no factual or legal basis for the claims. Plaintiff essentially alleged that Defendant Oppenheimer was part of a conspiracy to violate his rights because the opinions she offered in the state court case, and her methods in reaching them, were not to Plaintiff's liking. In opposition to sanctions, Plaintiff protests that his "concern was not simply that Defendant reached an answer he disliked." [Doc. 76, p. 13]. The next sentence of his brief, however, shows that this was precisely his concern. He says that Defendant Oppenheimer delivered "severe oral opinions" reached "without reviewable written analysis" in the face of "significant contrary evidence." Id. Plaintiff dedicates several pages of his response to arguing about the accuracy of Defendant Oppenheimer's opinions. Id. at 7–12. These arguments may have been proper for cross-examination or other testing in the state court proceeding. But they do not provide factual basis to say that Defendant Oppenheimer harbored bias or

[4] Plaintiff also filed a Motion for Leave to Supplement his response in opposition to Defendant Oppenheimer's motion for attorney's fees. [Doc. 87]. The Court hereby **GRANTS** the motion and has considered all the arguments in Plaintiff's supplemental brief, [Doc. 87-1], in considering the motion for attorney's fees.

otherwise acted improperly. Additionally, precedent is clear that the functions Defendant Oppenheimer engaged in are entitled to quasi-judicial immunity. There was thus no legal basis for the claims against her either.

While Plaintiff's claims lack objective merit, this alone does not mean sanctions are warranted. Worldwide Primates, 87 F.3d at 1254. Under Rule 11, Defendant Oppenheimer must also show that Plaintiff should have known that his claims against her lacked a reasonable basis. The Court finds that she has not made this showing. A *pro se* litigant in Plaintiff's position may have reasonably believed that Defendant Oppenheimer's actions reflected bias. They may also have believed that immunity did not apply. Quasi-judicial immunity, after all, does have exceptions—exceptions that Plaintiff argued apply here. [Doc. 73, p. 16]. In short, while the facts alleged were weak and failed to establish that Defendant Oppenheimer acted outside the scope of her immunity, the Court finds that this is not enough to show that Plaintiff should have known his suit was baseless.

***2. Improper Purpose***

Defendant Oppenheimer next argues that this action is an attempt to "litigate his grievances from the underlying divorce action in a different forum." [Doc. 75, p. 9]. It is therefore brought for an improper purpose, she says, because such issues can be addressed in a state court appeal. As this Court's dismissal Order

said, however, there is a difference between an improper attempt to appeal a state court judgment to federal court and an action based on alleged harm during a state court action. [Doc. 73, pp. 14–15]. Plaintiff brought an action based on the latter, even if his allegations ultimately failed. Because such an avenue is open to litigants, the Court cannot conclude from this alone that the case was brought for an improper purpose.

Defendant Oppenheimer also argues that Plaintiff has filed excessive motions and that this alone shows the action was filed for an improper purpose. Plaintiff has filed many motions, but most relate to distinct issues such as leave to file electronically, alternative service, recusal, deeming filings timely and supplementing his earlier filings. Plaintiff's proclivity for filing motions likely made this case more difficult to litigate, and some of his motions may have been unnecessary. But in the Court's view, his filings do not go so far as to reflect an improper purpose.

For these same reasons, the Court concludes that there has not been a sufficient showing of bad faith to warrant sanctions under the Court's inherent power.

## CONCLUSION

For the foregoing reasons, the Motion to Amend Judgment [Doc. 77] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted to clarify the scope of dismissal with prejudice. The Clerk is **DIRECTED** to amend the judgment in this case to reflect that the dismissal is without prejudice to the extent Counts VII and VIII of the Amended Complaint were dismissed pursuant to the Rooker-Feldman doctrine. All other claims were dismissed with prejudice. The Motion is denied as to all other relief requested.

The Motion to Correct Filing Date [Doc. 83] is **GRANTED**. The Motion for Extension of Time to File Appeal [Doc. 84] is **DENIED** as moot. The Motion for Leave to File Supplemental Response [Doc. 87] is **GRANTED**. The Motion on Limited Nonparty Privacy Procedures [Doc. 88] is **DENIED** as moot.

Defendant Oppenheimer's Motion for Attorney's Fees [Doc. 75] is hereby **DENIED**.

**SO ORDERED** this 20th day of November, 2026.

**J. P. BOULEE**
United States District Judge